IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Grant Birchmeier and Stephen Parkes, on behalf of themselves and a class of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Caribbean Cruise Line, Inc., Economic Strategy Group, Economic Strategy Group, Inc., Economic Strategy LLC, and Unknown Individual Defendants. <br><br> Defendants. | Case No. 1:12-cv-04069 <br><br> Judge George W. Lindberg <br> Magistrate Judge Arlander Keys |

## **FIRST AMENDED COMPLAINT**

NOW COME Plaintiffs, Grant Birchmeier ("Birchmeier") and Stephen Parkes ("Parkes," and together with Birchmeier, "Plaintiffs"), on behalf of themselves and a class of others similarly situated, and for their First Amended Complaint against Defendants Caribbean Cruise Line, Inc. ("Caribbean Cruise Line"), Economic Strategy Group, Economic Strategy Group, Inc., Economic Strategy LLC (together with Economic Strategy Group and Economic Strategy Group, Inc., the "Economic Strategy Group Companies"), and Unknown Individual Defendants (collectively, "Defendants"), state as follows:

### **Introduction**

1. Defendants have illegally contacted thousands of Class members on their cellular telephones to offer them a "free" cruise package from Caribbean Cruise Line in exchange for taking a supposed political survey purportedly conducted by Political Opinions of America ("POA"). This is a scam, which, as the Washington Attorney General's Office has described, involves "the patent illegality of commercial robo-calling and misrepresentations that it's a

political poll." Not only is the "free" cruise not free, the survey is simply a marketing tool with no legitimate political basis.

2. Nor is POA a legitimate survey organization. POA's website provides no contact information, and although POA purportedly "works with many of [*sic*] Non Profit and Political research organizations in conduction surveys and opinion polls on the nations [*sic*] top issues," its website identifies no such clients, surveys, or opinion polls. Upon information and belief, POA is a unit of Caribbean Cruise Line and/or the Economic Strategy Group Companies, and the Economic Strategy Group Companies do not appear to conduct any business other than conducting sham political surveys.

3. Rather, POA and the Economic Strategy Group Companies are a front, used to market time share condominiums for Caribbean Cruise Line. To that end, they have launched a massive "robo-dialing" campaign, indiscriminately calling potential customers while misrepresenting themselves as conducting a political survey. Robo-dialing campaigns are regulated by federal law because of the potential for such campaigns to harass literally millions of telephone subscribers per month.

4. As challenged in this suit, each time Defendants called a Class member's cellular telephone to perpetuate this scam they knowingly violated the Telephone Consumer Protection Act's ("TCPA") prohibitions against calling cellular telephone numbers using automatic dialing technology and/or with an artificial or prerecorded voice without the prior express consent of the Class member. *See* 47 U.S.C. § 227, *et seq*.

5. Plaintiffs seek to recover statutorily set damages as well as treble damages from Defendants for their repeated violations of the TCPA

**Jurisdiction and Venue**

6. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, as this case involves claims under the TCPA, and at least one Class member is a citizen of a different state than at least one of the Defendants, and the amount in controversy exceeds $5,000,000. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the conduct giving rise to the claims occurred here.

**Parties and Other Entities**

7. Named Plaintiff Birchmeier is a citizen of Illinois, residing in suburban Cook County, Illinois, with a cellular telephone number that has a suburban Chicago area code. Birchmeier personally experienced the misconduct alleged herein, when he received an unsolicited telephone call from Defendants on his cellular telephone.

8. Named Plaintiff Parkes is a citizen of Illinois, residing in Chicago, Illinois, with a cellular telephone number that has a Chicago area code. Parkes personally experienced the misconduct alleged herein, when he received multiple unsolicited telephone calls from Defendants on his cellular telephone.

9. Defendant Caribbean Cruise Line, Inc. is a Florida corporation with its principal place of business in Fort Lauderdale, Florida. Upon information and belief, Caribbean Cruise Line does not operate its own cruise ships, but instead places travelers on the MV Bahamas Celebration, which is operated by Celebration Cruise Line. According to their most recent Annual Reports, Caribbean Cruise Line and Celebration Cruise Line are headquartered in the same office building in Fort Lauderdale, Florida. In addition, Caribbean Cruise Line and Celebration Cruise Line are run by the same principals. Moreover, Caribbean Cruise Line's principal place of business is listed as the mailing address for National Travel Service, Inc. on that company's latest annual report filed with the Florida Secretary of State. In 2000, National

3

Travel Service, Inc. entered into a settlement agreement with Attorney Generals' from 16 states and the District of Columbia for running a scam involving "free" vacation packages.

10. Defendant Economic Strategy Group is a political action committee registered with the Federal Election Commission ("FEC"), with a Delaware address and a Delaware registered agent. According to documents it has filed with the FEC, Economic Strategy Group has neither raised nor disbursed any money since its founding in November 2011.

11. Defendant Economic Strategy Group, Inc. is a Delaware corporation that was formed in September 2011.

12. Defendant Economic Strategy LLC is a Florida limited liability company that was formed in September 2011. The manager and registered agent of Economic Strategy LLC is Jacob DeJongh, who also serves as the treasurer of Economic Strategy Group, the political action committee.

13. The Unknown Individual Defendants are the individuals responsible for designing and implementing Defendants' TCPA violations.

14. Upon information and belief, non-party Political Opinions of America ("POA") is a unit of the Economic Strategies Group Companies and/or Caribbean Cruise Line, and is nothing more than a front for Caribbean Cruise Line to sell "free" cruise packages to unsuspecting consumers. POA is one of a number of fake survey groups set up to sell Caribbean Cruise Line vacation packages. According to publicly available sources, others include "EFA Survey Group," "ERG Research Group," the "Independent Survey Group," and "United Public Opinion Group."

15. Non-party The Berkley Group, Inc. is a Florida corporation with its principal place of business in Fort Lauderdale, Florida.

16. Upon information and belief, non-party Vacation Village is a trademark of The Berkley Group, Inc.

**Facts Relating to Named Plaintiffs**

17. On May 7, 2012, Birchmeier received a telephone call from POA on his cellular telephone using automatic dialing technology and/or using an artificial or prerecorded voice. Upon answering the call, Birchmeier was greeted by a recorded message informing him that he would receive a free cruise if he took a political survey. Birchmeier declined to take the survey. Birchmeier had not consented to receive such a call.

18. In 2012, Parkes has received at least nine calls from POA on his cellular telephone using automatic dialing technology and/or using an artificial or prerecorded voice. Parkes has not consented to receiving such calls. In fact, Parkes has repeatedly tried to remove himself from POA's call list by following recorded prompts that purport to remove telephone numbers from POA's call list, but Defendants have simply ignored those requests and continued making unwanted calls.

19. The above-described calls violated the TCPA's restriction on using any automatic telephone dialing system and/or an artificial or prerecorded voice to call cellular telephones. Further, Defendants acted "knowingly" within the meaning of the TCPA by knowingly calling a cellular telephone using any automatic telephone dialing system and/or an artificial or prerecorded voice to call, without the prior express consent of the individual being called. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiffs are entitled to the greater of the amount of their actual damages or $500 per call together, trebled.

**Relationship Between Defendants And Related Entities**

20. Upon information and belief, POA is an operating unit of the Economic Strategies Group and/or Caribbean Cruise Line and/or an organization that Caribbean Cruise Line has

directed to make calls to Class members, as evidenced by the fact that individuals are transferred to Caribbean Cruise Line representatives immediately after taking the POA survey.

21. According to its website, Caribbean Cruise Line offers consumers a "free round-trip Caribbean Cruise Line cruise with meals and entertainment included to and from Grand Bahama Island, with no purchase necessary."

22. In exchange for the purportedly free cruise, passengers are required to attend "a presentation on the sale of independent vacation ownership resorts such as Vacation Village at Bonaventure and Vacation Village at Parkway." As alleged above, Vacation Village is a trademark of the Berkley Group.

23. Because the calls purportedly from POA are made on behalf of and/or at the direction of Caribbean Cruise Line, the Economic Strategy Group Companies, and the Unknown Individual Defendants who masterminded the scam, each of the Defendants are liable for violating the TCPA's prohibition on calling cellular telephones using automatic dialing technology and/or with an artificial or prerecorded voice without prior express consent. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Request of ACA International for Clarification and Declaratory Ruling*, FCC 07-232, 23 F.C.C.R. 559, 565, CG Docket No. 02-278 (Dec. 28, 2007).

## Class Allegations

24. Plaintiffs seek to represent themselves and a Class of others similarly situated. The Class consists of:

> All persons who have received a telephone call deployed by Defendants, purportedly on behalf of POA, to his/her cellular telephone number using an automatic telephone dialing system and/or using an artificial or prerecorded voice since May 24, 2008.

6

25. The individuals in the Class are so numerous that joinder of all members is impractical. Plaintiffs estimate that the Class numbers in at least the thousands because, *inter alia*,

   a. Upon information and belief, Caribbean Cruise Line is responsible for booking approximately 30% of all passengers who travel on Celebration Cruise Line's 1,500 passenger cruise ship, which sails every two days (meaning that Celebration Cruise Line can carry 3,000 or more passengers each week, and that Caribbean Cruise Line is booking up to 1,000 of those passengers). To book such a high number of passengers through its telemarketing efforts, Caribbean Cruise Line must contact a significantly higher number of potential passengers each week. Thus, Caribbean Cruise Line is undoubtedly contacting many thousands of Class members each week.
   b. More than 285 million Americans, making up approximately 91% of the population, are mobile telephone subscribers, according to wireless industry surveys.
   c. The nature of automatic telephone dialing systems and artificial or prerecorded voice messaging equipment is that they are used to contact large numbers of people over short periods of time.

26. There are questions of law and fact common to the claims of the Class. Among these common questions are:

   a. Whether the Defendants have a policy or practice of using automatic telephone dialing systems and/or artificial or prerecorded voice messaging equipment to call cellular telephone numbers;
   b. Whether the Defendants have proper procedures in place to prevent the use of automatic telephone dialing systems and/or artificial or prerecorded voice messaging equipment to call cellular telephone numbers;
   c. Whether Defendants thereby violate the TCPA;
   d. Whether the Defendants acted willfully or knowingly in violating the TCPA.

27. The Named Plaintiffs' claims are typical of the claims of the Class.

7

28. The Named Plaintiffs will fairly and adequately represent the interests of the Class. The Named Plaintiffs have retained skilled counsel with experience in federal and class action litigation to represent the Class.

29. The questions of law and fact common to the Class predominate over any individual issues.

**COUNT I – Federal Telephone Consumer Protection Act - Against All Defendants**

30. Plaintiffs incorporate each and every paragraph of this complaint as if fully set forth herein.

31. By all of the above, the Defendants engaged in willful and knowing violations of the TCPA's restriction on using any automatic telephone dialing system or an artificial or prerecorded voice to call cellular telephones.

32. Plaintiffs and the members of the Class were damaged as a direct and proximate result.

33. Pursuant to 47 U.S.C. § 227(b)(3), they are entitled to the greater of the amount of their actual damages or $500 per call, trebled, together with the costs and fees herein.

WHEREFORE, Plaintiffs Birchmeier and Parkes demand judgment against Defendants, awarding the greater of the amount of their actual damages or $500 per call, trebled, together with the costs and fees herein. Plaintiffs further demand that the Court certify the Class and establish a common fund of the trebled actual or statutorily prescribed damages recovered for the Class, enjoin the continued violations and allow any and all other and/or further relief to which the Class may appear entitled.

**Jury Demand**

Plaintiffs demand trial by jury on all issues so triable.

Dated: July 2, 2012                                       RESPECTFULLY SUBMITTED,

/s/Scott R. Rauscher

Arthur Loevy (ARDC Number 1682479)
Michael Kanovitz (ARDC Number 6275233)
Jon Loevy (ARDC Number 6218254)
Scott R. Rauscher (ARDC Number 6287162)
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 fax

*Attorneys for Plaintiff and the Class*