UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GRANT BIRCHMEIER and STEPHEN PARKES, on behalf of themselves and a Class of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:12-cv-04069 |
| v. | ) ) | Judge George W. Lindberg |
| CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, INC. ECONOMIC STRATEGY GROUP LLC, and UNKNOWN INDIVIDUAL DEFENDANTS, | ) ) ) ) ) ) | Magistrate Judge Arlander Keys |
| Defendants. | ) ) | |

**DEFENDANT CARIBBEAN CRUISE LINE, INC.'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant Caribbean Cruise Line, Inc. ("CCL"), by and through its counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully moves to dismiss Plaintiffs' First Amended Complaint (Dkt. No. 24). In support of its Motion to Dismiss, CCL states as follows:

**INTRODUCTION AND BACKGROUND**

Because Plaintiffs have engaged in improper pleading practice and fail to state a claim upon which relief may be granted, Plaintiffs' First Amended Complaint must be dismissed.

On July 2, 2012, Plaintiffs commenced the instant action against several Defendants, including CCL. Plaintiffs' First Amended Complaint seeks to certify a class and consists of one count for purported violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et*

*seq.* (the "TCPA"). This count is asserted against *all* Defendants together and consists of the following three allegations:

> 31.     By all of the above, the Defendants engaged in willful and knowing violations of the TCPA's restriction on using any automatic telephone dialing system or an artificial or prerecorded voice to call cellular telephones.

> 32.     Plaintiffs and the members of the Class were damaged as a direct and proximate result.

> 33.     Pursuant to 47 U.S.C. 227(b)(3), they are entitled to the greater of the amount of their actual damages or $500 per call, trebled, together with the costs and fees herein.[1]

The prior paragraphs of the First Amended Complaint consist of similar boiler-plate, conclusory allegations against *all* Defendants. According to the First Amended Complaint, Plaintiffs allege: that a nonparty, Political Opinions of America ("POA"), made the call(s) upon which Plaintiffs' claims are based;[2] that **POA made the calls** "using an automatic dialing technology and/or using an artificial or prerecorded voice;"[3] that the "Defendants acted 'knowingly' within the meaning of the TCPA by knowingly calling a cellular telephone using any automatic telephone dialing system and/or an artificial or prerecorded voice to call, without the prior consent of the individual being called;"[4] that POA, "upon information and belief" is an operating unit of the Economic Strategies Group and/or [CCL] and/or an organization that [CCL] has directed to make calls to Class members, as evidenced by the fact that individuals are

---

[1] FAC at ¶¶ 31 – 33 (Dkt. No. 24).
[2] FAC at ¶¶ 17 ("On May 7, 2012, Birchmeier received a telephone call *from* POA . . ."), 18 ("In 2012, Parkes has received at least nine calls *from* POA . . .") (emphasis added).
[3] *Id.*
[4] FAC at ¶ 19.

transferred to [CCL] representatives immediately after taking the POA survey;"[5] and that "the calls purportedly from POA are made on behalf of and/or at the direction of [CCL] . . .".[6]

The foregoing is the supposed "factual basis" for the one count asserted by Plaintiffs against all Defendants and for the maintenance of this matter as a class action. However, because the First Amended Complaint impermissibly lumps all Defendants together, fails to contain any specific *factual* allegations as to CCL, fails to allege that CCL made the alleged calls, fails to separate causes of action as against each Defendant, fails to set forth any facts which would support the maintenance of this matter as a class action, and fails to set forth any facts which would support a cause of action against CCL for a purported violation of the TCPA, the First Amended Complaint must be dismissed.

## ARGUMENT

A motion under Rule 12(b)(6) challenges the legal sufficiency of a complaint.[7] When examining the merits of a Rule 12(b)(6) motion, the complaint's factual allegations are accepted as true and construed most favorably to the plaintiff.[8] While "well-pleaded" factual allegations are required to be accepted as true, the court does not have any obligation to accept as true legal conclusions or unwarranted factual inferences.[9] Federal Rule of Civil Procedure 8(a) sets for the basic federal pleading standard, requiring a "short and plain statement of the claim" that sufficiently notifies *each* defendant of both the claim and its supporting grounds.[10] However,

---

[5] As Plaintiffs concede, POA is a political group that conducts political opinion surveys. Such organizations are exempt from the TCPA. *See* 47 C.F.R. § 64.1200(a)(3)(ii).

[6] FAC at ¶ 23.

[7] *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811 (7th Cir. 2009).

[8] *Brown v. Michigan Dep't of Corrections*, Civil Case No. 06-14468, 2007 WL 295235 at *1 (E.D. Mich. Jan. 29, 2007).

[9] *Id.* at * 1; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009).

[10] Fed. R. Civ. P. 8(a); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

"Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."[11] Consequently, a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[12] "Factual allegations must be enough to raise [the plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true."[13] In short, an actionable complaint must include "enough facts to state a claim to relief that is plausible on its face."[14]

## I. THE FIRST AMENDED COMPLAINT IMPROPERLY "LUMPS" ALL DEFENDANTS TOGETHER.

When a complaint involves multiple parties and multiple claims, each claim should make it clear which defendant or defendants are alleged to have committed which wrong(s). "If it is 'impossible to tell from the face of the complaint which defendants were accused of which violations, what specific acts constituted violations, or when alleged violations occurred,' such a complaint fails to state a claim upon which relief can be granted."[15] Courts have consistently found that "lumping" defendants together fails to satisfy Rule 8(a) because, in large part, a complaint employing such a technique fails entirely to assert individualized allegations as to each separate defendant.[16] According to the court in *Citco Group*, "[t]his lumping technique 'creates confusion and make [sic] the analysis [of the complaint] unnecessarily burdensome,'

---

[11] *Twombly,* 127 S.Ct. at 1965 n. 3.

[12] *Twombly,* 127 S.Ct. at 1964-65 (citation omitted); *see also Howley v. U.S. Patent and Trademark Office*, No. 08-13976-BC, 2008 WL 4852684 at *1 (E.D. Mich. Nov. 7, 2008).

[13] *Twombly,* 127 S.Ct. at 1965 (citations omitted).

[14] *Twombly,* 127 S.Ct. at 1974; *Iqbal*, 129 S. Ct. at 1949.

[15] *Howley*, 2008 WL 4852684 at * 2; *Wilstein v. San Tropai Condo. Master Ass'n*, 1999 WL 51805 (N.D. Ill. Jan. 30, 1999).

[16] *See, e.g., Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*, No. 05-60080, 2011 WL 1233126 (S.D. Fla. Mar. 30, 2011).

resulting in . . . making accusations that are 'just not accurate.'"[17] In *Howley*, the plaintiff's complaint was dismissed for the very same reasons as those asserted herein, *i.e.,* that the First Amended Complaint "never alleges that any specific wrong was committed by any distinct defendant. Instead, the complaint only refers to 'defendant(s)' collectively."[18] For this reason alone, dismissal is warranted.

In addition to improperly "lumping" all Defendants together, Plaintiffs have also attempted to "lump" multiple causes of action into one (1) generic "claim." This too is an improper pleading practice warranting dismissal of the First Amended Complaint.[19] Pursuant to Rule 10(b), separate statements of claims may be required where there are several defendants in a single complaint.[20] Here, there are several defendants, a single complaint and a single "count." Additionally, the TCPA contains multiple sections which, if violated, may warrant appropriate relief. However, each statutory section requires different allegations in order to properly plead a violation. Similarly, depending upon the conduct alleged and the applicable statutory section invoked, different types of damages may be recoverable. Here, Plaintiffs allege nothing more than what is contained in Paragraphs 31 – 33 set forth above into one "count" against four corporate Defendants and "Unknown Individual Defendants". As such, the First Amended Complaint must be dismissed.

---

[17] *Id.* at *2 (*quoting Court Appointed Receiver of Lancer Offshore, Inc. v. The Citco Group Ltd.*, No. 05-60080, 2008 WL 926512 (S.D. Fla. Mar. 31, 2008).

[18] *Id.* Furthermore, lumping the Defendants together as a supposed "joint enterprise" based upon "information and belief" is wholly improper and insufficient to establish anything. *See Swift v. First USA Bank,* No. 98 C 8238, 1999 WL 965449 at *4 (N.D. Ill. Sep. 30, 1999) ("pleading 'upon information and belief' is patently improper and insufficient under the requirements of federal law").

[19] *See* Fed. R. Civ. P. 10(b) (requiring "separate statements" and a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to single set of circumstances . . . [and] each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.").

[20] *See Herrera v. Rector*, No. 03-cv-6377, 2004 WL 2047562 at *2 (N.D. Ill. Sep. 13, 2004) (citing *Plummer v. Chicago Journeyman Plumbers' Local Union*, 452 F. Supp. 1127, 1144 (N.D. Ill. 1978).

## II.  POLITICAL SURVEYS ARE EXEMPT FROM THE TCPA.

Section 227 allows the FCC to exempt calls that are not made for a commercial purpose, among other things, and the FCC has specifically acted to exempt such calls, including political polls such as those alleged by Plaintiffs in the First Amended Complaint, from the requirements of the TCPA.[21]  According to the FCC, the exemption for the non-commercial calls includes calls conducting research, market surveys, political polling or similar activities which do not involve solicitation.[22]  Here, Plaintiffs allege that POA was attempting to conduct a "political survey",[23] and thus, such a call would not be for a "commercial purpose" and would be exempt from the TCPA.

## III.  THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

In addition to Plaintiffs' failure to plead facts identifying any specific wrongdoing as to CCL, Plaintiffs' failure to separate the claims and the multiple defendants named in this action, and the fact that the alleged calls are exempt, Plaintiffs also fail to plead a proper cause of action for purported violations of the TCPA.

Plaintiffs base their claim for a purported violation of the TCPA against CCL upon their conclusory assertions that "upon information and belief", POA is *either* "an operating unit of the Economic Strategies Group" **and/or** "an organization that [CCL] has directed to make calls . . ." **and/or** that POA made the calls "on behalf of" CCL, **and/or** that POA made the calls "at the direction of" CCL.[24]  Plaintiffs concede, however, that ***POA made the calls*** of which Plaintiffs

---

[21] 47 C.F.R. § 64.1200(a)(3)(ii).
[22] *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 F.C.C.R. at 8774.
[23] FAC at ¶ 1.
[24] FAC at ¶¶ 20, 23.

complain.[25]  In addition to not having any factual basis for the existence of any relationship between POA, Economic Strategies Group and/or CCL, Plaintiffs similarly fail to plead any facts to demonstrate that an "automatic dialing technology and/or an artificial or prerecorded voice" was used by CCL in connection with the calls Plaintiffs' received.  Putting aside the glaring pleading deficiencies, Plaintiffs' First Amended Complaint also demonstrates that the purported calls made by POA are exempt from the TCPA because they are political surveys and thus, not made for a commercial purpose.[26]

Legal conclusions will not suffice to state a plausible claim for relief, yet here, that is all Plaintiffs provide.[27]  Such legal conclusions are particularly insufficient in actions such as these where Plaintiffs accuse *all* Defendants, including CCL, of "willful" and "knowing" violations of law, as well as participating in some sort of joint enterprise.  Plaintiffs must provide *facts*, which they have blatantly failed to do and cannot do, as no such facts exist with respect to CCL.  In order to satisfy its pleading requirements and state a cause of action against CCL for purported violations of the TCPA, Plaintiffs must establish that: (1) CCL made the call(s); (2) Plaintiffs were charged for the call; and (3) the call was made using any automatic telephone dialing system or an artificial or prerecorded voice.[28]  As Plaintiffs concede in their First Amended Complaint, POA made the calls upon which Plaintiffs' claims are based, not CCL.[29]  Those calls were to conduct a political survey.[30]  In addition, the First Amended Complaint does not allege

---

[25] FAC at ¶¶ 17, 18.

[26] *See* 47 U.S.C. § 227(b)(1)(B); 47 U.S.C. § 64.1200(a)(3)(ii).

[27] *Iqbal*, 129 S. Ct. at 1949-40; *Abbas v. Selling Source, LLC*, 2009 WL 4884471 (N.D. Ill.) ("Legal conclusions, however, are not entitled to any assumption of truth.").

[28] *Knutson v. Reply!, Inc.*, 2011 WL 291076 (S.D. Cal.); *Thrasher-Lyon v. Illinois Farmers Ins. Co.*, 2012 WL 983774 (N.D. Ill. Mar. 20, 2012).  Plaintiffs must also establish that the calls were made without their consent, but the FCC has clarified that consent is to be raised as an affirmative defense and is not considered to be an element that must be pled . *Knutson*, 2011 WL 291076 at *1.

[29] FAC at ¶¶ 17, 18.

[30] FAC at ¶ 1.

that CCL operated or had any control over the supposed automated dialing equipment.  To avoid this element of their cause of action, Plaintiffs conclusorily allege that "upon information and belief," POA is either "an operating unit of the Economic Strategies Group," **and/or** "an organization that [CCL] has directed to make calls," **and/or** that POA made the calls "on behalf of" CCL, **and/or** that POA made the calls "at the direction of" CCL.[31]  Clearly, Plaintiffs have no knowledge as to the relationship, if any, between CCL and/or POA and/or ESG.  Plaintiffs' pleading various alternatives as to what that relationship entails "upon information and belief" is wholly insufficient.[32]

Moreover, the First Amended Complaint contains several contradictions and demonstrates the confusion created by pleading in the manner in which Plaintiffs have chosen.  For example, Plaintiffs allege that "*Defendants* have illegally contacted class members," but do not state which Defendants made the calls.  Rather, Plaintiffs assert variously that it *POA* made the calls; or that the calls are being made "on behalf of POA;" or that the calls are being made "on behalf of" CCL; or that the calls are being made "on behalf of Economic Strategy Group Companies;" or that the calls are being made "on behalf of the Unknown Individual Defendants."  This begs the question, who made the calls and, if the calls were made on behalf of another party, which party and what facts exist to support any such conclusion?

While some case law exists to support the contention that a party *may* be liable under the TCPA even though that party does not "make" the call, Subsection 227(b)(1)(A) only makes it

___

[31] FAC at ¶¶ 20, 23.

[32] *See Swift v. First USA Bank,* No. 98 C 8238, 1999 WL 965449 at *4 (N.D. Ill. Sep. 30, 1999) ("pleading 'upon information and belief' is patently improper and insufficient under the requirements of federal law").  While some Illinois courts have held that allegations based "upon information and belief" may sometimes be acceptable, they are not acceptable here, where the First Amended Complaint contains insufficient factual detail to otherwise support these conclusory and factually baseless allegations.  *See also Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918 (7th Cir. 1992) (finding allegations insufficient not only under Rule 9b, but "even under a more relaxed standard.").

unlawful to "make" or "initiate" a call and says nothing about calls being made on another person or entity's behalf.[33]  Indeed, with respect to cell phones, Congress made it clear that only the person who "initiates" the prohibited call is liable for a violation of the statute.[34]  Conversely, Subsection 227(c) contains language which allows the imposition of "on behalf of" liability for solicitations to individuals on the "Do Not Call" list.  There is even a distinction with respect to the available remedies under these separate statutory subsections which reveal Congress' intent to not allow "on behalf of" liability for violations of Subsection 227(b).[35]

Even assuming "on behalf of" liability is available under Subsection 227(b), sufficient allegations of "direction" and "control" must be provided.  For example, Plaintiffs here must have pleaded facts to establish that CCL had the right to control POA's calls, that CCL had the right to control the content of the communications made by POA, that CCL directed POA to make the calls, that CCL had any operational control over the purported automated dialing equipment, that CCL in any way approved POA's calls, the content of the communications during those calls or the use of any automated dialing equipment, or that CCL had any input or control over who POA contacted.[36]  Plaintiffs have not done so.  Simply stating "upon information and belief" that the calls were made by one party "on behalf of" another party does

---

[33] 47 U.S.C. § 227(b)(1)(A).  Compare this Subsection to Subsection 227(c)(5) (allowing an "on behalf of" liability claim for solicitations to those on the national Do Not Call list).  Subsection 227(c) does not appear to be at issue in this case.  Substantial difficulty is presented here, where Plaintiffs fail to allege the particular statutory section upon which their claims are based.

[34] 47 U.S.C. § 227(b)(1)(A)(iii); *see also Ashland Hosp. Corp. v. International Brotherhood of Electrical Workers Local 575*, 807 F. Supp. 2d 633 (E.D. Ky. 2011) (dismissing a complaint brought against an entity that did not make the alleged violative calls).

[35] *Compare* 47 U.S.C. § 227(b)(3)(B) ("$500 in damages for each violation") with 47 U.S.C. § 227(c)(5)(B) (stating that an action may brought against the entity making a call "on behalf of" another entity for "up to $500 in damages for each such violation"); *see also* 47 U.S.C. § 64.1200 – where only Subsection (a)(2) imposes potential liability for the person or entity that may "cause [the telephone call] to be initiated."  Due to Plaintiffs' deficient pleading, it is unknown what purported violations Plaintiffs seek to pursue by way of this action.

[36] *Charvart v. Echostar Satellite, LLC*, 676 F. Supp. 2d 668 (S.D. Ohio 2009); *Charvart v. Farmers Insurance Columbus*, 178 Ohio App. 3d 118, 897 N.E.2d 167 (2008); *Lary v. VSB Financial Consulting, Inc.*, 910 So. 2d 1280 (Ala. Civ. App. 2005).

not suffice.  At bottom, CCL did not make or otherwise initiate any of the calls described in the First Amended Complaint and the First Amended Complaint fails to plead any facts which demonstrate otherwise.

In addition to the fact that CCL did not "make" or "initiate" the calls at issue, and the fact that Plaintiffs' First Amended Complaint is devoid of allegations sufficient to plead that CCL somehow directed or controlled the calls made by POA, Plaintiffs' First Amended Complaint similarly fails to plead any facts that POA used "automatic dialing technology and/or an artificial or prerecorded voice".  Section 227(a)(1) states:

(a)  Definitions

As used in this section –

(1) The term "automatic telephone dialing system" means equipment which has the capacity—
   (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
   (B) to dial such numbers.[37]

"As an isolated assertion, it is conclusory to allege that messages were sent 'using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.'  Such a naked assertion need not be taken as true."[38]  While the court in *Knutson* acknowledged that "it may be difficult for a plaintiff to know the type of calling system used without the benefit of discovery," it nonetheless held that the plaintiffs' conclusory allegations required dismissal.  Conversely, in *Kramer*, the complaint contained factual allegations about the call itself to otherwise infer the

---

[37] 47 U.S.C. § 227(a)(1).
[38] *Knutson*, 2011 WL 291076 at *2, quoting *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1171 (N.D. Cal. 2010).

use of an automatic system.[39] In this case, however, Plaintiffs' First Amended Complaint

provides no detail about the calls made by POA to allow this Court to infer that the calls fall

within the definition of an "automatic telephone dialing system."[40]

## IV. Plaintiffs' Claim for a Class Action is Not Plausible and Must Be Dismissed.

Despite their inability to state a plausible claim for relief under any asserted theory,

Plaintiffs seek to represent a putative nationwide class consisting of:

> All persons who have received a telephone call deployed by Defendants,
> purportedly on behalf of POA, to his/her cellular telephone number using an
> automatic telephone dialing system and/or using an artificial or prerecorded voice
> since May 24, 2008.[41]

The First Amended Complaint, however, barely contains a "bare recitation" of the

elements of a class action. "Mere repetition of the language of Rule 23(a) is not sufficient" and

"[t]here must be an adequate statement of the basic *fact[s]* to indicate that each requirement of

the Rule is fulfilled."[42] The burden is on the plaintiff, the party seeking to utilize the class action

device, to establish his right to do so.[43] Class action allegations are subject to the same Rule

---

[39] *Kramer*, 759 F. Supp. 2d at 1171.

[40] It is interesting to note the distinction between the descriptions of the calls between the two named Plaintiffs. Birchmeier alleges that he answered the call and was greeted by a recorded voice; whereas Parkes does not allege that he either answered the phone or was otherwise greeted with any voice. (First Am. Compl. 17-18).

[41] FAC at ¶ 24.

[42] *Gloria v. Allstate County Mut. Ins. Co.*, No. SA-99-CA-676-PM, 2000 WL 235854563, at *9 b, 109* (W.D. Tex. Sep. 29, 2000) (citing to *In Re Am. Me. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1976)); *Cook Cnty. College Teachers Union, Local 1600, American Federation of Teachers v. Byrd*, 456 F.2d 882, 885 (7th Cir. 1972) (holding that the class seeking to be certified was "obliged in its complaint to allege facts bringing the action within the appropriate requirements of the Rule."); *Travis v. City of Chicago*, 86 C 1133, 1984 WL 15709 (N.D. Ill. Sept. 16, 1984); *Weathers v. Peters Realty Corp.*, 499 F.2d 1197 (6th Cir. 1974); *Doctor v. Seaboard Coast Line R.R. Co.*, 540 F.2d 599, 706-10 (4th Cir. 1976) (denying class certification because plaintiff provided no facts about the existence of alleged class); *Iqbal*, 129 S. Ct. at 1951.

[43] *Senter v. General Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976).

12(b)(6) standards.[44] Thus, as a preliminary matter, Plaintiffs must plead ultimate facts to satisfy all four of the prerequisites contained in Rule 23(a), as well as one of the subcategories of Rule 23(b).[45] The First Amended Complaint contains *no facts* to support the conclusory class allegations. For example, the First Amended Complaint conclusorily states that "joinder of all members is impractical," that the "Named Plaintiffs' claims are typical of the claims of the Class" and that "questions of law and fact common to the Class predominate over any individual issues."[46] These conclusions are not supported by fact(s) and thus, dismissal is required.

In addition, the proposed class is far too broad and would require an inordinate number of individualized determinations to ascertain class membership. Although not properly pled, Plaintiffs seem to allege that Defendants' purported conduct was "knowing" and "willful." Class relief is generally rejected in claims such as these, as the inquiries are highly individualized and specific facts for each putative class member necessarily differs, especially as to matters of proof and reliance. In addition, while Plaintiffs have attempted to "lump" all Defendants together, it will be incumbent upon Plaintiffs to demonstrate that each Defendant acted knowingly and willfully. Adjudicating these claims would necessarily require a mini-hearing for each possible class member and proof by each class member as to the separate conduct of each Defendant.

---

[44] *See Manning v. Boston Med. Center Corp.,* No. 09–11463–RWZ, 2012 WL 1355673 at *3 (D. Mass. April 18, 2012); *In re Iowa Ready Mix Concrete Antitrust Litigation,* 768 F. Supp. 2d 961, 974-76 (N.D. Iowa 2011) (granting motion to dismiss where proposed class action lawsuit contained nothing more than conclusory class action allegations).

[45] Federal Rule of Civil Procedure 23(a) requires the following prerequisites to maintain a class action: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). In addition, an action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and: (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b).

[46] FAC at ¶¶ 25, 27, 29.

Determining class membership, therefore, would devolve into a series of fact-finding hearings that would effectively render the case unmanageable.

Indeed, the Supreme Court recently rejected a class action based on a purported violation of a statute in *Wal-Mart Stores, Inc. v. Dukes.*[47] In *Dukes,* the Supreme Court ruled that the plaintiff must show that class members "have suffered the same injury," not "merely that they have all suffered a violation of the same provision of law."[48] The required inquiries here would rely upon highly individualized and specific facts that would differ for each person. Thus, a mini-hearing for each putative class member would be needed. This effectively renders the case unmanageable.

Plaintiffs further fail to identify common questions of law or fact of the purported class sufficient to meet the commonality element. Indeed, Plaintiffs offer several questions that pertain only to the activity of Defendants (improperly lumping them all together) in relation to the TCPA, but which have nothing to do with the class members' alleged injuries or the specific conduct of each Defendant. The questions would only answer whether the putative class members suffered a violation of the same statute, not that the class members suffered the same injury. Not one of these questions relates in any way to demonstrating that each potential class member has suffered any injury, let alone that each has suffered the *same* injury. The Supreme Court noted in *Dukes* that what matters to class certification is not simply the raising of common questions, "but rather, the capacity to generate *common answers* apt to drive the resolution of the litigation."[49] The answers to Plaintiffs' questions have only to do with the alleged violation of a particular statute, they have nothing to do with the individual class members' commonality.

---

[47] 131 S.Ct. 2541 (2011).
[48] *Id.*
[49] *Id.*

Even still, the TCPA requires an individualized showing with respect to each purported class member as to whether consent was provided. According to *Dukes,* this is impermissible. Moreover, class certification in TCPA cases is difficult to obtain, particularly where "consent" will be an issue, which will certainly be the case here.[50]  In *Gene and Gene*, the Fifth Circuit Court of Appeals held that the "plaintiff must advance a viable theory employing generalized proof to establish liability with respect to the class involved, and it means too that district courts must only certify class actions filed under the TCPA when such a theory has been advanced." Here, however, Plaintiffs have not advanced any theory employing generalized proof to establish liability, let alone a *viable* theory.

Plaintiffs apparently invoke Rule 23(b)(3) as the proposed structure of the class they seek to certify but provide no facts to support that construction.  As explained above, common issues of fact or law do not predominate here, and no class action can plausibly be stated.  Likewise, a class action is simply not the superior (or only) mechanism for resolving the issues involved in this lawsuit.

## CONCLUSION

For the reasons set forth above, the First Amended Complaint must be dismissed because (1) the "political survey" is exempt from the TCPA, (2) the TCPA only imposes liability upon the "maker" or "initiator" of the call, (3) the First Amended Complaint impermissibly lumps all Defendants together, (4) the First Amended Complaint fails to contain any specific *factual* allegations as to CCL, (5) the First Amended Complaint fails to allege that CCL made the alleged calls, (6) the First Amended Complaint fails to separate causes of actions as against each Defendant, (7) the First Amended Complaint fails to set forth any facts which would support the

---

[50] *See, e.g., Forman v. Data Transfer*, 164 F.R.D. 400 (E.D. Pa. 1995); *Gene and Gene, LLC v. Biopay LLC*, 541 F.3d 318 (5th Cir. 2008).

14

maintenance of this matter as a class action, and (8) the First Amended Complaint fails to set forth any facts which would support a cause of action against CCL for a purported violation of the TCPA.

Dated: August 6, 2012            Respectfully submitted,
**CARIBBEAN CRUISE LINE, INC.**

                                   By:   /s/ Timothy A. Hudson     
                                       One of Its Attorneys

Richard W. Epstein
Rebecca Bratter
Jeffrey A. Backman
GREENSPOON MARDER, P.A.
Trade Center South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
(954) 491-1120

-and –

Timothy A. Hudson
TABET DIVITO & ROTHSTEIN LLC
209 South LaSalle Street, Seventh Floor
Chicago, Illinois  60604
(312) 762-9450