IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRANT BIRCHMEIER and STEPHEN PARKES, on behalf of themselves and a class of similarly situated, )<br><br>Plaintiffs, )<br>v. )<br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, et al. )<br><br>Defendants. ) | Case No. 12 cv 04069<br><br>Judge Lindberg<br><br>Magistrate Judge Keys |

**ESG DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendants Economic Strategy Group, Economic Strategy Group, Inc. and Economic Strategy LLC (collectively the "ESG Defendants"), by their attorneys, Anna-Katrina S. Christakis and Scott G. Weber (Grady Pilgrim Christakis Bell LLP, *of counsel*), and Joseph W. Sanscrainte (Law Office of Joseph W. Sanscrainte, *of counsel*), move to dismiss Plaintiffs' First Amended Complaint pursuant to Rule 12(b)(6) or, in the alternative, move for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. In support of this motion, the ESG Defendants state:

**INTRODUCTION**

Plaintiffs' First Amended Complaint is comprised of a single count against multiple defendants for alleged knowing violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. By failing to differentiate among the various defendants and simply combining all of the claims and all of the Defendants into one count, Plaintiffs fail to put the ESG Defendants on fair notice of the specific allegations against them and the basis for those claims. Thus, Plaintiffs' First Amended Complaint should be dismissed under Fed.R.Civ.P. 12(b)(6) or in the alternative repled pursuant to Fed.R.Civ.P. 12(e).

## **PLAINTIFFS' ALLEGATIONS**

Plaintiffs allege that Defendants—i.e., Caribbean Cruise Lines ("CCL"), the three ESG Defendants and Unknown Individual Defendants[1]—illegally contacted putative class members on their cell phones to offer cruise packages in exchange for taking a political survey conducted by non-party Political Opinions of America ("POA")[2]. (Amend. Compl. ¶ 1). Referring to this practice as a "scam," (Amend. Compl. ¶ 1), Plaintiffs further allege that POA and the ESG Defendants are a "front" used to market time share condominiums for CCL, (Amend. Compl. ¶3), and that "to that end, they [presumably the collective multiple Defendants] have launched a massive 'robo-dialing' campaign, indiscriminately calling potential customers while misrepresenting themselves as conducting a political survey." (Amend. Compl. ¶ 3).

Specifically, plaintiff Birchmeier alleges he received a single automated call from POA on his cell phone on May 7, 2012. (Amend. Compl. ¶ 17). He alleges that he declined to take the survey and that he never consented to receive "such a call." (Amend. Compl. ¶ 17). Plaintiff Parkes alleges that he received at least nine automated calls from POA on his cell phone, and that he, too, never consented to receiving "such calls." (Amend. Compl. ¶ 18). Plaintiffs allege that "because the calls purportedly from POA are made on behalf of and/or at the direction of CCL, the ESG Defendants and the Unknown Individual Defendants who masterminded the scam, each of the Defendants are liable for violating the TCPA's prohibition

---

[1] The Unknown Individual Defendants are alleged to be "the individuals responsible for designing and implementing Defendants' TCPA violations." (Amend. Compl. ¶ 13).
[2] POA is alleged to be "an operating unit of defendant Economic Strategy Group and/or CCL and/or an organization that CCL has directed to make call to Class members." (Amend. Compl. ¶ 20)(emphasis added).

on calling cellular telephones using automatic dialing technology and/or with an artificial or pre-recorded voice without prior express consent." (Amend. Compl. ¶ 23)(emphasis added).

Based on these allegations, Plaintiffs purport to represent a class of similarly situated individuals "who received a telephone call deployed by Defendants, purportedly on behalf of POA, to his/her cellular telephone number using an automatic dialing technology and/or with an artificial or pre-recorded voice since May 28, 2008." (Amend. Compl. ¶ 24).

## ARGUMENT

### I. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM.

Federal pleading requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007). The complaint must put *each* defendant on fair notice of what the claim is and the grounds on which it rests. *In re R.H. Donnelly Corp. ERISA Litig.,* 2011 WL 86623 (N.D. Ill., Jan. 10, 2011)(Gettleman, J.).

Here, Plaintiffs allege that the calls were supposedly placed by POA, masterminded by the Unknown Defendants, at the direction of the ESG Defendants, for the benefit of CCL. (Amend. Compl. ¶ 23). Where numerous parties and/or claims are at issue, it is improper to lump all the defendants together into one count in a complaint. To survive a motion to dismiss, the plaintiff must distinguish between the various defendants and allege supporting factual information of some specificity *as to each defendant. Specht v. Google, Inc.,* 660 F.Supp.2d 858, 865 (N.D. Ill. 2009)(Leinenweber, J.). A plaintiff presents merely a speculative, as opposed to plausible, claim when it fails to differentiate between defendants, fails to identify the conflicts at issue, and fails to indicate which specific defendants' actions give rise to the claim. *In re R.H.*

3

*Donnelly Corp. ERISA Litig.,* 2011 WL 86623 at *26 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). For example, Judge Gettleman recently granted a 12(b)(6) motion to dismiss where the complaint merely alleged that "the defendants and each of them engaged in unauthorized and wrongful assumption and control, dominion and ownership over plaintiff's personality." *Suburban Buick v. Gargo,* 2011 WL 1792072 at *5 (N.D. Ill, May 9, 2011). In *Gargo,* Judge Gettleman found that such a general statement, which failed to differentiate among the multiple defendants, did not present a cognizable claim and should be dismissed. *Id* at *6.

Here, Plaintiffs inappropriately lump all the Defendants (as well as some non-parties) together into a single count, and fail to distinguish the individualized conduct among them that would support a TCPA claim. Ultimately, in the absence of any differentiated factual detail, it is impossible to discern from a facial review of the complaint how the ESG Defendants can (or should) be held liable under the TCPA. As such, the complaint fails to state a claim upon which relief can be granted and should be dismissed under Rule 12(b)(6). *Wilstein v. San Tropai Condo. Master Ass'n,* 1999 WL 51805 at *5 (N.D. Ill. Jan 30, 1999)(Kocoras, J.).

## II. IN THE ALTERNATIVE, A MORE DEFINITE STATEMENT IS REQUIRED.

A party may move for a more definite statement when the complaint is so vague or ambiguous that the party cannot reasonably prepare a response. Fed.R.Civ.P. 12(e). In other words, if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant may move for a more definite statement before responding. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002). Rule 10(b) requires a party to state each claim founded on a separate transaction or occurrence in a separate count if doing so will promote clarity. *Three D Departments, Inc. v. K Mart Corp.,* 670 F.Supp. 1404, 1409 (N.D. Ill. 1987).

4

A pleading that indistinguishably attributes acts of misconduct to unrelated defendants disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts. *Magluta v. Samples,* 256 F.3d 1282, 1284 (11th Cir. 2001). Where a plaintiff fails to comply with the pleading requirements of Rules 8 and 10, the court may order the plaintiff to replead and provide a more definite statement under Rule 12(e). *Reshal Assoc., Inc., v. Long Grove Trading Co.,* 754 F.Supp. 1226, 1232 (N.D. Ill. 1990). The purpose of a 12(e) request for more definite statement is to "amplify the pleadings by a more definite statement to aid the court and parties in a more orderly and expeditious disposition of the case; to clear up ambiguities, uncertainties and indefiniteness in the complaint; and to limit the issues." *Brightstar Corp. v. WSA Distrib., Inc.,* 2010 WL 1027420 (S.D. Fla., Mar. 18, 2010).

In this case, Plaintiffs inappropriately combined all the Defendants together and failed to distinguish the claims among them. As an alternative to dismissing the First Amended Complaint, the ESG Defendants request that this Court require Plaintiffs to replead their allegations and provide a more definite statement of the claims asserted against the ESG Defendants in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure.

## **CONCLUSION**

For the foregoing reasons, Defendants, Economic Strategy Group, Economic Strategy Group, Inc. and Economic Strategy LLC, respectfully request that this Court enter an order dismissing Plaintiffs' First Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative, enter an order requiring Plaintiffs to replead their allegations to provide a more definite statement under Fed.R.Civ.P. 12(e), and for such other and further relief as is proper.

        Respectfully submitted,

        ECONOMIC STRATEGY GROUP,
        ECONOMIC STRATEGY GROUP, INC., and
        ECONOMIC STRATEGY LLC.

By:  /s Scott G. Weber
     One of their Attorneys

Joseph W. Sanscrainte
Law Office of Joseph W. Sanscrainte
1120 Avenue of The Americas
4th Floor
New York, NY 10036
(212) 626-6934

Anna-Katrina S. Christakis (ARDC #6242675)
Scott G. Weber (ARDC # 6301147)
Grady Pilgrim Christakis Bell LLP
53 West Jackson Boulevard, Suite 1515
Chicago, Illinois 60604
(312) 939-0920

**CERTIFICATE OF SERVICE**

Scott G. Weber, an attorney, certifies that on August 31, 2012, he electronically filed the foregoing **ESG Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint or, in the Alternative, Motion for a More Definite Statement**, with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Jeffrey Backman
Greenspoon Marder, P.a.
100 W. Cypress Creek Road
Suite 700
Fort Lauderdale, FL 33309
(954) 491-1120

Richard W. Epstein
Greenspoon Marder, P.A.
200 East Broward Blvd.
Suite 1500
Fort Lauderdale, FL 33301
(305) 491-1120

Michael I Kanovitz
Loevy & Loevy
312 North May Street
Suite 100
Chicago, IL 60607
(312)243-5900

Jonathan I. Loevy
Loevy & Loevy
312 North May Street
Suite 100
Chicago, IL 60607
(312)243-5900

Rebecca F Bratter
Greenspoon Marder, P.A.
200 East Broward Blvd.
Suite 1500
Fort Lauderdale, FL 33301
(954) 491-1120

Timothy A. Hudson
Tabet DiVito Rothstein
209 South LaSalle Street
7th Floor
Chicago, IL 60604
(312)762-9450

Arthur R. Loevy
Loevy & Loevy
312 North May Street
Suite 100
Chicago, IL 60607
(312)243-5900

Scott R. Rauscher
Loevy and Loevy
312 N. May Street
Suite 100
Chicago, IL 60607
312 243 5900
312-243-5902 (fax)

               /s/ Scott G. Weber