IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRANT BIRCHMEIER and STEPHEN PARKES, ) ) ) Plaintiffs, ) ) vs. ) ) CARIBBEAN CRUISE LINE, INC.; ) ECONOMIC STRATEGY GROUP; ) ECONOMIC STRATEGY GROUP, INC.; ) ECONOMIC STRATEGY LLC; and ) UNKNOWN INDIVIDUAL DEFENDANTS, ) ) Defendants. ) | Case No. 12 C 4069 |

## CORRECTED ORDER

MATTHEW F. KENNELLY, District Judge:

Grant Birchmeier and Stephen Parkes have sued Caribbean Cruise Line, Inc. (CCL), Economic Strategy Group, Economic Strategy Group, Inc., and Economic Strategy LLC (collectively ESG) under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(3). Plaintiffs allege that defendants made or caused unsolicited calls to them on their cellular phones using automated dialing technology or artificial or prerecorded voices, in violation of 47 U.S.C. § 227(b)(1)(A) & (B). Plaintiffs say that defendants acted under the guise of conducting political surveys but that this was a sham intended to get their foot in the door to sell ocean cruises to the calls' recipients.

CCL and ESG have separately moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). The Court accepts the facts alleged in the complaint as true and draws reasonable inferences in favor of plaintiffs. *Cole v. Milwaukee Area Tech. Coll.*

*Dist.*, 634 F.3d 901, 903 (7th Cir. 2011). To avoid dismissal for failure to state a claim, a complaint must describe the claim sufficiently to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Plaintiffs also must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

1. The Court rejects defendants' argument that plaintiffs have run afoul of Rule 8 by not distinguishing the role of each defendant. Plaintiffs allege that the defendants acted in concert, *see* Am. Compl. ¶¶ 20-23, and that is sufficient for present purposes. The whole point of plaintiffs' allegations is that it is difficult to tell where one defendant stops and the next one starts.

2. The Court also rejects defendants' contention that liability attaches under the TCPA only to the party that actually placed the call. To offer an example, suppose that A, a well-heeled entity that wants to sell a product or service, stands next to B, an impecunious defendant, and directs B to place unsolicited, prerecorded calls to consumers on their cell phones. Defendants' position, it appears, is that only B, the impecunious dialer, would be liable and that A would get off scot-free. A Congressional enactment that permitted this would be absurd indeed. Fortunately that is not the law under the TCPA. *See, e.g., In re Jiffy Lube Int'l, Inc. Text Spam Litig.*, 847 F. Supp. 2d 1253, 1256-58 (S.D. Cal. 2012); *Bridgeview Health Care Center Ltd. v. Clark*, 2011 WL 4585028, at *4-5 (N.D. Ill. Sept.30, 2011); *Desai v. ADT Sec. Servs., Inc.*, No. 11 C 1925, 2011 WL 2837435, at *1 (N.D. Ill. July 18, 2011). Plaintiffs have sufficiently

alleged each defendant's involvement in making the calls at issue.

3. Defendants argue that the complaint establishes that because the calls are alleged to have involved a political survey, they are non-actionable because the FCC has exempted political surveys from coverage under the TCPA. This argument is a non-starter. The FCC exemption upon which defendants rely appears to involve the prohibition on calls with artificial or prerecorded voices, not the prohibition on calls made with automated dialers. *See* CCL's Reply at 8-9 (quoting from the exemption). Plaintiffs have, however, also alleged liability under the autodialer prohibition, so their claim survives this exemption, assuming it applies. The Court need not address at this juncture whether the statute as interpreted by the FCC permits liability for a non-autodialed but unsolicited prerecorded call to a cellular phone for the purpose of initiating a commercial transaction where the call includes what is alleged to be a "sham" political survey.

4. Finally, the Court declines defendants' request to strike plaintiffs' class action allegations. Plaintiffs have alleged the necessary elements under Rule 23, and they have done so plausibly. Determination of whether plaintiffs actually can establish the basis for class certification is premature.

## Conclusion

For the reasons stated above, the Court denies defendants' motions to dismiss [docket nos. 38 & 51]. Defendants are directed to answer the amended complaint by no later than January 18, 2013. The case remains set for a status hearing on January 3,

2013 at 9:30 a.m. for the purpose of setting a discovery and pretrial schedule.

                                                                _____
                                                                   MATTHEW F. KENNELLY
                                                                   United States District Judge

Date: December 31, 2012