UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRANT BIRCHMEIER and STEPHEN PARKES, on behalf of themselves and a class of others similarly situated, | |
| *Plaintiffs*, | Case No. 1:12-cv-04069 |
| v. | Honorable Matthew F. Kennelly |
| CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, and unknown individual defendants, | |
| *Defendants*. | |
| DAVID WRIGHT, individually and on behalf of a class of similarly situated individuals, | |
| *Plaintiff*, | Case No. 1:13-cv-0093 |
| v. | Honorable Elaine E. Bucklo |
| THE BERKLEY GROUP, INC., a Florida corporation, and VACATION OWNERSHIP MARKETING TOURS, INC., a Florida corporation, | |
| *Defendants*. | |

**MOTION TO RELATE AND CONSOLIDATE CASES**

Plaintiff David Wright ("Wright"), plaintiff in the action *Wright v. The Berkley Group, Inc. et al.*, No. 13-cv-0093 (N.D. Ill.) ("the *Wright* matter"), presently presiding in this District before the Honorable Elaine E. Bucklo, pursuant to Local Rule 40.4 and Federal Rule of Civil

1

Procedure 42(a), hereby respectfully move the Court for an Order: (i) relating the *Wright* matter to this case and reassigning it to this Court, and (ii) consolidating the *Wright* matter with this case.

*Birchmeier* and *Wright* (the "Related Actions")—as well as the additionally related action of *Vigus v. Caribbean Cruise Line, Inc., et al.*, 12-cv-01834 (E.D. Mo.),[1]—each seek relief on behalf of a nationwide class of individuals alleged to have received calls on their cellular telephones from defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). As discussed further below, each of the requisites to relation and consolidation are easily satisfied here. Indeed, the parties, causes of action, and legal and factual issues raised in each case are nearly identical. Given the significant overlap between the cases and the litigation that has already occurred in this action, this Court is uniquely familiar with the issues to be resolved in both matters. Simply put, relation and consolidation present the most efficient method for resolution of both matters and will serve to avoid the unnecessary and duplicative expenditure of resources by the parties and the judiciary.

Further counsel for the respective parties in the Related Actions agree that consolidation of this matter would promote uniformity, avoid the duplication of effort, and further the interest of judicial economy. Accordingly, Wright respectfully requests that the Court enter an Order relating the *Wright* matter to this case and reassigning it to this Court, and consolidating both cases for all further proceedings.

---

[1] The parties in the *Vigus* matter jointly moved to transfer their case to the Northern District of Illinois on January 30, 2013, which was granted on February 1, 2013. *Vigus* has been assigned to the Honorable Sharon Johnson Coleman, and is now docketed as *Vigus v. Caribbean Cruise Line, Inc., et al.*, 13-cv-00908 (N.D. Ill.)

2

**Pertinent Background of Both Matters**

1.  On May 24, 2012, Grant Birchmeier and Steven Parkes filed a class action complaint in the Northern District of Illinois against Defendants Caribbean Cruise Line, Inc. ("CCL"), Economic Strategy Group, Economic Strategy Group, Inc., and Economic Strategy LLC (the "ESG Defendants")—which they later amended on July 7, 2012—alleging that CCL and ESG engaged in a telemarketing campaign in violation of the TCPA. (*See Birchmeier*, Amended Class Action Complaint (Dkt. 24), a true and accurate copy of which is attached hereto as Exhibit A.)[2] Specifically, the Amended Complaint in *Birchmeier* alleges that ESG and CCL—through their operating unit POA—made automated or pre-recorded calls to consumers without their consent, under the guise of an offer for a "free cruise" in exchange for answering a series of political survey questions.

2.  On May 25, 2012, Plaintiff David Wright filed a similar class action in the Southern District of Florida, complaining about the same conduct, but naming The Berkley Group, Inc. ("Berkley"), as a party-defendant. (*See Wright*, Complaint (Dkt. 1).) Thereafter, Wright amended his complaint to include Berkley's outside marketing vendor for its Florida resorts, Vacation Ownership Marketing Tours, Inc. ("VOMT"), which is alleged to have worked in concert with Berkley, to place, or cause to be placed, the same calls described in the *Birchmeier* Action. (*See Wright*, Amended Class Action Complaint (Dkt. 32), a true and accurate copy of which is attached hereto as Exhibit B.)[3]

---

[2]  The original complaint in *Birchmeier* also named POA as a party-Defendant, alleging upon information and belief that POA "is an operating unit of Caribbean Cruise Line, Inc." (*Birchmeier*, Dkt. 1.)

[3]  While Wright also asserts a claim for breach of contract resulting from Defendants' alleged failure to provide the promised free cruise upon his completion of the telephone survey

3

3. After Wright discovered that Birchmeier alleged the same core conduct, presented the same legal issues, and sought to represent near-identical putative classes, on January 29, 2013, the Parties in *Wright* jointly moved to transfer venue pursuant to 28 U.S. 1404(a).

4. On January 31, 2013, the Honorable Robin S. Rosenbaum of the Southern District of Florida granted the Parties' Joint Motion to Transfer, finding that "*Wright* and *Birchmeier* involve the same alleged scheme, the same entities who allegedly participated in the scheme, and essentially the same questions of law and fact" (*See Wright* Transfer Order, at 4, a true and accurate copy of which is attached hereto as Exhibit C), and ultimately that "the interest of justice favors transfer of this action to the Northern District of Illinois" so it can ultimately be consolidated with the *Birchmeier* Action. (*Id.* at 10.)

5. The *Wright* action has since been randomly assigned to Judge Elaine E. Bucklo in this District, and accordingly, Wright now moves this Court to find that the *Wright and Birchmeier* Actions are related, pursuant to Local Rule 40.4, and that *Wright* is fit to be reassigned to this Court and consolidated with this action.

## ANALYSIS

**I.     Wright and Birchmeier are Related Under Local Rule 40.4(a).**

6. Under Local Rule 40.4, the Court has discretion to relate one or more cases. *Taylor–Holmes v. Office of the Cook County Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). However, before a relating order may be entered, at least one of the following conditions of Rule 40.4(a) must be satisfied: (i) the cases to be related involve the same property; (ii) the cases involve some of the same issues of fact or law; (iii) the cases grow out of the same transaction or occurrence; or (iv) in class action suits, one or more of the classes involved in the cases is or are

---

(*Wright* Compl. at ¶¶ 37-41), Plaintiff Wright does not intend to pursue this claim through a consolidated complaint if the Court grants the this motion.

4

the same. N.D. Ill. L.R. 40.4(a). The cases need not be absolutely identical to be related for purposes of satisfying Local Rule 40.4(a). *See Fairbanks Capital Corp. v. Jenkins,* No. 12 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (granting reassignment based on relatedness).

7. Here, a finding that *Wright* and *Birchmeier* are related is appropriate under Local Rule 40.4(a) on three independent bases. Foremost, the cases are relatable under 40.4(a)(2) because they involve the same issues of both fact and law. Indeed, as explained by Judge Rosenbaum, factually:

> Both complaints allege the same scheme. More specifically, both complaints aver that the defendants in the respective cases engaged in robo-calling and that call recipients were asked by a caller representing himself to be a part of Political Opinions of America ("POA") to take a political survey, in exchange for which the call recipient would receive a free cruise from Caribbean Cruise Lines. Compare D.E. 32 at ¶¶ 15, 25 and D.E. 61-1 at ¶ 17. No free cruises were forthcoming, however. Compare D.E. 32 at ¶ 25 and D.E. 61-1 at ¶ 14. Instead, both complaints assert, the purported survey calls were a "front" for the caller to sell cruise and other vacation products to the call recipient. *Compare* D.E. 32 at ¶ 15 *and* D.E. 61-1 at ¶ 14.

(Transfer Order at 3-4.) Moreover, legally, the plaintiffs in the Related Actions assert the same primary claims for defendants' alleged violations of the TCPA, and seek the identical relief of statutory damages and an injunction requiring defendants to cease their telemarketing activities. (*Compare Birchmeier* Compl. at ¶¶ 30-33; *with Wright* Compl. at ¶¶ 32-36; *see also* Transfer Order at 4.)

8. Further, as demonstrated by the near-identical factual allegations, the actions can be appropriately related under to 40.4(a)(3), because the grievances alleged in both *Wright* and *Birchmeier* "grow out of the same transaction or occurrence" of defendants' alleged

5

telemarketing campaign, in which—according to the plaintiffs' cumulative allegations—each defendant plays a material and interdependent role. (*See* Transfer Order at 4.)

9. Finally, the Related Actions both seek to certify virtually identical nationwide classes under the TCPA for calls allegedly made without their consent:

> ***Birchmeier* Class Definition:** All persons who have received a telephone call deployed by Defendants, purportedly on behalf of POA, to his/her cellular telephone number using an automatic telephone dialing system and/or using an artificial or prerecorded voice since May 24, 2008.
>
> ***Wright* Class Definition:** All persons in the United States who received one or more calls on their cellular telephones made by Defendants (or made by entities acting on Defendants' behalf) that purported to offer a survey, and who never provided their prior express consent to receive such calls.

(*See Birchmeier* Compl. at ¶ 24; *Wright* Compl., at ¶ 28.) Accordingly, relation is appropriate under 40.4(a)(4) as well.[4]

## II. The Conditions for Reassignment Under Local Rule 40.4(b) are Similarly Satisfied.

10. Once a court has found two cases to be 'related' under LR 40.4(a), Local Rule 40.4(b) provides that "a case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. N.D. Ill. L.R. 40.4(b). Like Rule 40.4(a), the requirements for reassignment under Rule 40.4(b) are also met here.

---

[4] While Wright's complaint included a putative Breach Contract Class, as stated above, Plaintiff Wright does not intend to pursue this claim or to certify that putative class through a consolidated complaint should the Court grant this motion.

11. First, as *Wright* has been transferred from the Southern District of Florida, both *Wright* and *Birchmeier* are now pending in the Northern District of Illinois. *See* N.D. Ill. L.R. 40.4(b)(1).

12. Second, reassignment will "result in a substantial saving of judicial time and effort" by avoiding the inevitable duplication of effort and potential for inconsistent rulings that would otherwise result. *See* N.D. Ill. L.R. 40.4(b)(2). For example, as the legal and factual issues presented in the Related Actions are materially the same, the parties are presently seeking the same testimony, documents, and information from defendants and other third parties, in preparation to move for class certification. As such, reassignment and ultimate consolidation of the Related Actions will benefit all parties and conserve judicial resources.

13. Third, neither of the Related Actions has progressed to the point where relating the *Wright* matter would delay the proceedings in the *Birchmeier* action, as each is in the relatively early, and materially the same, stages of litigation. *See* N.D. Ill. L.R. 40.4(b)(3). Specifically, the parties have just moved beyond Defendants' respective motions to dismiss in the Related Actions (*see Birchmeier* Dkt. 77, and *Wright* Dkt. 63,[5] respectively), are all engaging in class-related discovery and are all similarly waiting to take the depositions of key individuals.

14. Fourth, because the Related Actions present materially similar issues of fact and law, they are susceptible to disposition in a single proceeding. *See* N.D. Ill. L.R. 40.4(b)(4); *see also Helferich Patent Licensing, L.L.C.*, 2012 WL 1368193, at *3 (holding that the condition proscribed in L.R. 40.4(b)(4) "is satisfied when the issues of law and fact are the same in both cases").

---

[5] VOMT's motion to dismiss in *Wright* was denied without prejudice in light of the Court's ruling on the Parties' Joint Motion to Transfer. (Dkt. 63.)

15. Accordingly, the requirements of both Local Rules 40.4(a) and 40.4(b) are met, and the Court should find that *Birchmeier* and the present Action are related, and that reassignment is appropriate.

## II. The *Wright* Matter Should be Consolidated with this Case.

16. The cases at issue here also meet all of the requirements for consolidation under Fed. R. Civ. P. 42.

17. Under Rule 42, a district court may act in its discretion to consolidate one or more related actions where they involve a common question of law or fact. Fed. R. Civ. P. 42(a); *see also Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). "The rule is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Blocker v. City of Chicago*, 09-CV-7052, 2011 WL 1004137 (N.D. Ill. Mar. 16, 2011) (citing, 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2381).

18. "The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Id*. (citing, *Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("[b]y far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidated all before a single judge.")).

19. Given the substantial overlap between the named parties, the claims alleged, and their factual and legal bases, these cases present a textbook scenario for consolidation. Again, the litigation of each of these matters will require discovery of the same evidence, resolution of the same pretrial motions, and ultimately, trials of the same legal and factual issues. Thus, consolidation presents the most efficient method for adjudication of these actions and will avoid

any "wasteful overlap" of such activities. *See, e.g.*, *Smith v. Ne. Illinois Univ.*, 98 C 3555, 2002 WL 377725 (N.D. Ill. Feb. 28, 2002) (consolidation was appropriate where plaintiffs alleged nearly identical claims, which would be supported by the same evidence, and "[s]eparate trials would require a significant amount of overlapping testimony and evidence….").

20. Accordingly, Wright's motion to consolidate this case and the *Wright* matter should be granted as well.

21. Finally, Wright has conferred with the Defendants in the *Wright* Action, and counsel for all parties involved in the Related Actions, about his intent to file this Motion, and all counsel have indicated that they have no objection to the relief sought herein.

## CONCLUSION

For the foregoing reasons, Plaintiff David Wright, respectfully requests that the Court enter an Order (i) relating the *Wright* matter to this case and reassigning it to this Court, (ii) consolidating the *Wright* matter with this case, and (iii) providing such other and further relief as the Court deems equitable and just.[6]

Respectfully submitted,

**DAVID WRIGHT,**

Dated: February 8, 2013       By: __/s/ Rafey S. Balabanian_____
                                   *One of Plaintiff's Attorneys*

Rafey S. Balabanian
Eve-Lynn J. Rapp
Christopher L. Dore
EDELSON MCGUIRE, LLC
350 North LaSalle, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
rbalabanian@edelson.com

---

[6] A Proposed Order is attached hereto as Exhibit D.

erapp@edelson.com
cdore@edelson.com

Scott D. Owens*
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Scott@ScottDOwens.com

*Pro Hac Admission Pending*

## CERTIFICATE OF SERVICE

I, Rafey S. Balabanian, an attorney, hereby certify that on February 8, 2013, I served the above and foregoing ***Motion to Relate and Consolidate Cases***, by causing true and accurate copies of such papers to sent to all counsel of record in this Action via the Court's CM/ECF system, and the following counsel of record in the action of *Wright v. The Berkley Group, Inc. et al.*, No. 13-cv-0093 (N.D. Ill.), by electronic mail:

| | |
|---|---|
| David L. Hartsell<br>dhartsell@mcguirewoods.com<br>Brian P. O'Meara<br>bomeara@mcguirewoods.com<br>McGuire Woods LLP<br>77 West Wacker Drive,<br>Chicago, Illinois 60601<br>Telephone: (312) 849-8100<br>Facsimile: (312) 849-3690 | Richard Epstein<br>richard.epstein@gmlaw.com<br>Jeffrey Backman<br>jeffrey.backman@gmlaw.com<br>GREENSPOON MARDER, P.A.<br>Suite 1400 Trade Centre South<br>100 W. Cypress Creek Road, Suite 700<br>Fort Lauderdale, FL 33309<br>Tele: (954) 734-1853<br>Fax: (954) 213-0140 |
| Eric Bilik<br>ebilik@mcguirewoods.com<br>Emily Y. Rottmann<br>erottmann@mcguirewoods.com<br>McGuire Woods LLP<br>50 North Laura Street, Suite 3300<br>Jacksonville, Florida 32202<br>Telephone: (904) 798-3200<br>Facsimile: (904) 798-3207 | *Attorneys for Defendant Vacation Ownership Marketing Tours, Inc.* |

M. Peebles Harrison
peebles@outerbankslaw.com
Rose Harrison & Gilreath, P.C.
7000 Blue Jay St., Suite 1
P.O. Box 405
Kill Devil Hills, NC 27948
Telephone: (252) 480-1414
Facsimile: (242) 480-1765

*Attorneys for Defendant The Berkley Group, Inc.*

                                                                                             /s/ Rafey S. Balabanian