## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRANT BIRCHMEIER and STEPHEN PARKES, on behalf of themselves and a class of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| | ) Case No. 1:12-cv-04069 |
| vs. | ) ) Honorable Matthew F. Kennelly |
| | ) |
| CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, and unknown individual defendants, | ) ) ) ) ) ) |
| Defendants. | ) ) |
| ——————————————————— | ) |
| SUSAN VIGUS, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| | ) |
| vs. | ) Case No. 13-cv-00908 |
| | ) |
| CARIBBEAN CRUISE LINE, INC., THE BERKELY GROUP, INC., and DOEs 1-10, | ) Honorable Sharon Johnson Coleman ) ) |
| Defendants. | ) |

## <u>MOTION TO RELATE AND CONSOLIDATE CASES</u>

Plaintiff Susan Vigus ("Vigus"), plaintiff in the action *Vigus v. Caribbean Cruise Line,*

*Inc., et al.*, No. 13-cv-00908 (N.D. Ill.) ("Vigus action"), presently pending in this District

before the Honorable Sharon Johnson Coleman, pursuant to Local Rule 40.4 and Federal Rule

of Civil Procedure 42(a), hereby respectfully moves the Court for an Order: (i) relating the

Vigus action to this case and reassigning it to this Court, and (ii) consolidating the Vigus action with this case.

*Birchmeier* and *Vigus* (the "Related Actions")—as well as the additionally related action of *Wright v. The Berkley Group, Inc., et al.*, No. 12-cv-04069 (N.D. Ill.)[1] — each seek relief on behalf of a nationwide class of individuals alleged to have received calls on their cellular telephones from defendants in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA"). As discussed further below, each of the requisites to relation and consolidation are easily satisfied here. Indeed, the parties, causes of action, and legal and factual issues raised in each case are nearly identical. Given the significant overlap between the cases and the litigation that has already occurred in this action, this Court is uniquely familiar with the issues to be resolved in both matters. Simply put, relation and consolidation present the most efficient method for resolution of both matters and will serve to avoid the unnecessary and duplicative expenditure of resources by the parties and the judiciary.

Further counsel for the respective parties in the Related Actions agree that consolidation of this matter would promote uniformity, avoid the duplication of effort, and further the interest of judicial economy. Accordingly, Wright respectfully requests that the Court enter an Order relating the Vigus action to this case and reassigning it to this Court, and consolidating both cases for all further proceedings.

## **Pertinent Background of Both Matters**

1.     On May 24, 2012, Grant Birchmeier and Stephen Parkes filed a class action complaint in the Northern District of Illinois against Defendants Caribbean Cruise Line, Inc.

---

[1] The parties in the *Wright* matter jointly moved to transfer their case from the Southern District of Florida to the Northern District of Illinois, which was recently granted. *Wright* has been assigned to the Honorable Elaine E. Bucklo, and is now docketed as *Wright vs. The Berkley Group, Inc., et al.*, 13-cv-0093 (N.D. Ill.)

("CCL"), Economic Strategy Group, Economic Strategy Group, Inc., and Economic Strategy LLC (the "ESG Defendants") and Unknown Individual Defendants — which they later amended on July 2, 2012—alleging that CCL and ESG engaged in a telemarketing campaign in violation of the TCPA. *See Birchmeier,* FAC (D.E. #24). Specifically, the Amended Complaint in *Birchmeier* alleges that ESG and CCL— through their operating unit Political Opinions of America ("POA") — made automated or pre-recorded calls to consumers without their consent, under the guise of an offer for a "free cruise" in exchange for answering a series of political survey questions.

2.     On August 23, 2012, Plaintiff Susan Vigus filed a similar class action in the Circuit Court of the City of St. Louis, Missouri, complaining about the same conduct, naming as defendants CCL, The Berkley Group, Inc. ("Berkley"), Robert Mitchell and Does 1-10.  On October 11, 2012, Defendants removed the Vigus case to the Eastern District of Missouri, No. 2012-cv-01834.  A copy of the *Vigus* complaint is attached hereto as Exhibit A.

3.     On January 30, 2013, Plaintiff Vigus voluntarily dismissed Defendant Robert Mitchell without prejudice.  Also on January 30, 2013, Plaintiff Vigus and the defendants in the Vigus action filed a Joint Motion to Transfer the Vigus action to the Northern District of Illinois, pursuant to 28 U.S.C. §1404(a), A copy of the Joint Motion to Transfer (without attachments) is attached hereto as Exhibit B.  As stipulated by the parties in that motion, the actions each:

> seek relief on behalf of a nationwide class of individuals alleged to have received telephone calls, deployed by Defendants, on their cellular telephone numbers using an automatic telephone dialing system and/or using an artificial or prerecorded voice in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. As a result, transfer, and ultimately consolidation, is appropriate to avoid duplicative litigation, to further the convenience of the parties and witnesses, and to best serve the interests of justice.

*See* Exhibit B, pp. 2-3.

4.      On February 1, 2013, the *Vigus* court granted the parties' joint motion to transfer.

5.      The Vigus action has now been randomly assigned to the Honorable Sharon Johnson Coleman in case number 13-cv-00908.

## ANALYSIS

### I.      *Vigus* and *Birchmeier* are Related Under Local Rule 40.4(a).

6.      Under Local Rule 40.4, the Court has discretion to relate one or more cases. *Taylor–Holmes v. Office of the Cook County Pub. Guardian*, 503 F.3d 607, 609 (7th Cir. 2007). However, before a relating order may be entered, at least one of the following conditions of Rule 40.4(a) must be satisfied: (i) the cases to be related involve the same property; (ii) the cases involve some of the same issues of fact or law; (iii) the cases grow out of the same transaction or occurrence; or (iv) in class action suits, one or more of the classes involved in the cases is or are the same. N.D. Ill. L.R. 40.4(a). The cases need not be absolutely identical to be related for purposes of satisfying Local Rule 40.4(a). *See Fairbanks Capital Corp. v. Jenkins*, No. 12 C 3930, 2002 WL 31655277, at *2 (N.D. Ill. Nov. 25, 2002) (granting reassignment based on relatedness).

7.      Here, a finding that *Vigus* and *Birchmeier* are related is appropriate under Local Rule 40.4(a) on three independent bases. Foremost, the cases are relatable under 40.4(a)(2) because they involve the same issues of both fact and law. Indeed, as stipulated by the parties in *Vigus*:

> Legally, the plaintiffs in the Actions assert the same primary claims for
> defendants' alleged violations of the TCPA, and seek the identical relief of

statutory damages and an injunction requiring defendants to cease their telemarketing activities. The Defendants raise similar defenses in each of the Action as well.

As a result of these overlapping factual and legal issues, the Actions will seek substantially the same testimony, documents, and information from Defendants and other third parties. Because of this, the parties assert that transfer and eventual consolidation will conserve the resources of the parties and will be more convenient for the witnesses and the parties.

*See* Exhibit B, p. 4 (citation omitted)

8. Further, as demonstrated by the near-identical factual allegations, the actions can be appropriately related under to 40.4(a)(3), because the grievances alleged in both *Vigus* and *Birchmeier* "grow out of the same transaction or occurrence" of defendants' alleged telemarketing campaign, in which—according to the plaintiffs' cumulative allegations—each defendant plays a material and interdependent role.

9. Finally, the Related Actions both seek to certify virtually identical nationwide classes under the TCPA for calls allegedly made without their consent:

*Birchmeier* **Class Definition**: All persons who have received a telephone call deployed by Defendants, purportedly on behalf of POA, to his/her cellular telephone number using an automatic telephone dialing system and/or using an artificial or prerecorded voice since May 24, 2008.

*Vigus* **Class Definition**: All cellular telephone line holders in the United States to whom was initiated, by or on behalf of Defendants, any telephone call to the line holder's cellular telephone line using any automatic telephone dialing system and/or an artificial or prerecorded voice to deliver a message without the prior express consent of the called party during the four years immediately preceding the filing of the Petition herein.

(*See Birchmeier* FAC at ¶ 24; Exhibit A - *Vigus* Cmplt., at ¶ 19.) Accordingly, relation is appropriate under 40.4(a)(4) as well.

**II.       The Conditions for Reassignment Under Local Rule 40.4(b) are Similarly Satisfied.**

10.     Once a court has found two cases to be 'related' under LR 40.4(a), Local Rule 40.4(b) provides that "a case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met: (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. N.D. Ill. L.R. 40.4(b). Like Rule 40.4(a), the requirements for reassignment  under Rule 40.4(b) are also met here.

11.     First, as *Vigus* has been transferred from the Eastern District of Missouri, both *Vigus* and *Birchmeier* are now pending in the Northern District of Illinois. See N.D. Ill. L.R. 40.4(b)(1).

12.     Second, reassignment will "result in a substantial saving of judicial time and effort" by avoiding the inevitable duplication of effort and potential for inconsistent rulings that would otherwise result. **See** N.D. Ill. L.R. 40.4(b)(2). For example, as the legal and factual issues presented in the Related Actions are materially the same, the parties are presently seeking the same testimony, documents, and information from defendants and other third parties, in preparation to move for class certification. As such, reassignment and ultimate consolidation of the Related Actions will benefit all parties and conserve judicial resources.

13.     Third, neither of the Related Actions has progressed to the point where relating the Vigus action would delay the proceedings in the Birchmeier action, as each is in the relatively early stages of litigation. *See* N.D. Ill. L.R. 40.4(b)(3).

14.     Fourth, because the Related Actions present materially similar issues of fact and law, they are susceptible to disposition in a single proceeding. *See* N.D. Ill. L.R. 40.4(b)(4); *see also Helferich Patent Licensing, L.L.C. v. New York Times Co.,* 2012 WL 1368193, *3 (N.D. Ill. 2012) (holding that the condition proscribed in L.R. 40.4(b)(4) "is satisfied when the issues of law and fact are the same in both cases").

15.     Accordingly, the requirements of both Local Rules 40.4(a) and 40.4(b) are met, and the Court should find that *Birchmeier* and the Vigus action are related, and that reassignment is appropriate.

## III.     The Vigus Action Should be Consolidated with this Case.

16.     The cases at issue here also meet all of the requirements for consolidation under Fed. R. Civ. P. 42.

17.     Under Rule 42, a district court may act in its discretion to consolidate one or more related actions where they involve a common question of law or fact. Fed. R. Civ. P. 42(a); *see also Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). "The rule is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Blocker v. City of Chicago*, 09-CV-7052, 2011 WL 1004137 (N.D. Ill. Mar. 16, 2011) (*citing*, 9 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. 2381).

18.      "The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap." *Id.* (*citing, Blair v. Equifax Check Servs.*, 181 F.3d 832, 839 (7th Cir. 1999) ("[b]y far the best means of voiding

wasteful overlap when related suits are pending in the same court is to consolidated all before a single judge.")).

19.     Given the substantial overlap between the named parties, the claims alleged, and their factual and legal bases, these cases present a textbook scenario for consolidation. Again, the litigation of each of these matters will require discovery of the same evidence, resolution of the same pretrial motions, and ultimately, trials of the same legal and factual issues. Thus, consolidation presents the most efficient method for adjudication of these actions and will avoid any "wasteful overlap" of such activities. *See, e.g., Smith v. Ne. Illinois Univ*., 98 C 3555, 2002 WL 377725 (N.D. Ill. Feb. 28, 2002) (consolidation was appropriate where plaintiffs alleged nearly identical claims, which would be supported by the same evidence, and "[s]eparate trials would require a significant amount of overlapping testimony and evidence….").

20.     Accordingly, Vigus' motion to consolidate this case and the Vigus action should be granted as well.

21.     Finally, Vigus has conferred with the Defendants in the Vigus action, and counsel for all parties involved in the Related Actions, about her intent to file this Motion.

**IV.     Conclusion**

Based on the foregoing, Plaintiff Susan Vigus, respectfully requests that the Court enter an Order (i) relating the Vigus action to this case and reassigning it to this Court, (ii) consolidating the Vigus action with this case, and (iii) providing such other and further relief as the Court deems equitable and just.

Respectfully submitted,


  /s/ George Lang
George Lang

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Fax: (847) 368-1501
glang@andersonwanca.com
bwanca@andersonwanca.com

OF COUNSEL:

Joseph V. Neill, #28472
Attorney at Law
5201 Hampton Avenue
St. Louis, Missouri 63109
314-353-1001
314-353-0181 fax
Neill5300@aol.com

John S. Steward, #45932
STEWARD LAW FIRM, LLC
1717 Park Avenue
St. Louis, Missouri 63104
314-571-7134
314-594-5950 fax
Glaw123@aol.com

Max G. Margulis #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
Telephone: (636) 536-7022
Fax:  (636) 536-6652
E-Mail: MaxMargulis@margulislaw.com

**Attorneys for Plaintiff Susan Vigus**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby certifies that on February 11, 2013, I served the above and foregoing Motion to Relate and Consolidate Cases, by causing true and accurate copies of such papers to be sent to all counsel of record in this Action via the Court's CM/ECF system, and the following counsel of record in the action of *Vigus v. Caribbean Cruise Line, Inc., et al.*, No. 13-cv-00908 (N.D. Ill.), by electronic mail:

David B. Helms
Lewis, Rice & Fingersh, LP
600 Washington Avenue, Suite 2500
St. Louis, Missouri 63101
Email: dhelms@lewisrice.com

**ATTORNEYS FOR DEFENDANT
THE BERKLEY GROUP, INC.**

Richard W. Epstein
Jeffrey A. Backman
GREENSPOON MARDER, P.A.
200 East Broward Blvd., Suite 1500
Fort Lauderdale, Florida 33301
richard.epstein@gmlaw.com
jeffrey.backman@gmlaw.com

Steven P. Sanders
Nathan D. Leming
100 North Broadway, 21st Floor
St. Louis, Missouri 63102
ssanders@wvslaw.com
nleming@wvslaw.com

**ATTORNEYS FOR DEFENDANT
CARIBBEAN CRUISE LINES, INC.**

       /s/ George Lang