UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GRANT BIRCHMEIER and STEPHEN PARKES, on behalf of themselves and a class of others similarly situated,<br>    *Plaintiffs*,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC. ECONOMIC STRATEGY, LLC, and unknown individual defendants,<br>    *Defendants*. | Case No. 1:12-cv-04069 |
| DAVID WRIGHT, individually an on behalf of all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>THE BERKLEY GROUP, INC., a Florida Corporation, and VACATION OWNERSHIP MARKETING TOURS, INC., a Florida corporation,<br>    *Defendants*. | Case No. 1:13-cv-00903 |
| SUSAN VIGUS, individually and on behalf of all others similarly situated,<br>    *Plaintiff*,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC., a Florida corporation, and THE BERKLEY GROUP, INC., a Florida Corporation,<br>    *Defendants*. | Case No. 1:13-cv-00908 |

**PLAINTIFFS WRIGHT'S, BIRCHMEIER'S, AND PARKES'
MOTION AND MEMORANDUM OF LAW
IN SUPPORT OF APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL**

**TABLE OF CONTENTS**

FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 2

I. THE PROCEDURAL POSTURE OF THE RELATED ACTIONS. ........................ 2

II. THE ALLEGATIONS AT ISSUE IN THE RELATED ACTIONS PENDING BEFORE THE COURT. ........................................................................................ 2

III. PROPOSED INTERIM CO-LEAD CLASS COUNSEL HAVE ENGAGED IN SIGNIFICANT LITIGATION AND DISCOVERY TO DATE, AND ARE NOW WORKING COOPERATIVELY TO CONTINUE THE EXPEDIENT LITIGATION OF THIS CASE. ............................................................................. 4

ARGUMENT .................................................................................................................... 6

I. PROPOSED INTERIM CO-LEAD CLASS COUNSEL EASILY MEET AND EXCEED THE STANDARDS OF RULE 23(g). ....................................... 6

    A. Proposed Interim Co-Lead Class Counsel Have Led an Extensive Investigation Into Defendants' Alleged Violations of the TCPA. ............ 7

    B. Counsel's Experience Prosecuting Class Actions and Other Complex Litigation—as Well as Their Intimate Knowledge of the TCPA— Supports Their Appointment as Interim Co-Lead Class Counsel. ........... 8

        *1. Jay Edelson has notable experience handling TCPA class actions and other complex litigation.* ............................................................. 8

        *2. Scott Rauscher and the law firm of Loevy & Loevy also have significant experience prosecuting class actions and other complex litigation.* ....................................................................................... 10

    C. Proposed Interim Co-Lead Class Counsel's Superior Knowledge of the Applicable Law is Indisputable. ......................................................... 12

    D. Proposed Interim Co-Lead Class Counsel have Already Devoted, and Will Continue to Devote, Significant Resources to the Litigation. ......... 12

    E. Proposed Interim Co-Lead Class Counsel's Leadership Here Also Weighs in Favor of Their Appointment as Interim Co-Lead Counsel. ... 13

CONCLUSION ............................................................................................................... 14

## TABLE OF AUTHORITIES

**Cases**

*In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ................... 6

**Rules & Statues**

Fed. R. Civ. P. 23 ........................................................................................................... *passim*

**Other**

Advisory Cmty. Notes to the 2003 Amendments to Fed. R. Civ. P. 23(c)(2)(B) ............................ 7

Advisory Cmty. Notes to the 2003 Amendments to Fed. R. Civ. P. 23(g) .................................... 6

Manual for Complex Litigation (Fourth) § 21.11 (2004) ...................................... 6, 7

Rule 23 Practice Commentary ............................................................................................ 6

With three putative class actions having been related before this Court,[1] Jay Edelson, counsel for Plaintiff David Wright, and Scott Rauscher of Loevy & Loevy, counsel for Plaintiffs Grant Birchmeier and Stephen Parkes, (collectively, "Proposed Interim Co-Lead Class Counsel"), now jointly move, pursuant to Fed. R. Civ. P. 23(g), for appointment as interim co-lead class counsel of the Related Actions. As evidenced by their work and leadership to date, Mr. Edelson and Mr. Rauscher readily meet and exceed the requirements for appointment as interim co-lead class counsel: (i) they have performed a wide-ranging investigation into the claims at issue here; (ii) they have extensive experience prosecuting class actions of similar size, scope and substance, and have been at the forefront of class litigation alleging violations of the TCPA—acting as lead class counsel in some of the largest cases and settlements, and obtaining seminal decisions regarding the TCPA's application in others; (iii) their experience has led to an unmatched understanding of the legal and factual underpinnings of TCPA class actions generally, and these cases in particular; and (iv) they have devoted substantial resources to the investigation and prosecution of the claims here, and will continue to do so. Further, they have been on the front lines of these cases from their inception—filing on behalf of their clients and the putative class nearly five months before the *Vigus* Matter. Thus, it is their efforts that have paved the way for this litigation to date.

---

[1] *See Wright v. The Berkley Group, Inc. et al.*, No. 1:13-cv-00903 (N.D. Ill.) (the "*Wright* Matter"); *Birchmeier v. Caribbean Cruise Line, Inc. et al.*, No. 1:12-cv-04069 (N.D. Ill.) (the "*Birchmeier* Matter"), and *Vigus v. Caribbean Cruise Line, Inc., et al.*, 1:13-cv-00908 (N.D. Ill.) (the "*Vigus* Matter") (collectively, the "Related Actions"). On February 20, 2013 and March 4, 2013, and nine months after litigation against Defendants initially commenced, two near-identical copy-cat lawsuits were also filed in the United States District Court for the Northern District of Illinois. *See Vessal v. Caribbean Cruise Line, Inc. et al.*, No. 1:13-cv-01368 (N.D. Ill. Feb. 20, 2013); *see also Volpe v. Caribbean Cruise Line, et al.*, No. 1:13-cv-01646 (N.D. Ill. March 4, 2013). Counsel for the plaintiff in that case, however, has not been in communication with Plaintiffs' counsel here or otherwise participated in coordinating the litigation in any way, nor has that matter been related to the cases before this Court.

For all of these reasons and as discussed further below, the Court should appoint Messrs. Edelson and Rauscher as interim co-lead class counsel in the Related Actions.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. THE PROCEDURAL POSTURE OF THE RELATED ACTIONS.

The Related Actions were each previously pending in separate district courts throughout the country—the *Birchmeier* Matter in this Court, the *Wright* Matter in the Southern District of Florida, and the *Vigus* Matter in the Eastern District of Missouri. The *Birchmeier* and *Wright* Matters were filed within days of each other, with the *Vigus* Matter filed several months later. As the first and second filed cases, the litigation in the *Birchmeier* and *Wright* Matters had progressed the furthest. In addition, over the course of the last two months, led by the efforts of plaintiff's counsel in the *Wright* Matter, all three groups of plaintiffs, without objection from the defendants in the Related Actions, decided to coordinate their efforts and move to transfer the three cases to this Court for eventual consolidation.[2]

### II. THE ALLEGATIONS AT ISSUE IN THE RELATED ACTIONS PENDING BEFORE THE COURT.

Plaintiffs in each of the Related Actions allege that Defendants The Berkley Group, Inc. ("Berkley"), Vacation Ownership Marketing Tours, Inc. ("VOMT"), Caribbean Cruise Line, Inc.

---

[2] On February 14, 2013, counsel for Plaintiffs Wright, Birchmeier, Parkes and Vigus, as well as counsel for each Defendant (with the exception of ESG) appeared before the Court on Plaintiffs Wright's and Vigus's separately filed Motions to Relate and Consolidate. (*Birchmeier*, Dkts. 82 & 84.) At that time, the Court found that both the *Wright* and *Vigus* Matters were "related" to the *Birchmeier* Matter, and entered an order requesting that the Executive Committee reassign both matters to this Court. The Court indicated, however, that although it agreed that the Related Actions should be consolidated, it could not take such action until all the Related Actions were presiding on its calendar. Accordingly, as the Executive Committee has now reassigned both the *Wright* and *Vigus* Matters to this Court's calendar (*see Wright*, Dkt. 73; *Vigus*, Dkt. 50), it is respectfully requested that the Court consolidate each of the cases so they may now preside as a single matter.

("Caribbean"), and Economic Strategy Group, Inc. ("ESG")[3]—working cooperatively—have made thousands of unsolicited telemarketing robocalls to consumers nationwide—promoting vacation packages under the guise of conducting "political surveys"—in violation of the TCPA. (*Wright*, Dkt. 32 ¶¶ 1, 15, 25; *Birchmeier*, Dkt. 24 ¶¶ 1, 17-19; *Vigus*, Dkt. 2 ¶¶ 1, 3, 5, 17.) Specifically, Plaintiffs allege that Defendants are responsible for placing calls to consumers in which a recording identifying the caller as Political Opinions of America ("POA") informs consumers that they will receive a "free cruise" in exchange for answering a series of political survey questions. (*Wright*, Dkt. 32 ¶¶ 1, 15, 25, 38; *Birchmeier*, Dkt. 24 ¶¶ 1, 17, 22; *Vigus*, Dkt. 2 ¶¶ 1, 3, 5, 17.) Upon completion of the survey, call recipients are transferred to a live operator—supposedly representing Defendant Caribbean—who then attempts to up-sell the consumer into paying additional fees for unrelated vacation products and services. (*Wright*, Dkt. 32 ¶ 25; *Birchmeier*, Dkt. 24 ¶ 20; *Vigus*, Dkt. 2 ¶¶ 1, 3, 5, 17.) Regardless of the outcome of the pitch, however, the consumers never actually receive the free cruises that they were promised. (*Wright*, Dkt. 32 ¶ 25.)

As Plaintiffs never provided their cell phone numbers or their consent to any of the Defendants to call their cell phones at any time (*Wright*, Dkt. 32 ¶¶ 1, 3, 14, 27, 34; *Birchmeier*, Dkt. 24 ¶¶ 4, 17-19, 24; *Vigus*, Dkt. 2 ¶¶ 5, 6), Plaintiffs separately initiated suit against one or more of the named-Defendants, or a combination thereof, in various district courts throughout the country. (*Wright,* Dkt. 1; *Birchmeier*, Dkt. 1; *Vigus*, Dkt. 2.)[4]

---

[3] The *Birchmeier* Matter, which names Economic Strategy Group as a party-defendant, also names Economic Strategy Group, Inc. and Economic Strategy Group LLC, as defendants in that case. Because these entities appear to be the same, all of these entities are referred to collectively as "ESG".

[4] Originally, the Related Actions did not name the exact same Defendants, but once discovery in the respective actions commenced, it soon became clear that all of the Defendants are interrelated and have worked cooperatively in making or directing the calls at issue to be

### III. PROPOSED INTERIM CO-LEAD CLASS COUNSEL HAVE ENGAGED IN SIGNIFICANT LITIGATION AND DISCOVERY TO DATE, AND ARE NOW WORKING COOPERATIVELY TO CONTINUE THE EXPEDIENT LITIGATION OF THIS CASE.

Proposed Interim Co-Lead Class Counsel have led the charge against Defendants for their alleged illegal robo-calling scheme. Specifically, the *Birchmeier* Matter was originally filed in this Court on May 24, 2012 against Defendants Caribbean and Political Opinions of America, and later amended on July 7, 2012 to add ESG, the corporation that purportedly operated as Political Opinions of America. (*Birchmeier*, Dkts. 1, 24.) The *Birchmeier* Plaintiffs then successfully defeated Defendants Caribbean's and ESG's motions to dismiss, obtaining a favorable ruling for the putative Class, in which the Court rejected "defendants' contention that liability attaches under the TCPA only to the party that actually placed the call." (*Birchmeier*, Dkt. 77 at 2.) Likewise, the *Wright* Matter was filed in the Southern District of Florida, on May 25, 2012—just one day after *Birchmeier*—against Defendant Berkley. (*Wright*, Dkt. 1.) After Berkley answered, and it became clear that additional parties were involved in Defendants' alleged scheme, Wright amended to name VOMT as a party-Defendant. (*Wright*, Dkt. Nos. 1, 32.)

Thereafter, the parties in both cases engaged in written discovery, including the exchange of several sets of written discovery requests and hundreds of pages of documents related to

---

made. Specifically, Defendant Berkley, who has been named in the *Wright* and *Vigus* Matters, is a Florida corporation involved in the design, development, marketing, operation and sale of vacation timeshare properties, as well as other travel products such as cruise packages. Defendant VOMT who has been named in the *Wright* Matter, is the primary marketing vendor for Berkley, and is in the business of providing lead generation, through its own efforts, and those of its "affiliated companies", to increase sales for Berkley. Caribbean, which has been named in the *Vigus and Birchmeier* Matters, is one of the "affiliated companies" who has a contractual relationship with VOMT to provide various lead generation and marketing services. Finally, ESG, as named and identified in the *Birchmeier* action, is nothing more than a sham political organization, utilized by Caribbean to sell "free" cruises to unsuspecting consumers.

4

Defendants' "political survey" robo-calls, as well as noticed various depositions of Defendants' key corporate representatives. (*See* Declaration of Jay Edelson ¶ 6, attached as Exhibit 1; *see also* Declaration of Scott Rauscher ¶¶ 6-14, attached as Exhibit 2.) The Plaintiffs in the *Birchmeier* and *Wright* Matters also actively sought to take the depositions of Defendants' key witnesses, but ultimately decided to a temporary stay of depositions as transfer, relation and consolidation of the cases remained pending.

The Plaintiffs in the *Birchmeier* and *Wright* Matters began coordinating efforts when Mr. Rauscher contacted the attorneys at Edelson to discuss their respective cases. (Edelson Decl. ¶¶ 8-9; Rauscher Decl. ¶ 17.) Thereafter, Messrs. Edelson and Rauscher met at Edelson LLC's Chicago office, and Mr. Edelson proposed that the two groups, along with the plaintiffs in the *Vigus* Matter, coordinate their efforts to better serve the Class. (Edelson Decl. ¶ 9; Rauscher Decl. ¶ 18.) The attorneys at Edelson LLC's then reached out to counsel for Vigus, as well as to each of Defendants' counsel, and took the lead in coordinating the transfer of the *Wright* and *Vigus* Matters to the Northern District of Illinois for eventual relation and consolidation with the *Birchmeier* Matter. (Edelson Decl. ¶ 10.)

After both Wright and Vigus moved to relate and consolidate their cases (*Birchmeier*, Dkt. 82 & 84), on February 14, 2012, counsel for all Parties appeared before the Court, at which time the Court granted Wright's and Vigus's respective motions. (*Wright*, Dkt. 73; *Vigus*, Dkt. 50.) The Court then indicated that it would set a status conference for March 13, 2013 (the date of a currently scheduled status conference in the *Birchmeier* matter) after the cases were officially related, to give the various Plaintiffs' groups time to self-order, and the parties time to come up with a new proposed case schedule. Proposed Interim Co-Lead Class Counsel have done just that and, at this stage, in order to move forward with the litigation as effectively and

5

efficiently as possible, now move for appointment of Jay Edelson of Edelson LLC and Scott Rauscher of Loevy and Loevy as interim co-lead class counsel. (Edelson Decl. ¶ 12; Rauscher Decl. ¶ 19.)

## **ARGUMENT**

**I. PROPOSED INTERIM CO-LEAD CLASS COUNSEL EASILY MEET AND EXCEED THE STANDARDS OF RULE 23(g).**

Rule 23(g)(3) provides for the appointment of interim counsel before determining whether to certify the action as a class action. "In cases…where multiple overlapping and duplicative actions have been transferred to a single district for coordination or pretrial proceedings, designation of interim class counsel is encouraged, and indeed is probably essential for efficient case management." *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (citing MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.11 (2004) ["MCL 4th"]) (Appointment of interim class counsel "is necessary to protect the interest of the class members" because it "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiation settlement."); *see also* Rule 23 Practice Commentary ("pre-certification discovery, dispositive motions, or settlement negotiations…may have a critical bearing on the interests of the putative class members" and may necessitate the appointment of interim lead class counsel).

The Court must consider each of Rule 23(g)(1)(A)'s four factors in deciding whether the interim class counsel will be able to fairly and adequately represent the interests of the class, including: (i) the work Counsel has done identifying and/or investigating potential claims in the actions, (ii) Counsel's experience handling class actions, other complex litigation, and claims of the type asserted in the actions, (iii) Counsel's knowledge of the applicable law, and (iv) the

resources Counsel will commit to representing the proposed class. Fed R. Civ. P. 23(g)(1)(A)(i)-(iv); *see also* Advisory Cmty. Notes to the 2003 Amendments to Fed. R. Civ. P. 23(g). No single factor is determinative; rather, each of them must be considered, along with "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[,]" like proposed interim lead counsel's ability to work cooperatively with opposing counsel and whether they command the respect of their colleagues. MCL 4th § 10.224; *see also* Advisory Cmty. Notes to the 2003 Amendments to Fed. R. Civ. P. 23(c)(2)(B).

As explained further below, Proposed Interim Co-Lead Class Counsel easily satisfy each of the factors set forth under Rule 23(g)(1)(A).

### A. Proposed Interim Co-Lead Class Counsel Have Led an Extensive Investigation Into Defendants' Alleged Violations of the TCPA.

First, Rule 23(g)(1)(A)(i) requires the Court to consider the investigation and identification of the claims at issue that Proposed Interim Co-Lead Class Counsel has performed. Given that they've been at the vanguard of class litigation involving alleged violations of the TCPA (as detailed below), it should come as no surprise that Counsel have also led an extensive investigation and analysis into the class's claims against the Defendants here. (Edelson Decl. ¶ 4; Rauscher Decl. ¶¶ 3-16.) That investigation began by reviewing numerous complaints made by potential class members and analyzing those individuals' common experiences in light of Defendants' practices. (*Id.*) Then, with that information in hand, Counsel proceeded with the filing of the *Birchmeier* and *Wright* Matters, and have since engaged in formal discovery with Defendants—including collectively serving and responding to numerous sets of written discovery requests, issuing third-party subpoenas, and reviewing internal documents related to the robo-calls at issue. (Edelson Decl. ¶¶ 5-6; Rauscher Decl. ¶¶ 3-16.) Proposed Interim Co-Lead Class Counsel have used that discovery to continually evaluate and assess Plaintiffs' and

7

the class's claims as well as any potential defenses Defendants may raise. (Edelson Decl. ¶ 6; Rauscher Decl. ¶ 14.) Likewise, Proposed Interim Co-Lead Counsel have now coordinated their litigation efforts and exchanged additional information related to the experiences of their respective clients and the proposed class members, and they will continue to do so as this litigation continues. (Edelson Decl. ¶ 8; Rauscher Decl. ¶¶ 16, 19.)

As a result of all of these efforts, there can be little doubt that Proposed Interim Co-Lead Class Counsel have expended substantial effort and resources investigating and bringing the class's claims before the Court. Thus, Rule 23(g)(1)(A)'s first factor is satisfied.

> **B.    Counsel's Experience Prosecuting Class Actions and Other Complex Litigation—as Well as Their Intimate Knowledge of the TCPA—Supports Their Appointment as Interim Co-Lead Class Counsel.**

Rule 23(g)(1)(A)'s second factor requires the Court to examine Proposed Interim Co-Lead Class Counsel's experience handling class actions, other complex litigation, and claims similar to those asserted here. Counsel readily satisfies this factor as well.

> ### 1.    *Jay Edelson has notable experience handling TCPA class actions and other complex litigation.*

Mr. Edelson, founder and managing partner of Edelson LLC, is a well-respected member of the plaintiffs' class action bar. (*See* Firm Resume of Edelson LLC, attached to the Edelson Declaration as Exhibit 1-A.) He has been recognized as a leader in the fields of consumer technology, privacy, and telecommunications class actions by state and federal courts throughout the country, legislatures, national and international media groups, and his peers. (Edelson Decl. ¶ 13; Ex. 1-A.) Indeed, his reputation for leadership in class action litigation has led courts nationwide to routinely appoint him lead counsel in numerous high-profile cases. *See, e.g.*, *In re: JP Morgan Chase Bank Home Equity Line of Credit Litig.*, No. 10-cv-03647, Dkt. 37 (N.D. Ill. July 16, 2010) (appointing Jay Edelson as co-lead counsel); *In re Netflix Privacy Litig.*, No. 11-

8

cv-00379-EJD, Dkt. 59 (N.D. Cal. Aug. 12, 2011) (appointing Jay Edelson as co-lead counsel and holding that his firm's "significant and particularly specialized expertise in electronic privacy litigation and class actions, renders them superior to represent the putative class."); *In re Facebook Privacy Litig.*, 10-cv-02389-JW, Dkt. No. 69 (N.D. Cal. Dec. 10, 2010) (same). (Edelson Decl. ¶ 15; Ex. 1-A.)

Particularly relevant here, Mr. Edelson and his firm have been at the forefront of litigation related to alleged violations of the TCPA, and they have successfully obtained several of the most influential opinions applying the TCPA to new and evolving cellular technology. (Edelson Decl. ¶ 14; Ex. 1-A.) For example, Mr. Edelson was appointed co-lead counsel in the seminal case of *Satterfield v. Simon & Schuster, Inc.*, which extended coverage of the TCPA to cellular text messaging. 569 F.3d 946, 949 (9th Cir. 2009) (reversing the lower court and agreeing that text message advertisements sent on behalf of publishing house Simon & Schuster constituted "calls" under the TCPA). Likewise, he acted as lead counsel in *Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999 (N.D. Ill. 2010), where this District upheld the constitutionality of the TCPA in the face of a First Amendment challenge, as well as in *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010), where the Northern District of California held that the TCPA's "prior express consent" requirement was not unconstitutionally vague. (Edelson Decl. ¶ 16; Ex 1-A.)

Moreover, Mr. Edelson and the other attorneys at his law firm have been appointed lead class counsel in some of the largest TCPA class actions and settlements in history, including several in this District. *See, e.g.*, *Lozano*, 702 F. Supp. 2d 999 (appointed lead class counsel and obtained $16 million settlement); *Weinstein, et al. v. The Timberland Co.*, No. 06-cv-0454 (N.D. Ill. 2008) (predecessor firm appointed co-lead class counsel and obtained $7 million class

9

settlement); *In re: Jiffy Lube Int'l, Inc. Text Message Spam Litig.*, No. 3:11-md-2261 (S.D. Cal. 2011) (appointed lead class counsel in text spam MDL and obtained $35 million class settlement); *Kramer*, 759 F. Supp. 2d 1165 (appointed lead class counsel and obtained $12 million class settlement). (Edelson Decl. ¶ 17; Ex 1-A.)

Mr. Edelson also regularly speaks on consumer privacy and technology issues, has co-chaired national symposiums on class actions, and served as an adjunct professor of class actions at Chicago-Kent College of Law, Illinois Institute of Technology. (Edelson Decl. ¶ 18; Ex. 1-A.)

### 2. *Scott Rauscher and the law firm of Loevy & Loevy also have significant experience prosecuting class actions and other complex litigation.*

Mr. Rauscher and his law firm of Loevy & Loevy have a similar track record of litigating large class actions that have resulted in substantial relief to class members' throughout the country, including Loevy & Loevy's representation of the plaintiff classes in *Young v. County of Cook*, No. 06 C 552, 2007 WL 1238920 (N.D. Ill. Apr. 25, 2007), which resulted in a $55 million settlement before this Court, and *Flood v. Dominguez*, No. 08-cv-153 (N.D. Ind.), which resulted in a court-approved $7.2 million settlement. (Rauscher Decl. ¶¶ 20-21; *see also* Loevy & Loevy Firm Resume, a true and accurate copy of which is attached to the Rauscher Declaration as Exhibit 2-A.). Attorneys from Loevy & Loevy have also been appointed as class counsel in a number of other cases, including *Dunn v. City of Chicago*, 231 F.R.D. 367 (N.D. Ill. 2005) (civil rights), and *Solon v. Midwest Medical Record*s*, Inc., et al.*, No. 04 CH 7119, a consumer class action currently pending in Cook County Circuit Court (Chancery Division). (Rauscher Decl. ¶ 22; Ex. 2-A.)

Mr. Rauscher has substantial experience in a wide-range of complex commercial litigation, including TCPA, consumer fraud, and *qui tam* cases on behalf of plaintiffs since joining Loevy & Loevy, and securities fraud class actions, mergers & acquisitions litigation, and

10

general commercial litigation on the defense side with his previous law firm. (Rauscher Decl. ¶ 23; Ex. 2-A.) Of particular relevance to this Motion, Mr. Rauscher is one of the attorneys at Loevy & Loevy representing plaintiffs and the certified class in *Solon v. Midwest Medical Records Association, et al.*, as well as one of the attorneys at the firm representing Plaintiff in *Thrasher-Lyon v. CCS*, No. 11-cv-4473 (N.D. Ill.), a putative TCPA class action in which plaintiff was granted partial summary judgment on an issue of first impression regarding the statutory definition of "prior express consent.".[5] (*Id.*)

Additionally, Mr. Rauscher's firm, Loevy & Loevy has an extraordinary record of achieving successful results for their clients, and it is particularly well-known for its winning of complex cases at trial. (Rauscher Decl. ¶ 24; Ex. 2-A.). Indeed, Loevy & Loevy has won dozens of jury trials, and has secured verdicts and settlements on behalf of its clients in excess of $250 million, including a recent $25 million verdict for Thaddeus Jimenez, who spent years in prison after he was wrongfully convicted, and a $12 million verdict on behalf of Ray Fox, who was left with severe disabilities after prison officials failed to provide him with adequate medical care. (*Id.*)

In the end, there should be no doubt that Messrs. Edelson and Rauscher are well equipped to handle complex class actions and claims of the sort asserted in the Related Actions. Rule 23(g)(1)(A)'s second factor has thus been satisfied.

     **C.**     **Proposed Interim Co-Lead Class Counsel's Superior Knowledge of the Applicable Law is Indisputable.**

---

[5] The motion for partial summary judgment was granted while Plaintiff's motion for class certification was pending, and that motion has not yet been ruled on. The Seventh Circuit has accepted an interlocutory appeal of the summary judgment decision, and the district court case is currently stayed pending the outcome of that appeal.

11

The third factor courts consider under Rule 23(g)(1)(A) is proposed class counsel's knowledge of the applicable law—here, the TCPA. As explained in Section I.B *supra*, Proposed Interim Co-Lead Class Counsel have an enormous amount of experience prosecuting TCPA claims on a class-wide basis, and through their involvement in several seminal TCPA cases, have had a significant hand in shaping the development of applicable law. This knowledge and experience ensures that Counsel possess a superior understanding of the underlying law at issue and therefore, are more than capable of prosecuting the putative class's claims. Accordingly, the third factor under Rule 23(g)(1)(A) also weighs in favor of appointing Proposed Interim Co-Lead Class Counsel.

### D. Proposed Interim Co-Lead Class Counsel have Already Devoted, and Will Continue to Devote, Significant Resources to the Litigation.

Finally and in satisfaction of Rule 23(g)(1)(A)'s fourth factor, Proposed Interim Co-Lead Class Counsel have devoted (and will continue to devote) significant resources toward the successful prosecution of these cases through all phases. To date (and as described above), Counsel's collective expenditures of time and other resources have included reviewing thousands of individual putative class members' complaints about Defendants' alleged conduct, evaluating the facts giving rise to the claims asserted and possible defenses, successfully obtaining a ruling denying Defendants' motions to dismiss, propounding and responding to several sets of written discovery requests, and reviewing hundreds of pages of relevant internal documents produced by Defendants. (Edelson Decl. ¶¶ 4-5; Rauscher Decl. ¶¶ 6-15.)

Further, from the outset of these matters, Proposed Interim Co-Lead Class Counsel has engaged Defendants' counsel in an ongoing dialogue regarding the parties' respective views of the relevant facts, law and overall direction of the litigation. (Edelson Decl. ¶ 6; Rauscher Decl. ¶¶ 4, 13.) This dialogue has thus far resulted in a significant (and candid) exchange of

information, and ultimately in obtaining Defendants' agreement to transfer each of the Related Actions to a single district so that they could proceed in the most efficient manner possible. (Edelson Decl. ¶ 7; Rauscher Decl. ¶ 18.) Counsel has also actively communicated with counsel for all the named-Plaintiffs in the Related Actions and otherwise cooperated amongst themselves in litigating, strategizing, and preparing for the potential resolution of the cases. (Edelson Decl. ¶ 11; Rauscher Decl. ¶ 19.)

For all of these reasons, it's undeniable that Proposed Interim Co-Lead Class Counsel has devoted the resources necessary to successfully prosecute these matters on behalf of the putative class. Therefore, the Court should find that Rule 23(g)(1)(A)'s final factor is satisfied as well.

### E. Proposed Interim Co-Lead Class Counsel's Leadership Here Also Weighs in Favor of Their Appointment as Interim Co-Lead Counsel.

In addition to the four factors enumerated in Rule 23(g)(1)(A), the Court is also permitted to consider any other matters that could be "pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. 23(g)(1)(B). Here, as previously discussed, Proposed Interim Co-Lead Class Counsel have spearheaded the litigation efforts against Defendants, each filing suit immediately, and well before the other actions related to Defendants' illegal robo-calls. (Edelson Decl. ¶ 5; Rauscher Decl. ¶ 3.) Moreover, Proposed Interim Co-Lead Class Counsel's leadership—in coordinating the transfer and relation (and eventual consolidation) of the Related Actions—should not go unnoticed. (Edelson Decl. ¶¶ 8-10; Rauscher Decl. ¶¶ 16.) Proposed Interim Co-Lead Class Counsel have also successfully coordinated numerous telephonic and in person meetings, consistently exchanged information obtained from Defendants in their respective cases, and continue to confer weekly about the filing of a master consolidated complaint, scheduling issues, engaging in discovery, and moving forward with Plaintiffs' anticipated motion for class certification. (Edelson Decl. ¶ 11; Rauscher

13

Decl. ¶ 16-19.) Ultimately, it is this sort of proactive and cooperative approach that Rule 23(g) is meant to encourage, that will best serve the putative class, and that will help shepherd these cases to a successful disposition.

## CONCLUSION

For these reasons, Plaintiffs David Wright, Grant Birchmeier, and Steven Parkes, respectfully request that the Court enter an Order (i) appointing Jay Edelson of Edelson LLC, and Scott Rauscher of Loevy & Loevy, as interim co-lead class counsel in the Related Actions, and (ii) providing such other and further relief as the Court deems reasonable and just.

    Respectfully submitted,

    **DAVID WRIGHT**, individually and on behalf of all others similarly situated,

Dated: March 8, 2013    By: /s/ Jay Edelson
    *One of Plaintiff's Attorneys*

Jay Edelson
Rafey S. Balabanian
Christopher L. Dore
Eve-Lynn J. Rapp
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Telephone: (312) 589-6370
Facsimile: (312) 589-6378
rbalabanian@edelson.com
cdore@edelson.com
erapp@edelson.com

Scott D. Owens
LAW OFFICES OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Telephone: 954-306-8104
scott@scottdowens.com

*Attorneys for Plaintiff David Wright*

14

|  |  |
|---|---|
|  | **GRANT BIRCHMEIER & STEPHEN PARKES**, individually and on behalf of all others similarly situated, |
| Dated: March 8, 2013 | By: /s/ Scott R. Rauscher<br>*One of Plaintiff's Attorneys* |

Scott R. Rauscher, Esq.
Jonathan I. Loevy, Esq.
Arthur R. Loevy, Esq.
Michael I. Kanovitz, Esq.
LOEVY & LOEVY
312 N. May Street, Suite # 100
Chicago, IL 60607
(312) 243-5900
scott@loevy.com
jon@loevy.com
loevylaw@loevy.com
mike@loevy.com

***Attorneys for Plaintiffs Grant Birchmeier & Stephen Parkes***

15

**CERTIFICATE OF SERVICE**

   I, Jay Edelson, an attorney, hereby certify that on March 8, 2013, I served the above and foregoing *Plaintiffs Wright's, Birchmeier's, and Parkes' Motion and Memorandum of Law in Support of Appointment of Interim Co-Lead Class Counsel*, by causing a true and accurate copy of such paper to be filed and transmitted to all counsel of record in this Action via the Court's CM/ECF electronic filing system, and the following counsel of record in each of the Related Actions, on this the 8th day of March 2013, by electronic mail:

| | |
|---|---|
| David L. Hartsell | Richard Epstein |
| dhartsell@mcguirewoods.com | richard.epstein@gmlaw.com |
| Brian P. O'Meara | Jeffrey Backman |
| bomeara@mcguirewoods.com | jeffrey.backman@gmlaw.com |
| McGuire Woods LLP | Rebecca F. Bratter |
| 77 West Wacker Drive, | rbratter@gmlaw.com |
| Chicago, Illinois 60601 | GREENSPOON MARDER, P.A. |
| Telephone: (312) 849-8100 | Suite 1400 Trade Centre South |
| Facsimile: (312) 849-3690 | 100 W. Cypress Creek Road, Suite 700 |
| | Fort Lauderdale, FL 33309 |
| M. Peebles Harrison | Tele: (954) 734-1853 |
| peebles@outerbankslaw.com | Fax: (954) 213-0140 |
| Rose Harrison & Gilreath, P.C. | |
| 7000 Blue Jay St., Suite 1 | *Attorneys for Defendants Vacation Ownership* |
| P.O. Box 405 | *Marketing Tours, Inc. & Caribbean Cruise Line,* |
| Kill Devil Hills, NC 27948 | *Inc.* |
| Telephone: (252) 480-1414 | |
| Facsimile: (242) 480-1765 | |

*Attorneys for Defendant The Berkley Group, Inc.*

John S Steward
glaw123@aol.com
Steward Law Firm LLC
1717 Park Avenue
St Louis, MO 63109
Telephone: (314) 353-1001
Facsimile: (314) 862-9895

Joseph V. Neill
5201 Hampton Avenue
St. Louis, MO 63109
(314) 353-1001

Max G. Margulis
maxmargulis@marguislaw.com

2

Margulis Law Group
28 Old Belle Monte Dr.
Chesterfield, MO 63017
(636) 536-7022
Facsimile: (636) 536-6652

Brian J Wanca
buslit@andersonwanca.com
George Lang
glang@andersonwanca.com
Ryan M. Kelly
rkelly@andersonwanca.com
Anderson & Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500

***Attorneys for Plaintiff Susan Vigus***

/s/ Jay Edelson