```
                IN THE UNITED STATES DISTRICT COURT
                   NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


GRANT BIRCHMEIER on behalf    )
of himself and a class of     )   Docket No. 12 C 4069
others similarly situated,    )
et al.,                       )
                              )
              Plaintiffs,     )   Chicago, Illinois
                              )   January 3, 2013
         vs.                  )   9:30 a.m.
                              )
CARIBBEAN CRUISE LINE, INC.,  )
et al.,

              Defendants.


                   TRANSCRIPT OF PROCEEDINGS
          BEFORE THE HONORABLE MATTHEW F. KENNELLY


APPEARANCES:

For the Plaintiff:    LOEVY & LOEVY
                          BY:  MR. SCOTT R. RAUSCHER
                          312 North May Street
                          Suite 100
                          Chicago, Illinois  60607

For the Defendant:    GREENSPOON MARDER, P.A.
                          BY:  MR. RICHARD W. EPSTEIN
                          200 East Broward Boulevard
                          Suite 1500
                          Fort Lauderdale, Florida  33301

                      TABET DI VITO ROTHSTEIN
                          BY:  MR. TIMOTHY A. HUDSON
                          209 South LaSalle Street
                          7th Floor
                          Chicago, Illinois  60604


                Valarie M. Ramsey, CSR, RMR
                        P.O. Box 16
                 Hazel Crest, Illinois 60429
                       (708) 860-8482
```

1    THE CLERK:  12 C 4069, Birchmeier versus Caribbean
2 Cruise.
3    MR. RAUSCHER:  Good morning, your Honor.  Scott
4 Rauscher for plaintiffs.
5    MR. EPSTEIN:  Good morning.  Richard Epstein for the
6 defendant Caribbean Cruise Line.
7    MR. HUDSON:  Good morning.  Tim Hudson on behalf of
8 defendant Caribbean Cruise Line.
9    THE COURT:  So the guy who wants to withdraw isn't
10 here.  I kind of expected that actually.
11    MR. EPSTEIN:  Your Honor, I just wanted to point out
12 I think he may have been dropped from the ECF notifications at
13 some point.  I did send him an email on the 28th, the day we
14 filed our response.
15    THE COURT:  I mean, he's still showing up on the
16 docket.  Why do you think he's been dropped?
17    MR. EPSTEIN:  He's on the docket, but when you look
18 at the notice, at least the ones that come through on our end,
19 his name doesn't appear to be listed, and it says these people
20 got notice, and it lists everyone except for him.  It may have
21 happened after his first pro hac was denied, in between when
22 he was denied and then approved.
23    THE COURT:  Yeah, you're right.  I just clicked on
24 the last thing, the corrected order on the motion to dismiss,
25 and he doesn't show up as getting notice.

1     MR. EPSTEIN: And we were on the notice of this.
2     THE COURT: So okay.
3     MR. EPSTEIN: He does know about --
4     THE COURT: I understand. So, Augie, you need to
5 talk to somebody on 20. It's Mr. San -- how do you pronounce
6 it?
7     MR. RAUSCHER: I think Sanscrainte.
8     THE COURT: Sanscrainte, the lawyer that shows up as
9 the attorney for the last three defendants. His appearance is
10 listed on the docket, but he's not showing up as getting the
11 notices when you click on the little radio button. And, you
12 know, your explanation is probably as good as any. This was
13 Judge Lindberg's case originally, and there had been a pro hac
14 motion which was denied, and maybe some glitch there that --
15 well, so I can't deal with his motion to withdraw today
16 because there's essentially an objection to it, don't let him
17 withdraw until he turns over the documents.
18     Have you had any discussions with him since you filed
19 the response at all?
20     MR. RAUSCHER: I haven't.
21     THE COURT: Okay.
22     MR. RAUSCHER: I haven't had a discussions, and while
23 the emails reflect some discussion, at times a call, but the
24 calls just didn't happen.
25     MR. EPSTEIN: Your Honor, we'd point out we've also

1  filed a motion to compel essentially seeking the same
2  discovery.
3              THE COURT: Right, right.
4              MR. EPSTEIN: So we kind of mirror Mr. Rauscher's
5  request on that. Obviously, there's ways around it. I mean,
6  we can issue a subpoena, but it seems like an easy vehicle.
7              THE COURT: The man has said that he has documents,
8  and he said in at least one or maybe more than one of the
9  emails to Mr. Rauscher that he's willing to produce the
10 "nonprivileged documents" that he has.
11             Well, here's what I'm going to do, then. Does your
12 motion to compel ask for the same materials that
13 Mr. Rauscher's asking for in his response to --
14             MR. EPSTEIN: Similar. I think ours might have been
15 a little bit more extensive, but basically there's a lot of
16 overlap. So, yeah, I would say the simple answer is yes. He
17 has what he has, I mean, so whatever it is --
18             THE COURT: Well, it may be that he asked for
19 something that you didn't ask for.
20             MR. EPSTEIN: I think not. I think not.
21             THE COURT: Okay. Well, so what I'm going to do is
22 I'm going to grant the defendant's motion to compel. That's
23 document No. 69. And the order should say that the ESG
24 defendants, all capitals, the ESG defendants are directed to
25 produce the responsive documents by two weeks from now, which

1 would be the 17th of January.

2 I'm going to enter and continue the motion to
3 withdraw to a date that I'll give you in a second. And the
4 order is going to go on to say that the court will not grant
5 the motion to withdraw until counsel produces the documents
6 requested by both plaintiff and the other defendants. So
7 we'll come up with a date for that in a second.

8 So where do we go from here? I mean, I know there's
9 this sort of relatively ancient motion for class cert which
10 was filed when you filed the lawsuit. So what's been done in
11 terms of discovery, much of anything?

12 MR. RAUSCHER: We've served discovery on everyone.
13 We have responses from Caribbean. We're in the meet and
14 confer process on that. And I think we're fairly close to
15 either resolving our issues or coming back here with a motion
16 if necessary.

17 THE COURT: And do you have a feel at this point for
18 how many depositions you're going to need to take?

19 MR. RAUSCHER: I don't yet.

20 THE COURT: I mean, I assume some of them are going
21 to be with the people who are probably not going to get
22 another lawyer once Mr. Sanscrainte is out.

23 MR. RAUSCHER: We'd ideally depose them. I think
24 it's going to be difficult to find them. It was difficult to
25 serve the one company that listed the treasurer or the person

1  who seems to be behind this at his home address, so it was
2  difficult to serve him initially.  But that's right.
3          THE COURT:  Okay.
4          MR. EPSTEIN:  We can sort out anything that relates
5  to any depositions of our people.  Obviously, mine are
6  available, and we'll get that sorted out.
7          We would expect to depose the plaintiff.
8          THE COURT:  Anybody else?  I mean, you might need to
9  depose the third parties as well.
10         MR. EPSTEIN:  Correct.
11         THE COURT:  I'm calling them third parties.  They're
12 really co-defendants.
13         MR. EPSTEIN:  Exactly.  I wasn't duplicating that,
14 but obviously we have a common interest there.  But
15 Mr. Rauscher and I will certainly work out any discovery,
16 further discovery or depositions of the CCL people.
17         THE COURT:  So do you have sort of class size
18 discovery?  Is that part of what's outstanding?
19         MR. RAUSCHER:  We do.
20         THE COURT:  And are you going to likely have that
21 material, or is that going to be --
22         MR. EPSTEIN:  No, we don't.  That's the thing.  We've
23 advised them of that in response to the discovery.  Our client
24 does not have the call records of the calls that were made.
25 They have certain records, but only of things that were calls

1  that were transferred to them, and that was a small fraction.
2      THE COURT: The hits basically, in other words.
3      MR. EPSTEIN: Yes, correct.
4      THE COURT: And you're looking for the whole scope,
5  not just the hits.
6      MR. RAUSCHER: We're looking for the whole thing, but
7  the hits are important because the hits are likely going to
8  be --
9      THE COURT: And from your discussions with
10 Mr. Sanscrainte do you have the impression that what he's got
11 is going to give you anything close to that?
12      MR. RAUSCHER: I don't from the discussions, but he
13 did note in one of his recent emails that he responded to
14 civil investigative demands. At least that's what I assume he
15 meant. And so I don't know what they'll say when we get
16 those.
17      THE COURT: So they may or may not have them.
18      MR. RAUSCHER: Right, we may or may not, but I think
19 we will almost certainly be able to meet --
20      THE COURT: So in terms of your meet and confer on
21 the discovery between the two of you, if I were to set this
22 over for three weeks, does that give you enough time to kind
23 of bring that to a head and get on file whatever you need to
24 get on file, if anything?
25      MR. RAUSCHER: I think it should. Right now I'm

1 waiting for answers to certain questions, so assuming we get
2 those, then yes.
3   MR. EPSTEIN: There was active discussions before the
4 holidays. Then the holidays, and we're back. So we'll get it
5 done fairly shortly.
6   THE COURT: So the enter and continue date on the
7 motion to withdraw is January the 24th at 9:30. That's going
8 to be your status date too.
9   Probably what I'm -- almost certainly what I'm going
10 to have you do at some point, Mr. Rauscher, within the next
11 couple of months is file an amended motion for class
12 certification, but we'll talk about that when you come back.
13 And so 9:30 on that date.
14   And my goal would be to have you have noticed up any
15 discovery-related motions relating to the current outstanding
16 stuff. And I guess if I were in your shoes I would assume
17 that you're going to need up to end up subpoenaing the people
18 with ESG, and just sort of figure out how you're going to go
19 about doing that.
20   I assume they're not in Illinois.
21   MR. RAUSCHER: No. As far as we know, none of them
22 are in Illinois.
23   THE COURT: Okay.
24   MR. RAUSCHER: Your Honor, can I ask you a question
25 to clarify the order on Mr. Sanscrainte?

1  THE COURT: You can ask. I'm not sure I'll be able
2 to answer it, but go ahead.
3  MR. RAUSCHER: The question is whether he is going to
4 be able to withhold documents that he thinks are privileged or
5 work product.
6  THE COURT: Well, yeah. I mean, that would sort of
7 be the norm, wouldn't it? Is there some reason why I
8 shouldn't let him do that? Because he waited too long?
9  MR. RAUSCHER: He waited too long.
10  THE COURT: Let's see what he does. Let's see what
11 he does and then we'll sort of take it from there. I mean,
12 there is a certain amount of leverage I have over him since he
13 wants out and keeps saying I'm not a litigation attorney. It
14 sort of begs the question of why he filed his appearance in
15 the first place, but that's an issue for another day.
16  MR. RAUSCHER: Well, one of the issues we have with
17 the privilege thing is he noted in one of his responses to me
18 that he thought that documents he produced to estates would be
19 privileged.
20  THE COURT: Oh, that will be an interesting one.
21 That will be an interesting one.
22  Did I give a date for him to produce the documents in
23 response to the motion to compel? Did I say 14 days?
24  THE CLERK: The 17th.
25  THE COURT: 17th. Okay. All right.

1  So, well, you'll find out. And, you know, he's not
2  out until I let him out, and in fact I'm going to put in the
3  order that Mr. Sanscrainte is ordered to appear in person at
4  the status hearing. So maybe that will get him to produce
5  more stuff rather than less.
6  Take care.
7  MR. RAUSCHER: Thank you.
8  MR. EPSTEIN: Thank you, your Honor.
9  MR. HUDSON: Thanks, Judge.

\* \* \* \* \* \* \*

C E R T I F I C A T E

I hereby certify that the foregoing is a true and
correct transcript of the above-entitled matter.

/s/ Valarie M. Ramsey                    01-16-2013

Court Reporter                                    Date