**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| GRANT BIRCHMEIER, STEPHEN PARKES, SUSAN VIGUS, and REGINA STONE, on behalf of themselves and classes of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC.,<br><br>*Defendants*. | Case No. 1:12-cv-04069<br><br>***Related to*:** Case No. 1:13-cv-00903<br><br>Case No. 1:13-cv-00908<br><br>Honorable Matthew F. Kennelly |

## CONSOLIDATED COMPLAINT

Plaintiffs, Grant Birchmeier ("Birchmeier"), Stephen Parkes ("Parkes"), Susan Vigus ("Vigus"), and Regina Stone ("Stone," and together with Birchmeier, Parkes, and Vigus, "Plaintiffs"), on behalf of themselves and classes of others similarly situated, for their Consolidated Complaint against Defendants Caribbean Cruise Line, Inc. ("Caribbean Cruise Line"), Economic Strategy Group, Economic Strategy Group, Inc., Economic Strategy LLC (collectively the "Economic Strategy Group Companies"), The Berkley Group, Inc. ("Berkley Group"), and Vacation Ownership Marketing Tours, Inc. ("VOMT," and collectively, "Defendants"), state as follows:

### Introduction

1.      During at least the past eighteen months, Defendants have embarked on a venture to systematically call thousands of consumers on their cellular and landline telephones to offer them a "free" cruise package from Caribbean Cruise Line in exchange for taking a supposed

political survey conducted by an entity claiming to be "Political Opinions of America" ("POA"). This survey is little more than a pretext for unsolicited telemarketing, which, as the Washington Attorney General's Office has described, involves "the patent illegality of commercial robo-calling and misrepresentations that it's a political poll." Not only is the "free" cruise not free, the survey is simply a marketing tool with no legitimate political basis.

2. Nor is POA a legitimate survey organization. When operative, POA's website provided no contact information, and although POA purportedly "works with many of [*sic*] Non Profit and Political research organizations in conduction surveys and opinion polls on the nations [*sic*] top issues," its website identified no such clients, surveys, or opinion polls.

3. The Economic Strategy Group Companies do not appear to conduct any business other than sham surveys. POA and the Economic Strategy Group Companies are a front, used to sell vacation packages and time share condominiums for Berkley, Caribbean Cruise Line, and VOMT. To that end, Defendants collectively launched a massive "robo-calling" campaign, indiscriminately calling consumers while misrepresenting themselves as conducting a political survey. Robo-dialing campaigns are regulated by federal law because of the potential for such campaigns to harass millions of telephone subscribers per month.

4. Each time Defendants called a Class member's telephone to perpetuate this scheme, they knowingly violated the Telephone Consumer Protection Act's ("TCPA") prohibitions against calling telephone numbers using an automated telephone dialing system ("ATDS") and/or artificial or prerecorded voice. *See* 47 U.S.C. § 227, *et seq*.

5. Plaintiffs seek to recover statutorily set damages as well as treble damages from Defendants for their repeated violations of the TCPA.

**Jurisdiction and Venue**

6. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. Venue is proper pursuant to 28 U.S.C. § 1391 as a substantial part of the conduct giving rise to the claims occurred here.

**Parties and Other Entities**

*Plaintiffs*

7. Named Plaintiff Birchmeier is a natural person domiciled in Illinois, with a cellular telephone number that has a suburban Chicago area code. Birchmeier personally experienced the misconduct alleged herein when he received a telephone call made by or on behalf of Defendants on his cellular telephone.

8. Named Plaintiff Parkes is a natural person domiciled in Illinois, with a cellular telephone number that has a Chicago area code. Parkes personally experienced the misconduct alleged herein when he received multiple telephone calls made by or on behalf of Defendants on his cellular telephone.

9. Named Plaintiff Vigus is a natural person domiciled in Missouri. Vigus personally experienced the misconduct alleged herein when she received unsolicited telephone calls made by or on behalf of Defendants on her cellular telephone.

10. Named Plaintiff Stone is a natural person domiciled in Louisiana. She personally experienced the misconduct alleged herein when she received multiple telephone calls made by or on behalf of Defendants on her cellular and landline telephones.

*Defendants*

11. Defendant Caribbean Cruise Line, Inc. is a corporation incorporated and existing under the laws of the State of Florida, with its principal place of business located at 2419 E.

Commercial Boulevard, Suite 100, Fort Lauderdale, Florida 33308. Caribbean Cruise Line does not operate its own cruise ships, but instead places travelers on the MV Bahamas Celebration, which is operated by Celebration Cruise Line. According to their most recent Annual Reports, Caribbean Cruise Line and Celebration Cruise Line are headquartered in the same office building in Fort Lauderdale, Florida. In addition, Caribbean Cruise Line and Celebration Cruise Line are run by the same principals, as is VOMT. Moreover, Caribbean Cruise Line's principal place of business is listed as the mailing address for National Travel Service, Inc. on that company's annual report filed with the Florida Secretary of State. In 2000, National Travel Service, Inc. entered into a settlement agreement with Attorney Generals' from 16 states and the District of Columbia for running a scam involving "free" vacation packages.

12. Defendant Economic Strategy Group is a political action committee registered with the Federal Election Commission ("FEC"), with a Delaware address and a Delaware registered agent. According to documents it filed with the FEC, Economic Strategy Group has neither raised nor disbursed any money since its founding in November 2011.

13. Defendant Economic Strategy Group, Inc. is a corporation incorporated and existing under the laws of the State of Delaware that was formed in September 2011.

14. Defendant Economic Strategy LLC is a (now dissolved) limited liability company incorporated and existing under the laws of the State of Florida, with its principal place of business located at 10060 Lake Cove Drive, K101, Fort Meyers, Florida 33908. The manager and registered agent of Economic Strategy LLC is Jacob DeJongh, who also serves as the treasurer of Economic Strategy Group, the political action committee.

15. Defendant The Berkley Group, Inc. is a corporation incorporated and existing under the laws of the State of Florida, with its principal place of business located at 3015 N. Ocean Boulevard, Fort Lauderdale, Florida 33308.

16. Defendant Vacation Ownership Marketing Tours, Inc. is a corporation incorporated and existing under the laws of the State of Florida, with its principal place of business located at 2419 E. Commercial Boulevard, Suite 100, Fort Lauderdale, Florida 33308, the same address as Defendant Caribbean Cruise Line. VOMT is the primary marketing vendor for the Berkley Group, and through that contractual relationship, the Berkley Group expressly acknowledges that VOMT will utilize affiliated companies in carrying out its duties to the Berkley Group.

17. Non-party Political Opinions of America ("POA") is a front for Defendants to sell "free" cruise packages and time shares to unsuspecting consumers. POA is one of a number of fake survey groups set up to sell Defendants' vacation packages; others include "EFA Survey Group," "ERG Research Group," the "Independent Survey Group," and "United Public Opinion Group."

**General Factual Background**

18. Using an ATDS and/or prerecorded messages, i.e., "robo-calling", is a cheap and efficient method of reaching millions of consumers nationwide. Defendants acquired or randomly generated lists of phone numbers and dialed those phone numbers using automated dialing equipment and then delivered messages using an artificial or prerecorded voice. The numbers called by Defendants included both cellular telephone and residential landline numbers. Defendants placed (or directed to be placed for their own benefit and on their behalf), the robo-calls from numerous telephone numbers with area codes from around the country.

19. Defendants conducted this activity by robo-calling consumers to offer a "free" cruise if the call recipient took a survey, which was nothing more than a sham designed to help Defendants sell vacation packages and time shares.

20. Consumers robo-called by Defendants did not, in any capacity, consent to receive such calls. Instead, Defendants placed (or directed to be placed for their benefit and on their behalf) calls from a third-party or randomly generated list of phone numbers without authorization.

21. According to its website, Caribbean Cruise Line offers consumers a "free round-trip Caribbean Cruise Line cruise with meals and entertainment included to and from Grand Bahama Island, with no purchase necessary."

22. In exchange for the purportedly free cruise, passengers are required to attend "a presentation on the sale" of a Berkley Group time share.

23. VOMT, which is owned and operated by the same individuals (and out of the same office) as Caribbean Cruise Line, is a marketing partner of both Caribbean Cruise Line and the Berkley Group, and all of those entities directly benefited from the calls that Plaintiffs and the putative Classes received.

24. Defendants each were aware that the above described robo-calls were being made either by them directly or on their behalf, and that the robo-calls were being made to consumers without Defendants engaging in any mechanism to obtain valid express consent to make such calls. Because the robo-calls were made by or on behalf of all Defendants, and each Defendant individually monetarily (and knowingly) benefited from the calls, all Defendants are liable for violating the TCPA's prohibition on calling telephones using an artificial or prerecorded voice without prior express consent.

**Facts Relating to Named Plaintiffs**

25. As described below, Defendants made robo-calls to each of the Plaintiffs in which they were offered a free cruise for taking a purported survey.

26. On May 7, 2012, a telephone call was made to Birchmeier's cellular telephone number by or on behalf of POA using an ATDS and/or an artificial or prerecorded voice to deliver a message. Upon answering the call, Birchmeier was greeted by a recorded message informing him that he would receive a free cruise if he took a political survey.

27. In 2012, at least nine calls were made to Parkes' cellular telephone number by or on behalf of POA using an ATDS and/or delivering a message using an artificial or prerecorded voice. Parkes repeatedly tried to remove himself from POA's call list by following recorded prompts that purport to remove telephone numbers from POA's call list, but Defendants failed to honor those requests and continued making unwanted calls.

28. Between April 27, 2012 and June 20, 2012, numerous phone calls were made to Plaintiff Stone's two cellular telephone numbers and a landline telephone number by or on behalf of POA, using an ATDS and/or delivering a message using an artificial or prerecorded voice. When Stone answered the calls, she heard a recorded voice promoting a free cruise in exchange for answering a series of questions. The robo-calls stated that the questions and call were on behalf of "Political Opinions of America" and/or "Independent Survey Group." Stone's cellular and landline telephone numbers have been registered with the National Do Not Call Registry since at least 2009.

29. In 2012, at least two telephone calls were made to Vigus' cellular telephone number by or on behalf of POA using an ATDS and/or an artificial or prerecorded voice to deliver a message. The prerecorded calls indicated that Vigus would receive two free cruise tickets in exchange for taking an automated survey.

7

30. The above-described calls violated the TCPA's restrictions on a) using an automated telephone dialing systems and/or an artificial or prerecorded voice to call cellular telephone numbers and/or b) using an artificial or prerecorded voice to deliver a message to a residential telephone line that included the transmission of a telephone solicitation or an unsolicited advertisement. Further, Defendants acted "knowingly" within the meaning of the TCPA by knowingly calling consumers' telephones using an automated telephone dialing systems and/or an artificial or prerecorded voice to make such calls. Pursuant to 47 U.S.C. § 227(b)(3), Plaintiffs are entitled to the greater of the amount of their actual damages or $500 per call together, trebled.

### Class Allegations

31. Plaintiffs jointly seek to represent themselves and a class of others similarly situated, which is defined as follows:

> **Cellular Telephone Class:** All persons in the United States to whom (1) one or more telephone calls were made by, on behalf of, or for the benefit of the Defendants; (2) purportedly offering a free cruise in exchange for taking an automated survey; (3) which delivered a message using a prerecorded or artificial voice; (4) to a telephone number assigned to a cellular service; (5) since May 24, 2008.

Plaintiff Stone seeks to represent herself and a class of others similarly situated, which is defined as follows:

> **Landline Telephone Class:** All persons in the United States to whom (1) one or more telephone calls were made by, on behalf of, or for the benefit of the Defendants; (2) purportedly offering a free cruise in exchange for taking an automated survey; (3) which delivered a message using a prerecorded or artificial voice; (4) to a residential landline telephone number; (5) since May 24, 2008.

32. Excluded from the Classes are 1) Defendants, Defendants' agents, subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current and former employees, officers, and directors; 2) the Judge

8

or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family; 3) persons who execute and file a timely request for exclusion; 4) the legal representatives, successors, or assigns of any such excluded person; and 5) Plaintiffs' counsel and Defendants' counsel.

33. The individuals in the Classes are so numerous that joinder of all members is impractical. Plaintiffs estimate that the Classes number in at least the thousands because, *inter alia*,

   a. Upon information and belief, Caribbean Cruise Line is responsible for booking approximately 30% of all passengers who travel on Celebration Cruise Line's 1,500 passenger cruise ship, which sails every two days (meaning that Celebration Cruise Line can carry 3,000 or more passengers each week, and that Caribbean Cruise Line is booking up to 1,000 of those passengers). To book such a high number of passengers through its telemarketing efforts, Caribbean Cruise Line must contact a significantly higher number of potential passengers each week. Thus, Caribbean Cruise Line is undoubtedly contacting many thousands of Class members each week; and

   b. Hundreds of complaints appear online related to receiving unwanted robo-calls from POA.

34. There are many questions of law and fact common to the claims of Plaintiffs and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

   a. Whether Defendants have a policy or practice of using artificial or prerecorded voice messaging to make telemarketing calls;

   b. Whether Defendants have proper procedures in place to prevent the use of artificial or prerecorded voice messaging when making telemarketing calls;

   c. Whether Defendants systematically place calls using a prerecorded or artificial voice to persons that did not previously provide Defendants with consent to call their respective telephone numbers;

9

    d.   Whether the calls made by Defendants using a prerecorded or artificial voice violated Class members' respective rights to privacy;

    e.   Whether Defendants violated the TCPA; and

    f.   Whether the Defendants acted knowingly in violating the TCPA.

35.    The Named Plaintiffs' claims are typical of the claims of other members of the Classes, in that Plaintiffs and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telemarketing activities. Specifically, each Plaintiff received an unsolicited robo-call purporting to be on behalf of POA offering vacation packages in exchange for taking a political survey.

36.    The Named Plaintiffs will fairly and adequately represent the interests of the Classes. The Named Plaintiffs have retained skilled counsel with experience in federal and class action litigation to represent the Class. Plaintiffs have no interest antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiffs.

## COUNT I

**Violation of the TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii)**
**(On behalf of Plaintiffs and the Cellular Telephone Class, as against all Defendants)**

37.    Plaintiffs incorporate each and every paragraph of this complaint as if fully set forth herein.

38.    Defendants and/or their agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Cellular Telephone Class without their prior express consent.

39.    Defendants and/or their agents made unsolicited telephone calls to cellular telephone numbers belonging to Plaintiffs and the other members of the Cellular Telephone Class using a prerecorded or artificial voice, more commonly known as a "robo-call."

40. By making, or having made on their behalf, the unsolicited robo-calls utilizing an artificial or prerecorded voice to Plaintiffs' and the Cellular Telephone Class's cellular telephones without prior express consent, Defendants violated 47 U.S.C. § 227 (b)(1)(A)(iii).

41. As a result of Defendants' unlawful conduct, Plaintiffs and the members of the Cellular Telephone Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls—including, but not limited to the cost for each call—and therefore, Plaintiffs, on behalf of themselves and the other members of the Cellular Telephone Class, seek an Order under section 227(b)(3)(B) awarding a minimum of $500 in damages for each of Defendants' violations of the TCPA.

42. Further, Plaintiffs, on behalf of themselves and the other members of the Cellular Telephone Class, seek an Order under section 227(b)(3)(A) of the TCPA enjoining Defendants' unlawful telephone calling activities described in this Complaint.

43. By all of the above, the Defendants engaged in knowing violations of the TCPA's restriction on using artificial or prerecorded voice to call Plaintiffs' and Cellular Telephone Class members' telephones.

44. Should the Court determine that Defendants' conduct was knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiffs and the other members of the Cellular Telephone Class.

## COUNT II

**Violation of the TCPA, 47 U.S.C. § 227(b)(1)(B)**
**(On behalf of Plaintiff Stone and the Landline Telephone Class, as against all Defendants)**

45. Plaintiff Stone incorporates each and every paragraph of this complaint as if fully set forth herein.

46. Defendants and/or their agents made unsolicited telephone calls to residential landline telephone numbers belonging to Plaintiff Stone and the other members of the Landline Telephone Class without their prior express consent.

47. Defendants and/or their agents made unsolicited telephone calls to telephone numbers belonging to Plaintiff Stone and the other members of the Landline Telephone Class using a prerecorded or artificial voice, more commonly known as a "robo-call."

48. By making, or having made on their behalf, the unsolicited robo-calls utilizing an artificial or prerecorded voice to Plaintiff Stone and the other members of the Landline Telephone Class's landline telephones without prior express consent, Defendants have violated 47 U.S.C. § 227(b)(1)(B).

49. Plaintiff Stone, on behalf of herself and the other members of the Landline Telephone Class, seeks an Order under section 227(b)(3)(B) awarding a minimum of $500 in damages for each of Defendants' violations of the TCPA.

50. Further, Plaintiff Stone, on behalf of herself and the other members of the Landline Telephone Class, seeks an Order under section 227(b)(3)(A) of the TCPA enjoining Defendants' unlawful telephone calling activities described in this Complaint.

51. By all of the above, Defendants engaged in knowing violations of the TCPA's restriction on using artificial or prerecorded voice to call Plaintiff Stone's and the other members of the Landline Telephone Class's residential landline telephones.

52. Should the Court determine that Defendants' conduct was knowing, it may, under section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff Stone and the other members of the Landline Telephone Class.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

1. An order certifying the Classes, as defined above: appointing Plaintiffs Grant Birchmeier, Stephen Parkes, Regina Stone, and Susan Vigus, as Class Representatives; and appointing Interim Co-Lead Counsel Jay Edleson of Edelson LLC and Scott R. Rauscher of Loevy & Loevy as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited phone call activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable.

| By: /s/ Jay Edelson | By: /s/ Scott R. Rauscher |
|---|---|
| *Counsel for Stone, and Interim Co-Lead Counsel* | *Counsel for Birchmeier and Parkes, and Interim Co-Lead Counsel* |
| Jay Edelson<br>Rafey S. Balabanian<br>Christopher L. Dore<br>Eve-Lynn J. Rapp<br>EDELSON LLC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Telephone: (312) 589-6370<br>Email: jedelson@edelson.com<br>rbalabanian@edelson.com<br>cdore@edelson.com<br>erapp@edelson.com | Scott R. Rauscher<br>Jonathan I. Loevy<br>Arthur R. Loevy<br>Michael I. Kanovitz<br>LOEVY & LOEVY<br>312 N. May Street, Suite 100<br>Chicago, Illinois 60607<br>Telephone: (312) 243-5900<br>Email: scott@loevy.com<br>jon@loevy.com<br>loevylaw@loevy.com<br>mike@loevy.com |

| | |
|---|---|
| Scott D. Owens<br>LAW OFFICES OF SCOTT D. OWENS, ESQ.<br>664 East Hallandale Beach Boulevard<br>Hallandale, Florida 33009<br>Telephone: (954) 306-8104<br>Email: scott@scottdowens.com | |
| *Counsel for Vigus*<br><br>George Lang<br>ANDERSON & WANCA<br>3701 Algonquin Road, Suite 760<br>Rolling Meadows, Illinois 60008<br>Telephone: (847) 368-1500<br>Email: glang@andersonwanca.com<br><br>John S. Steward, #45932<br>Steward Law Firm, LLC<br>1717 Park Avenue<br>St. Louis, Missouri 63104<br>Telephone: (314) 571-7134<br>Email: Glaw123@aol.com | |