**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| GRANT BIRCHMEIER, STEPHEN PARKES, and REGINA STONE, on behalf of themselves and a class of others similarly situated, | Case No. 1:12-cv-04069 |
| *Plaintiffs*, | Honorable Matthew F. Kennelly |
| *v.* | |
| CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC., | |
| *Defendants.* | |

## PLAINTIFFS' MOTION FOR APPROVAL OF CLASS NOTICE PLAN

Plaintiffs Grant Birchmeier, Stephen Parkes, and Regina Stone ("Plaintiffs"), respectfully move the Court for approval of their proposed Notice Plan, which fully satisfies all requirements under Rule 23(c) and Due Process. In support of their Motion, Plaintiffs state as follows:

## I.      INTRODUCTION

On August 11, 2014, the Court entered an Order in this case certifying two Classes under Rule 23(b)(3)—a Landline Class and a Cellular Telephone Class—defined as:

> All persons in the United States to whom (1) one or more telephone calls were made by, on behalf, or for the benefit of the Defendants, (2) purportedly offering a free cruise in exchange for taking an automated public opinion and/or political survey, (3) which delivered a message using a prerecorded or artificial voice; (4) between August 2011 and August 2012, (5) whose (i) telephone number appears in Defendants' records of those calls and/or the records of their third party telephone carriers or the third party telephone carriers of their call centers[1] or (ii) own records prove that they received the calls—such as their telephone records, bills, and/or recordings of the calls—and who submit an affidavit or claim form if necessary to describe the content of the call.

---

[1]      To date, Plaintiffs have obtained approximately 930,000 unique phone numbers from Defendants' records and/or the records of their third party telephone carriers ("Defendants' Records"), through the course of discovery.

(the "Classes"). (Dkt 241.)

Following the Court's Certification Order, and to ensure that notice complied with Due Process and Rule 23(c)(2), Plaintiffs solicited bids from three reputable class action administrators experienced in developing and implementing notice plans in complex class actions. Plaintiffs ultimately retained Kurtzman Carson Consultants ("KCC"), and with its assistance, developed the proposed notice plan (the "Notice Plan").[2] As described in detail below, Plaintiffs propose a four-part Notice Plan that includes: (1) individual postcard notice to those who can be identified with reasonable effort; (2) an online media campaign in the form of banner advertisements; (3) print publication notice in multiple publications; and (4) a dedicated case website that provides additional information for Class members. The Notice Plan is designed to yield the best notice practicable under the circumstances and to otherwise satisfy the requirements of Rule 23(c)(2)(B) and Due Process. Accordingly, Plaintiffs respectfully request that the Court approve their proposed Notice Plan.

## II.  THE PROPOSED NOTICE PLAN IS THE BEST PRACTICABLE UNDER THE CIRCUMSTANCES.

Rule 23(c)(2)(B) provides that "[f]or any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2558 (2011). Class notice must be "reasonably calculated, under all circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *F.C.V., Inc. v. Sterling Nat. Bank*, 652 F. Supp. 2d 928, 944 (N.D. Ill. 2009). Further, Rule 23 "accords considerable discretion to a district court in fashioning notice" and seeks "cooperative ingenuity on the part of counsel and the court in

---

[2]     The proposed Notice Plan is attached to the Declaration of Daniel Rosenthal as Exhibit 1.

determining the most suitable notice in each case." *Tylka v. Gerber Prods. Co.*, 182 F.R.D. 573, 578 (N.D. Ill. 1998) (quotations and citations omitted). The Federal Judicial Center has concluded that a notice plan that reaches at least 70% of the class is reasonable. Federal Judicial Center, Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010), p. 3. Here, Plaintiffs propose that class notice be disseminated through a comprehensive, four-pronged approach that is designed to exceed that target.

***First,*** Plaintiffs will provide "individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c). In this case, Plaintiffs believe that they will be able to provide individual notice through reasonable effort to a large portion of those "whose (i) telephone number appears in Defendants' records of those calls and/or the records of their third party telephone carriers or the third party telephone carriers of their call centers." The first step in providing this direct notice was determining which of the numbers were wireless and which were wireline (also referred to as landline) on the relevant dates. Neustar, Inc.—the entity responsible for managing and routing all telephone numbers and calls in the United States—has that information, and Plaintiffs served Neustar with a subpoena requesting that it identify each of the telephone carriers that own the telephone numbers appearing in Defendants' Records, and determine whether the number was a landline or cellular telephone number. Neustar has done so, and provided that no carriers object, Neustar will release the information that Plaintiffs have requested shortly.[3]

After Plaintiffs receive the breakdown of wireless and wireline numbers from Neustar, Plaintiffs will serve subpoenas on the top cellular telephone carriers—which Plaintiffs anticipates will cover at least 90% of the wireless numbers appearing in the records produced in this case—and

---

[3] Specifically, Plaintiffs requested that Neustar notify the top 41 carriers, which were assigned more than 900,000 of the approximately 930,000 numbers on the relevant dates. The remaining numbers (approximately 30,000) were assigned to more than 1,700 other carriers during the relevant time period.

request that they produce the addresses of each individual who owned the cellular telephone number on the specific date and time the number was called.[4]/[5] To obtain the addresses of people whose landline phone numbers appear in Defendants' Records, KCC will perform a "reverse look-up" to determine any mailing address(es) associated with those numbers. (*See* The Declaration of Dan Rosenthal attached hereto as Exhibit 1, ¶ 15.) KCC will then send post card notice through U.S. First Class Mail to all of the addresses obtained—*i.e.* to the wireless subscribers whose information is obtained from the carriers and to the wireline subscribers whose information is obtained from KCC's reverse look-up process ("Postcard Notice"). (*Id.*)[6]/[7] The proposed form of the Postcard Notice is attached to the Rosenthal Declaration as Attachment A.

*Second*, KCC will supplement the direct mail postcard notice with Internet banner ads on the XPN Network, which allows access to several thousand of premium high quality websites, and 800Notes.com (the "Banner Notices"). (Rosenthal Declaration ¶ 23.) These ads will run for one month, contain active hyperlinks to the Case Website, and are designed to generate 115 million *unique* impressions. (*Id.*) The proposed Banner Notices are attached to the Rosenthal Declaration as Attachment C.

*Third*, in addition to the direct mail, postcard notice, and the Internet banner ads, KCC will

---

[4]    Neustar informed Plaintiffs that there were more than 1,800 total telephone carriers that were assigned to the relevant numbers on the dates of the calls at issue in this case. Put differently, if Plaintiffs wanted to provide individual notice to each Class member (both wireline and wireless) by serving a subpoena on their telephone carriers, Plaintiffs would be required to serve more than 1,800 subpoenas. Plaintiffs respectfully submit that serving 1,800 subpoenas to provide individual notice to a small additional number of Class members would not be a reasonable course of action in this case, given that over 90% of the wireless numbers were assigned to a small number of carriers, and Plaintiffs will serve those carriers directly.

[5]    This process is in line with what Defendant's expert, Debra Aron, opined would be required to obtain historical subscriber information for cellular telephone subscribers. (*See* Dkt. 233-1.)

[6]    KCC will likewise confirm the address of the roughly 33,000 individuals for whom Defendants have already provided name and address information and send them the Postcard Summary Notice as well. (Rosenthal Declaration ¶ 15.)

[7]    To the extent any of the postcard notices are returned as undeliverable, they will be re-mailed to any address available through postal service information. (Rosenthal Declaration ¶ 18.)

also provide print publication notice by placing the a summary publication notice in newspapers in the top ten metropolitan statistical areas, as well as in the leading consumer magazine (the "Summary Publication Notice"). (Rosenthal Declaration ¶¶ 20-22.) Specifically, a one-time eighth of a page Summary Publication Notice will be placed in the *New York Daily News*, *Los Angeles Times*, *Chicago Tribune*, *Dallas Morning News*, *Philadelphia Inquirer*, *Miami Herald*, *Houston Chronicle*, *Washington Post*, *Atlanta Journal-Constitution*, and the *Boston Globe*. (*Id.* ¶ 20.) A one-time third of a page Summary Publication Notice will be placed in *People*. (*Id.* ¶ 22.) The proposed Summary Publication Notice is attached to the Rosenthal Declaration as Attachment B.

***Fourth***, the direct-mail postcard, Internet banner ads, and print publication notices will each direct Class members to a website, www.BerkleyCaribbeanCruiseClassAction.net (the "Case Website"), which will be created and maintained by KCC. (Rosenthal Declaration ¶ 24.) The Case Website is an easily remembered domain that will contain the traditional "long form" notice (the "Website Long Form Notice"), will provide access to relevant Court documents, and will provide Class members with additional information about the litigation and their options and rights, as well as a toll-free number where they can get additional information and the contact information for Class Counsel and KCC.[8] (*Id.*) The proposed Website Long Form Notice is attached to the

---

[8]      The Manual For Complex Litigation confirms that using a dedicated website to provide supplemental information is an effective notice technique:

> Posting notices on dedicated Internet sites, likely to be visited by class members and linked to more detailed certification information, is a useful supplement to individual notice, might be provided at a relatively low cost, and will become increasingly useful as the percentage of the population that regularly relies on the Internet for information increases. An advantage of Internet notice is that follow- up information can easily be added, and lists can be created to notify class members of changes that may occur during the litigation. Similarly, referring class members to an Internet site for further information can provide complete access to a wide range of information about a class settlement. Many courts include the Internet as a component of class certification and class settlement notice programs.

Rosenthal Declaration as Attachment D. Plaintiffs submit that Defendants should be ordered to include a link to that Case Website on their own websites.

The direct post-card notice, publication notices, and website Notice Plan is consistent with other effective court-approved notice plans, is the best practicable notice to the Classes under the circumstances, and complies with Rule 23 and Due process. (Rosenthal Declaration ¶¶ 28, 30.) Plaintiffs propose the deadline for a Class member to request to be excluded be sixty days (60) days after the Notice Plan has been fully effectuated.

## III. THE PROPOSED NOTICES ARE EASY TO READ AND UNDERSTAND, AND THUS, COMPORT WITH RULE 23 AND DUE PROCESS.

To satisfy Rule 23(c)(2)(B), the class notice must concisely state in plain, easy-to-understand language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through counsel if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on class members under Rule 23(c)(3). "The federal judicial center has created illustrative clear-notice forms that provide a helpful starting point for actions similar to those described in the forms." Adv. Cmte. Notes (2003) to Fed. R. Civ. P. 23(c). Ultimately, notice is "adequate if it may be understood by the average class member." ALBA CONTE & HERBERT B. NEWBERG, 4 NEWBERG ON CLASS ACTIONS, §11:53, 167 (4th ed. 2002).

Here, the Postcard, Summary Publication and Website Long Form Notices are based upon the question and answer format suggested by the Federal Judicial Center and comply with Rule 23(c)(2)(B) and Due Process. (Rosenthal Declaration ¶ 30.) The Post Card Notice and Summary Publication Notice is concise and written in plain, easy-to-understand language. (*Id.* ¶¶ 5, 29.) It

ANN. MANUAL COMPLEX LIT. § 21.311 (4th ed.).

provides a concise description of the defined Classes, along with a basic description of the nature of the action and class claims. (*See* Rosenthal Declaration, Attachment A.) The Summary Publication Notice informs each Class member: that he or she may enter an appearance through counsel if the member so desires; of the binding effect of a class judgment on Class members, and that the Court will exclude from the Classes any member who requests exclusion. (*See* Rosenthal Declaration, Attachment B.) If any Class member wants additional information, the Summary Publication Notice provides a toll free telephone numbers where they can speak to a claims administrator and Class Counsel, as well as a website address at which they can view Court documents. (*Id.*)

The Website Long Form Notice also uses easy-to-understand language to provide additional information about the lawsuit. (Rosenthal Declaration ¶¶ 24, 29.) The first page of the Long Form Website Notice provides a basic description of the nature of the action. (*See* Rosenthal Declaration, Attachment D.) This information is further explained in the Answers to Questions Nos. 1-9, which describe the posture of the action, the class claims, the issues, allegations, Defendants' response, and the relief sought. (*Id.*) The Answers to Questions 10-12 provide a description of the Classes and explain how to determine if a person is a member. (*Id.*) And, if potential Class members are still unsure as to whether they are included, Answer to Question 12 encourages them to call Class Counsel for further help. (*Id.*)

The Answer to Question 13 provides an explanation of the rights of Class members should they elect to remain as Class members in the action and informs each Class member about the binding effect of a class judgment on them. (*Id.*) The Answer to Question 17 explains that each Class Member may enter an appearance through their own counsel if they so desire. (*Id.*) The Answers to Questions 14-15 explain that the court will exclude from the class any member who requests exclusion and the time and manner for requesting exclusion. (*Id.*) If further information is desired, the Answer to Question 22 informs Class members that more information is available by

calling Class Counsel and/or the class action administrator. (*Id.*)

In sum, the format and language of each form of notice has been drafted so that it is conveyed in plain language, easy to read, and will be readily understood by the members of the Classes. (Rosenthal Declaration ¶ 29.) As such, Plaintiffs' proposed Notice Plan satisfies the requirements of Rule 23 and Due Process and should be approved by the Court. (*Id.* ¶ 30.)

## IV. CONCLUSION

For the reasons discussed above, Plaintiffs Grant Birchmeier, Stephen Parkes, and Regina Stone respectfully request that the Court enter an Order (1) approving the proposed Notice Plan, finding that it satisfies the requirements of both Rule 23 and Due Process, (2) authorizing notice be sent by U.S. First Class Mail to all Class members for whom Plaintiffs have addresses through the dissemination of the Postcard Notice, (3) authorizing the dissemination of the online media campaign through the Internet Banner Notices contemplated by the Notice Plan (4) authorizing the dissemination of the Summary Publication Notice as contemplated by the Notice Plan (5) authorizing the creation of the Case Website that contains the Website Long Form Notice, and (6) directing that Defendants include a link to the Case Website on their own websites.

Date: October 15, 2014                    By: /s/          Scott R. Rauscher

Date: October 15, 2014                    By: /s/          Rafey S. Balabanian

| | |
|---|---|
| Jay Edelson | Scott R. Rauscher |
| jedelson@edelson.com | scott@loevy.com |
| Rafey S. Balabanian | Michael I. Kanovitz |
| rbalabanian@edelson.com | mike@loevy.com |
| Eve-Lynn J. Rapp | Jonathan I. Loevy |
| erapp@edelson.com | jon@loevy.com |
| EDELSON PC | LOEVY & LOEVY |
| 350 North LaSalle Street, Suite 1300 | 312 N. May Street, Suite 100 |
| Chicago, Illinois 60654 | Chicago, Illinois 60607 |
| Tel: 312.589.6370 | Tel: 312.243.5900 |

| Fax: 312.589.6378 | Fax: 312.243.5902 |
|---|---|
| *Counsel for Stone and the Classes* | *Counsel for Birchmeier and Parkes and the Classes* |
| Scott D. Owens<br>scott@scottdowens.com<br>LAW OFFICES OF SCOTT D. OWENS, ESQ.<br>664 East Hallandale Beach Boulevard<br>Hallandale, Florida 33009<br>Tel: (954) 306-8104<br><br>*Counsel for Stone* | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Eve-Lynn J. Rapp, an attorney, hereby certify that on October 15, 2014, I caused the foregoing to be filed by the Court's CM/ECF system and to be served on all counsel of record.


/s/     Eve-Lynn J. Rapp