IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GRANT BIRCHMEIER, STEPHEN PARKES, and REGINA STONE, on behalf of themselves and a class of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC.,<br><br>*Defendants*. | Case No. 1:12-cv-04069<br><br>Honorable Matthew F. Kennelly |

**PLAINTIFFS' MOTION FOR ORDER COMPELLING T-MOBILE US, INC.
TO PRODUCE CALIFORNIA SUBSCRIBER INFROMATION**

Plaintiffs Grant Birchmeier, Stephen Parkes, and Regina Stone (collectively the "Plaintiffs"), by and through Class Counsel, hereby submit this Motion requesting that the Court enter an order requiring non-party T-Mobile US, Inc. ("T-Mobile") to produce the name and address information of its California subscribers in response to Plaintiffs' October 30, 2014 and November 14, 2014 subpoenas. In support of the instant Motion, Plaintiffs state as follows:

**FACTS AND RELEVANT PROCEDURAL BACKGROUND**

On August 18, 2014, this court entered an order granting Plaintiffs' Motion for Class Certification. (Dkt. 241.) Subsequently, and as part of Plaintiffs' class notice efforts, on October 30, 2014, Plaintiffs' Counsel issued a subpoena to T-Mobile (amongst other carriers) requesting that it produce the name and address information for the approximately 42,000 numbers that had been identified and produced by Defendants during discovery as receiving the calls at issue in the case, and thereafter, identified by non-party Neustar, Inc. as belonging to T-Mobile on the date the calls

1

were received (the "October 30th Subpoena"). Thereafter, in response to T-Mobile's suggestion that Plaintiffs improperly issued the October 30th Subpoena to "T-Mobile USA, Inc." rather than "T-Mobile US, Inc.," on November 14, 2014, Plaintiffs issued an amended subpoena (collectively, the "Subpoenas").[1]

T-Mobile initially refused to provide the information requested in Plaintiffs' Subpoenas, and after the Parties' efforts to meet and confer proved unsuccessful, on January 5, 2015, Plaintiffs moved to compel (the "First Motion"). (Dkt. 266.) On January 7, 2015, T-Mobile filed its opposition to the First Motion. (Dkt. 269.) At the presentment of the First Motion, the Court rejected many of the arguments raised by T-Mobile's opposition, but ultimately, entered and continued its ruling so that T-Mobile could determine the exact time it would take to comply if ordered to do so. As T-Mobile later informed the Court that it intended to comply with Plaintiffs' Subpoena, the Court ultimately vacated Plaintiffs' First Motion as moot. (Dkt. 273.)

While it is Plaintiffs' understanding that T-Mobile is currently in the process of obtaining the requested information, counsel for T-Mobile recently informed Plaintiffs' counsel that she believed that Section 2891 of the California Public Utility Act (the "Act") and Section 1985.3 of the California Code of Civil Procedure (the "CCP") precluded T-Mobile from providing the requested name and address information for its California subscribers without first obtaining their express consent. Counsel for T-Mobile further informed Plaintiffs' counsel that it would charge approximately $25 per customer to effectuate the necessary notice.

Plaintiffs disagree that either statute referenced by Defendants requires notice under the instant circumstances and have attempted to confer with counsel for T-Mobile in effort to resolve

---

[1] True and accurate copies of the underlying Subpoenas were attached to Plaintiffs' First Motion to Compel T-Mobile. (Dkt. 266 at Exhibits 1 & 4.)

their differences on numerous occasions.[2] Unfortunately, despite these efforts, T-Mobile has indicated that it will not provide Plaintiffs with the name and address information for the 4,605[3] California-resident class members whose numbers belong to T-Mobile (the "California Class Members"). Thus, as explained to the Court at the recent February 13, 2015 status, Plaintiffs now file the instant motion to address the limited issue of whether T-Mobile must obtain direct consent from the California Class Members before providing their name and address information to Plaintiffs.

## RELEVANT LAW

Section 2891 of the Act states, in relevant part:

> No telephone or telegraph corporation shall make available to any other person or corporation, without first obtaining the residential subscriber's consent, in writing, any of the following information: (1) The subscriber's personal calling patterns, including any listing of the telephone or other access numbers called by the subscriber, but excluding the identification to the person called of the person calling and the telephone number from which the call was placed, subject to the restrictions in Section 2893, and also excluding billing information concerning the person calling which federal law or regulation requires a telephone corporation to provide to the person called.

Cal. Pub. Util. Code § 2891(1).

Section § 1985.3 of the CCP states, in relevant part:

> (b) Prior to the date called for in the subpoena duces tecum for the production of personal records, the subpoenaing party shall serve or cause to

---

[2] As the Court likely recalls, Plaintiffs previously filed a similar motion asking the Court to compel non-party Sprint PCS to produce their California subscriber records in connection with a near identical subpoena. (Dkt. 262.) Although Sprint likewise believed that such California resident subscriber information could not be produced under the same statutes, Sprint agreed that consent was not required if the information was produced subject to a court order. (*See Id.* at ¶ 4.) As such, Plaintiffs filed a motion requesting such an order, which Sprint did not oppose (*id.* at ¶ 5), and which the Court granted that same day. (Dkt. 264.) Notably, in that motion, Plaintiffs explained that they "took no position as to whether the above-mentioned rules require Sprint to obtain consent from their California subscribers before producing the records, and reserve[d] their right to argue that such consent is not necessary if other carriers withhold records based on the same statute[s]." (Dkt. 262 at ¶ 4 n. 1.)
[3] Based on the area codes of the telephone numbers identified as T-Mobile numbers, Plaintiffs' class administrator scrubbed the list and determined that 4,605 numbers (out of the 41,881 numbers) were registered as California numbers on the dates in question.

> be served on the consumer whose records are being sought a copy of the subpoena duces tecum. . .
>
> (c) Prior to the production of the records, the subpoenaing party shall do either of the following: (1) Serve or cause to be served upon the witness a proof of personal service or of service by mail attesting to compliance with subdivision (b)[,] (2) Furnish the witness a written authorization to release the records signed by the consumer or by his or her attorney of record . . .
>
> (f) A subpoena duces tecum for personal records maintained by a telephone corporation which is a public utility, as defined in Section 216 of the Public Utilities Code, shall not be valid or effective unless it includes a consent to release, signed by the consumer whose records are requested, as required by Section 2891 of the Public Utilities Code.

Cal. Civ. Proc. Code § 1985.3(a), (c), (f).

## ARGUMENT

I. **T-Mobile Should be Ordered to Provide Plaintiffs with the Name and Address Information of the California Class Members.**

    A. **Section § 2891 does not require T-Mobile to first obtain the California Class Members' consent to provide Plaintiffs' with their name and address information.**

The Court should reject T-Mobile's position that Section 2891 of the Act requires it to obtain the express consent of the California Class Members for various reasons. Foremost, Section 2894 of the Act expressly permits companies such as T-Mobile to provide subscriber information where the information is being produced "in good faith compliance with the terms of a state or federal court warrant or order," and states that such an order will serve as a "complete defense against any civil action brought under [the Act]." Cal. Pub. Util. Code § 2894(a):

> (a) Notwithstanding subdivision (e) of Section 2891, the disclosure of any information . . . *in good faith compliance with the terms of a state or federal court warrant or order* or administrative subpoena issued at the request of a law enforcement official or other federal, state, or local governmental agency for law enforcement purposes, *is a complete defense against any civil action brought under this chapter or any other law* . . . .

Cal. Pub. Util. Code § 2894(a) (emphasis added). To be sure, other courts have relied on this exception in ordering the production of similar information. *See, e.g., McArdle v. AT & T Mobility*

4

*LLC*, No. C 09-1117 CW (MEJ), 2010 WL 1532334, at *6 (N.D. Cal. Apr. 16, 2010) (holding that "[s]ection 2891 does not prohibit the disclosure of [d]efendants' customers' contact information under a court order, and there is no requirement that the [c]ourt require an affirmative waiver from any such persons."). As Plaintiffs are suggesting such an order in the instant circumstances, there is no need to incur the expense of sending notice to each of the 4,605 California Class Members (at an estimated cost of approximately $115,000) here.

Next, Section 2891 was not enacted to require customer consent in these circumstances. Indeed, the California Supreme Court has found that adherence to Section 2891—i.e. by requiring consent be obtained—"could have potentially adverse effects in cases brought to redress a variety of social ills, including consumer rights litigation." *McArdle*, 2010 WL 1532334, at *5 (citing *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360, 368 (2007)). Here, Plaintiffs seek the information requested in order to give the "best notice practicable" to the California Class Members and apprise them of their rights in this certified TCPA class action. The Subpoenas are narrowly tailored to seek only the California Class Members' name and address information (i.e. not information about who they were calling or receiving calls from, information about the content of the calls, or the dates and/or duration of the calls). As such, it is unlikely that Section 2891 would require Plaintiffs to obtain express consent here. *See Kamalu v. Walmart Stores, Inc.*, No. 1:13-cv-00627-SAB, 2013 WL 4403903, at *6 (E.D. Cal. Aug. 15, 2013) (the purpose of Section 2891 is to protect "the subscriber's personal calling patterns . . . not to prevent civil litigants from obtaining information relevant to law suits").

Finally, the plain language of the Section 2891 states that it applies to a "residential" rather than mobile phone records, and as Plaintiffs' Subpoenas do not seek any *residential* subscriber records it likely does not apply to the information requested here. *See* Cal. Pub. Util. Code § 28919(a) (stating that the law had been enacted to "protect *residential* telephone subscriber's privacy rights with

5

respect to telephone solicitations") (emphasis added); *see also Kamalu*, 2013 WL 4403903, at *6 (finding that "[S]ection 2891 does not preclude the production of information in response to the subpoena for [the] production of documents" because "[t]he records sought [] are mobile phone records, not residential records" and further explaining that had the Legislature "intended for [S]ection 2891 to apply to mobile telephony service providers they would have stated so or not limited [S]ection 2891 with the term 'residential' "). As such, Section 2891 should not be read to require pre-production notice and consent here.

        **B.    Section § 1985.3 of the CCP does not require T-Mobile to obtain consent under the instant circumstances either.**

T-Mobile's claim that Section 1985.3 of the CCP also requires it to obtain the California Class Members' consent is equally flawed. As an initial matter, "[a] subpoena *duces tecum* issued under the Federal Rules of Civil Procedure is not subject to CCP 1985.3 which, by its terms, is limited to subpoenas issued under the [California Code of Civil Procedure]." *RBS Sec. Inc. v. Plaza Home Mortgage, Inc.*, No. 12CV2132-JM MDD, 2012 WL 3957894, at *1 (S.D. Cal. Sept. 10, 2012) (explaining that although "[c]ourts have wandered into the morass of determining whether CCP 1985.3 creates a privilege under California law and whether that privilege should be accorded some recognition in federal proceedings" it would be more appropriate to "credit the plain language of the statute regarding its scope."); *see also* CCP 1985.3(a)(3) (limiting the requirements of CCP 1985.3 to "a subpoena duces tecum to be issued or served in connection with any civil action or proceeding *pursuant to this code* . . . .") (emphasis added).

Nonetheless, during the meet and confer process, T-Mobile provided Plaintiffs' counsel with the decision in *Robinson v. Kia Motors America, Inc.*, No. Civ-S-10-3187, 2011 WL 2433369 (E.D. Cal. June 13, 2011), and argued that the Court should consider the factors enumerated therein to

determine whether the information requested could properly be produced.[4] Specifically, the criteria outlined in *Robinson* suggests consideration of: (i) "the probable encroachment on the individual's privacy right…and the magnitude of the encroachment," (ii) whether the information sought is of the type that has "traditionally been off limits[,]" (iii) whether the information "is available from other sources with less encroachment[,]" (iv) "the extent to which [] exercising [] the individual' privacy rights [would] impinge [] the rights of others[,]" and (vi) the "interests of society." *Id.* at *3. Even if the Court were to engage in such an analysis, however, it is clear that production of the California Class Members' name and address information would be appropriate here.

Foremost, as Plaintiffs' are only requesting name and address information (i.e. not actual telephone records), the first two factors favor production without notice. *See McArdle*, 2010 WL 1532334, at *3 (holding that providing notice to consumers was not necessary and explaining that the "proposed disclosure was not particularly sensitive" because it did not involve disclosing "medical history or current medical condition[, nor] details regarding one's personal finances…but merely called for disclosure of contact information already voluntarily disclosed [to the company]") (citing *Pioneer Electronics (USA)*, 40 Cal. 4th at 368); *see also Kamalu*, 2013 WL 4403903, at *4 (finding that plaintiff did "not have a protected privacy interest in records of" her "incoming and outgoing calls and data usage for [her] cell phone" as it did not "implicate information that . . . would cause unjustified embarrassment [or] indignity") (citing *Hill v. National Collegiate Athletic Assn*, 7 Cal.4th 1, 39-40 (1994)).[5] Additionally (and as already made clear in the First Motion), as Defendants do not have the information now sought from T-Mobile, the third factor—whether the information is available from another equally reliable source—favors T-Mobile's production as well.

---

[4] Notably, even the *Robinson* court agreed that § 1985.3 "does not totally preclude disclosure of consumer information, including telephone information." *Robinson*, 2011 WL 2433369, at *3.

[5] Additionally, to the extent T-Mobile is concerned about the California Class Members' privacy, such information could be produced subject to the protective order entered in this case.

Finally, the fourth and fifth factors strongly favor production. As noted above, the instant case is a certified class action where Plaintiffs are attempting to provide the best notice practicable to the members of the Classes they represent. This type of information is readily provided under such circumstances, as without it, Class members would not receive such notice and the ultimate success of the case may be jeopardized. *See Sanbrook v. Office Depot*, No. C07-5938RMWPVT, 2009 WL 840019, at *1 (N.D. Cal. Mar. 30, 2009) (holding that the disclosure of name, address and telephone numbers is permissible even in the pre-certification class action context); *McArdle*, 2010 WL 1532334, at *3 ("contact information is generally discoverable, so that the lead plaintiff may learn the names of other persons who might assist in prosecuting the case") (citing *Pioneer Electronics (USA)*, 40 Cal. 4th at 368). Additionally, the costs of providing notice to the California Class Members will likely come out of the Class' potential recovery should Plaintiffs win at trial (or a settlement be reached). Therefore, such an expense should not be unnecessarily incurred.

In the end, neither of the California statutes relied on by T-Mobile require nor justify obtaining the express consent of the California Class Members before providing Plaintiffs with their name and address information. T-Mobile should be ordered to promptly produce such information.

## CONCLUSION

WHEREFORE, Plaintiffs respectfully request that the Court enter an order (i) instructing T-Mobile to comply with their Subpoenas by producing the names and last known home and email address(es) (if any) for the California subscribers whose numbers received the calls at issue in this case on the dates identified in Plaintiffs' Subpoenas, and (ii) granting any other relief that the Court deems reasonable and just.[6]

Date: February 23, 2014                                          By: /s/ Eve-Lynn J. Rapp

---

[6] To the extent the Court disagrees with Plaintiffs' position, the $25 per notice cost estimated by T-Mobile is unreasonably high, and Plaintiff should not be ordered to incur such expense.

| Jay Edelson<br>jedelson@edelson.com<br>Rafey S. Balabanian<br>rbalabanian@edelson.com<br>Eve-Lynn J. Rapp<br>erapp@edelson.com<br>EDELSON PC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60654<br>Tel: 312.589.6370<br>Fax: 312.589.6378<br><br>*Class Counsel* | Scott R. Rauscher<br>scott@loevy.com<br>Michael I. Kanovitz<br>mike@loevy.com<br>Jonathan I. Loevy<br>jon@loevy.com<br>LOEVY & LOEVY<br>312 N. May Street, Suite 100<br>Chicago, Illinois 60607<br>Tel: 312.243.5900<br>Fax: 312.243.5902<br><br>*Class Counsel* |
|---|---|
| Scott D. Owens<br>scott@scottdowens.com<br>LAW OFFICES OF SCOTT D. OWENS, ESQ.<br>664 East Hallandale Beach Boulevard<br>Hallandale, Florida 33009<br>Tel: (954) 306-8104<br><br>*Counsel for Stone* ||

9

**CERTIFICATE OF SERVICE**

       I, Eve-Lynn J. Rapp, an attorney, hereby certify that on February 23, 2015, I served the above and foregoing *Plaintiffs' Motion for Order Compelling T-Mobile US, Inc. to Produce California Subscriber Information*, by causing a true and accurate copy of such paper to be transmitted to all counsel of record by the Court's CM/ECF system on this the 23rd of February, 2015.

                                              /s/ Eve-Lynn J. Rapp