IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GRANT BIRCHMEIER, STEPHEN PARKES, and REGINA STONE, on behalf of themselves and a class of others similarly situated, | No. 1:12-cv-04069 (N.D. Ill.) |
| *Plaintiffs*, v. | Honorable Matthew F. Kennelly |
| CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC., | |
| *Defendants*. | |

## MOTION FOR LEAVE TO FILE AMENDED CONSOLIDATED COMPLAINT

Plaintiffs Grant Birchmeier ("Birchmeier"), Stephen Parkes ("Parkes"), and Regina Stone ("Stone," and together with Birchmeier, and Parkes, "Plaintiffs"), on behalf of themselves and the Certified Classes of others similarly situated, respectfully move for leave to amend their Consolidated Class Action Complaint (the "Complaint") against Defendants Caribbean Cruise Line, Inc. ("Caribbean Cruise Line"), Economic Strategy Group, Economic Strategy Group, Inc., Economic Strategy LLC (collectively the "ESG Companies"), The Berkley Group, Inc. ("Berkley" or the "Berkley Group"), and Vacation Ownership Marketing Tours, Inc. ("VOMT," and collectively, "Defendants"), stating as follows:

### Introduction

1. Plaintiffs seek leave to amend their Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to add Gerarado Aranda as an additional named Plaintiff and to conform the

allegations of their Complaint to the facts adduced during discovery. A copy of the proposed First Amended Consolidated Complaint (the "Amended Complaint") is attached hereto as Exhibit A.

2. Plaintiffs are not seeking to add any new claims or Defendants, and they are not seeking any additional discovery.

## Background

3. Pursuant to the Court's August 11, 2014 Order (the "Certification Order"), Plaintiffs represent themselves and a Class of others similarly situated, defined as follows:

> **Cellular Telephone Class:** All persons in the United States to whom (1) one or more telephone calls were made [to his or her cellular telephone] by, on behalf, or for the benefit of the Defendants, (2) purportedly offering a free cruise in exchange for taking an automated public opinion and/or political survey, (3) which delivered a message using a prerecorded or artificial voice; (4) between August 2011 and August 2012, (5) whose (i) telephone number appears in Defendants' records of those calls and/or the records of their third party telephone carriers or the third party telephone carriers of their call centers or (ii) own records prove that they received the calls—such as their telephone records, bills, and/or recordings of the calls—and who submit an affidavit or claim form if necessary to describe the content of the call.

(Dkt. 241 at 31.)

4. In addition, Plaintiff Stone represents herself and a Class of others similarly situated, defined as follows:

> **Landline Telephone Class:** All persons in the United States to whom (1) one or more telephone calls were made [to his or her landline residential telephone] by, on behalf, or for the benefit of the Defendants, (2) purportedly offering a free cruise in exchange for taking an automated public opinion and/or political survey, (3) which delivered a message using a prerecorded or artificial voice; (4) between August 2011 and August 2012, (5) whose (i) telephone number appears in Defendants' records of those calls and/or the records of their third party telephone carriers or the third party telephone carriers of their call centers or (ii) own records prove that they received the calls—such as their telephone records, bills, and/or recordings of the calls—and who submit an affidavit or claim form if necessary to describe the content of the call.

(*Id.*)

5. At this time, none of the named Plaintiffs fall into category (5)(i) of the Class Definitions, as their telephone numbers do not appear in Defendants' records of the survey calls at issue in this case.

6. Although the Court recognized this in its Certification Order and certified the Classes nonetheless, it explained that Plaintiffs "should consider" adding an additional named plaintiff whose number appears within Defendants' records as the "Classes as a whole likely would benefit":

> One issue plaintiffs should consider as this litigation proceeds is whether they should designate additional class representatives, a possibility plaintiffs themselves raise in their supplemental memoranda. *See id.* ("[O]ther putative class members who do appear in those records have indicated that they are interested in, and willing to, serve as named plaintiffs in this case."). Plaintiffs may be well-advised to do so, considering the fact that the named plaintiffs appear to represent only those class members whose membership is determined via plaintiffs' second proposed identification method. The classes as a whole likely would benefit from having class representatives whose phone numbers appear on the list of 930,000 that plaintiffs have presented.

(Dkt. 241 at 21.)

7. Gerardo Aranda is a class member whose cellular telephone number appears in Defendants' records and the records of a third party telephone carrier of a CCL call center.

8. Mr. Aranda wishes to become a named Plaintiff in this case, and in order to best serve the Classes' interest—as discussed in the Court's Certification Order—Plaintiffs respectfully request that he be added as such.

9. Therefore, Plaintiffs now file the instant motion seeking to add Mr. Aranda as an additional named Plaintiff. The proposed Amended Complaint also seeks to conform the allegations to the information that Plaintiffs learned in discovery, including by providing additional details

describing the long-standing relationship between Berkley, VOMT, and CCL, which subject Berkley to liability under a joint venture/partnership theory.[1]

### Argument

10. Leave to amend a complaint should be liberally allowed in the interests of justice. *See* Fed. R. Civ. P. 15(a); *see also Bressner v. Ambroziak*, 379 F.3d 478, 484 (7th Cir. 2004) (leave to amend should be granted liberally at any time before judgment). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); s*ee also Siwula v. Correct Care Solutions, LLC*, 1:12-cv-02096, Dkt No. 140 (N.D. Ill. Mar. 8, 2015) (Kennelly, J.) (permitting amendment after summary judgment because, among other things, amendment would not cause undue prejudice and would aid in determination of merits).

11. Leave to amend should be granted here for numerous reasons. Foremost, and as recognized by the Court's Order, adding Mr. Aranda is "well-advised" and will be beneficial to the "Classes as a whole," as it will allow them to have a representative whose telephone number appears within Defendants' records. (Dkt. 241 at 21.) Under these circumstances, such an amendment is routinely permitted after certification. *See, e.g.*, *Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) ("Substitution of unnamed class members for named plaintiffs who fall out of the case because of settlement or other reasons is a common and normally an unexceptionable ('routine')

---

[1] Parties are not required to plead legal theories. *See, e.g.*, *McDonald v. Household Int'l, Inc.*, 425 F.3d 424, 427 (7th Cir. 2005) ("This court has repeatedly held that pleaders in a notice system do not have any obligation to plead legal theories.") Plaintiffs identify this theory of liability here only because they have added additional facts supporting the theory in their proposed amended complaint. Plaintiffs have also disclosed this theory of liability to Berkley in response to Berkley's interrogatories to Plaintiff.

feature of class action litigation both in the federal courts and in the Illinois courts."); *see also* Fed. R. Civ. P. 23(c)(1)(C)("[a]n order that grants or denies class certification may be altered or amended before final judgment.").

12.     Further, as Mr. Aranda's claims are the same as those already alleged and certified in this case, no party would suffer any prejudice by permitting Plaintiffs to amend their complaint to add Mr. Aranda as an additional class representative[2] and to conform their allegations to the evidence. Nor will there be undue delay, as Plaintiffs do not seek to change the March 16, 2015 fact-discovery deadline (other than for the limited purpose of allowing Defendants to depose Mr. Aranda, if they choose to do so),[3] and permitting the amendment will not affect any other dates—with respect to the notice plan or otherwise—as there is currently no scheduling order in place.

13.     As such, allowing Plaintiffs to amend the complaint is in the interest of justice.

## **Conclusion**

14.     Wherefore, for the reasons set forth above, Plaintiffs respectfully request that the Court enter an order (i) granting them leave to their proposed Amended Complaint, and (ii) granting any other relief that the Court deems reasonable and just.

---

[2]     Aranda received the same type of survey call as other class members, on his cellular telephone. Therefore, his claims are typical of other class members. He similarly satisfies the adequacy requirement. (Ex. 1 ¶¶ 9, 36.)

[3]     Although fact discovery is set to close in this case on March 16, 2015, as stated above, Plaintiffs submit that no deadlines would need to be altered unless Defendants chose to depose Mr. Aranda, who will be made available promptly upon Defendants' request. Mr. Aranda is likewise prepared to promptly provide Defendants with written discovery responses to any discovery requests that have previously been issued to Birchmeier, Parkes, or Stone, without requiring Defendants to formally propound such discovery and within an accelerated period of time. Under these circumstances, nothing else would need to slow down, and the litigation can proceed without delay.

Respectfully submitted,

/s/ Scott Rauscher

| Jay Edelson | Scott Rauscher |
|---|---|
| jedelson@edelson.com | scott@loevy.com |
| Rafey S. Balabanian | Michael Kanovitz |
| rbalabanian@edelson.com | mike@loevy.com |
| Eve-Lynn J. Rapp | Jonathan I. Loevy |
| erapp@edelson.com | jon@loevy.com |
| EDELSON PC | LOEVY & LOEVY |
| 350 North LaSalle Street, Suite 1300 | 312 N. May Street, Suite 100 |
| Chicago, Illinois 60654 | Chicago, Illinois 60607 |
| Tel: 312.589.6370 | Tel: 312.243.5900 |
| Fax: 312.589.6378 | Fax: 312.243.5902 |
| *Counsel for Stone, and Interim Co-Lead Class Counsel* | *Counsel for Birchmeier and Parkes, and Interim Co-Lead Class Counsel* |
| Scott D. Owens <br> LAW OFFICES OF SCOTT D. OWENS, ESQ. <br> 664 East Hallandale Beach Boulevard <br> Hallandale, Florida 33009 <br> Telephone: (954) 306-8104 <br> Email: scott@scottdowens.com <br> *Counsel for Stone* ||