IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GERARDO ARANDA, GRANT BIRCHMEIER, STEPHEN PARKES, and REGINA STONE, on behalf of themselves and a class of others similarly situated,<br><br>*Plaintiffs*,<br><br>    *v*.<br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC.,<br><br>*Defendants*. | Case No. 1:12-cv-04069<br><br>Honorable Matthew F. Kennelly |

## AMENDED PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Settlement") of the above-captioned matter (the "Action") between Plaintiffs Gerardo Aranda, Grant Birchmeier, Stephen Parkes, Regina Stone ("Plaintiffs") as representatives of the two classes it certified (Dkt. 241), and Defendants Caribbean Cruise Line, Inc., Vacation Ownership Marketing Tours, Inc. and The Berkley Group, Inc., as set forth in the Class Action Settlement Agreement between Plaintiffs and Defendants (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

    1.    Unless defined herein, all defined terms in this Order shall have the respective meanings ascribed to the same terms in the Settlement Agreement.

    2.    The Court has conducted a preliminary evaluation of the Settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary

evaluation, the Court finds that: (i) there is good cause to believe that the settlement is fair, reasonable, and adequate, (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case and was reached with the assistance of the Honorable Wayne R. Andersen (ret.) of JAMS, and (iii) the Settlement warrants Notice of its material terms to the Settlement Class for their consideration and reaction. Therefore, the Court grants preliminary approval of the Settlement.

3. On August 11, 2014, this Court certified two classes pursuant to Federal Rule of Civil Procedure 23(b)(3), one for individuals that received cellular phone calls and another for those who received landline calls, each defined as:

> All persons in the United States to whom (1) one or more telephone calls were made by, on behalf, or for the benefit of the Defendants, (2) purportedly offering a free cruise in exchange for taking an automated public opinion and/or political survey, (3) which delivered a message using a prerecorded or artificial voice; (4) between August 2011 and August 2012, (5) whose (i) telephone number appears in Defendants' records of those calls and/or the records of their third party telephone carriers or the third party telephone carriers of their call centers or (ii) own records prove that they received the calls—such as their telephone records, bills, and/or recordings of the calls—and who submit an affidavit or claim form if necessary to describe the content of the call.

(Dkt. 241 at p. 31.) For purposes of settlement the Court finds that the following people are excluded from the Settlement Class (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys and employees; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) counsel for all Parties and members of their families.

4. On February 23, 2017 at 9:30 am CST or at such other date and time later set by

2

Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether: (a) final approval of the Settlement should be granted and (b) Class Counsel's application for attorney's fees and expenses, and an incentive award to the Class Representatives should be granted. No later than January 9, 2017, Plaintiffs must file their papers in support of Class Counsel's application for attorneys' fees and expenses, and no later than February 9, 2017, Plaintiffs must file their papers in support of final approval of the Settlement and in response to any objections.

5. Pursuant to the Settlement Agreement, Kurtzman Carson Consultants d/b/a KCC is hereby appointed as Settlement Administrator and shall be required to perform all of the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.

6. The Court approves the proposed plan for giving Notice to the Settlement Class (i) by direct U.S. Mail and email Notice to all reasonably obtainable addresses of the Settlement Class Members on the Class List (ii) internet banner ads on premium high quality websites, and 800Notes.com (iii) one-time eighth of a page summary publication notice will be placed in the *New York Daily News*, *Los Angeles Times*, *Chicago Tribune*, *Dallas Morning News*, *Philadelphia Inquirer*, *Miami Herald*, *Houston Chronicle*, *Washington Post*, *Atlanta Journal-Constitution*, and the *Boston Globe* as well as a one-time third of a page summary publication notice will be placed in *People,* and (iv) the modification of the Settlement Website established as part of class certification, as more fully described in the Settlement Agreement. The plan for giving Notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto. The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the notice plan by no later than November

27, 2016.

7. Pursuant to Rule 23(e)(4), all persons who meet the definition of the Settlement Class and who wish to exclude themselves from the Settlement Class must submit their request for exclusion in writing to the Settlement Administrator and postmarked no later than the Objection/Exclusion Deadline of January 23, 2017. The request for exclusion must be personally signed by the Settlement Class Member seeking to be excluded from the Settlement Class, and include his or her name and address, the cellular and/or landline telephone number(s) on which he or she allegedly received calls with a prerecorded or artificial voice offering a free cruise in exchange for taking an automated public opinion and/or political survey, the caption for the Action (i.e., *Aranda et al v. Caribbean Cruise Line, Inc., et al.*, Case No. 12-cv-04069 (N.D. Ill.)) and a statement that he or she wishes to be excluded from the Settlement Class. A request to be excluded that does not include all of the foregoing information, that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the Persons serving such a request shall be deemed to remain Members of the Settlement Class and shall be bound as Settlement Class Members by this Settlement Agreement, if approved.

8. Any member of the Settlement Class may comment in support of, or in opposition to, the Settlement at his or her own expense; *provided, however,* that all comments and objections must (i) be filed with the Clerk of the Court or, if the Settlement Class Member is represented by counsel, filed through the CM/ECF system and (ii) be sent via mail, hand or overnight delivery service to Class Counsel and Defendants' Counsel as described in the Notice, no later than the Objection/Exclusion Deadline of January 23, 2017. Any member of the Settlement Class who intends to object to this Settlement Agreement must include his or her

name and address, include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on), state that he or she is a Settlement Class Member, provide the cellular and/or landline telephone number(s) on which he or she allegedly received calls with a prerecorded or artificial voice offering a free cruise in exchange for taking an automated public opinion and/or political survey, the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and a statement indicating whether the objector intends to appear at the Final Approval Hearing either personally or through counsel, who must file an appearance or seek *pro hac vice* admission, accompanied by the signature of the objecting Settlement Class Member. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

9.  Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Paragraph and as detailed in the Notice, and at the same time provide copies to designated counsel for the Parties, shall not be permitted to object to this Settlement Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this

Settlement Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding.

10. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the Settlement Agreement and this Order, are not and shall not in any event be construed, deemed, used, offered or received as evidence of an admission, concession, or evidence of any kind by any Person or entity with respect to: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action or in any other civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendants have denied and continue to deny the claims asserted by Plaintiffs. Notwithstanding, nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purpose of enforcing the Settlement Agreement.

11. Pursuant to the Settlement Agreement and Federal Rule of Civil Procedure 53, the Court appoints the Honorable Wayne R. Andersen (ret.) of JAMS as Special Master who is directed to proceed with all reasonable diligence with the duties outlined in the Settlement. Any member of the Settlement Class who wishes to contest a decision made by the Special Master in accordance with the duties outlined in the Settlement may do so by seeking Court review of the decision by no later than twenty-one (21) days after a copy of the order is served, unless the Court sets a different time.

**IT IS SO ORDERED**.

ENTERED: 10/26/2016

_____
HONORABLE MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE