# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT FOR THE
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GERARDO ARANDA, GRANT BIRCHMEIER, STEPHEN PARKES, and REGINA STONE, on behalf of themselves and a class of others similarly situated,<br><br>*Plaintiffs*,<br><br>    *v.*<br><br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC., *Defendants*. | Case No. 1:12-cv-04069<br><br>Honorable Matthew F. Kennelly |

**DECLARATION OF JAY EDELSON IN SUPPORT OF
<u>PLAINTIFFS' AND THE CLASSES' MOTION FOR FINAL APPROVAL</u>**

    Pursuant to 28 U.S.C. § 1746, I hereby declare and state as follows:

    1.    I am an attorney admitted to practice before this Court and am entering this Declaration in support of Plaintiffs' and the Classes' Motion for Final Approval. This Declaration is based on my personal knowledge, except where expressly noted otherwise. If called upon to testify as to the matters attested to herein, I could and would competently do so.

    2.    I am the founder and CEO of Edelson PC and, along with my co-counsel Scott Rauscher of Loevy & Lovey, was appointed Class Counsel by the Court in the above-captioned matter. Our firms have communicated with thousands of class members regarding the Settlement. In addition, we have helped prepare and serve over 600 subpoenas on wireless and

1

landline telephone providers so that potential class members could obtain the proper documentation to file claims. Many of those individuals were able to file claims that included supporting documentation.

3. I received and reviewed the objection of Kevin McCabe and twice attempted to contact his attorney, Todd Bank, to request further information regarding Mr. McCabe's objection and his contention that he is a class member. Mr. Bank never responded.

4. I have reviewed the February 9, 2017 report prepared by KCC, the Settlement Administrator appointed by the Court. I understand that it reflects the most current data available regarding class members' claims.

5. The report reflects that, after excluding claims that were screened out as obviously deficient[1] by the Settlement Administrator, 63,724 class members have claimed 366,580 calls. If all challenges to those calls are overruled, then payments to class members alone (without adding attorneys' fees, notice, or administration costs) would cause the Settlement Fund to reach the $76 million ceiling. If Plaintiffs' request for attorneys' fees and incentive awards is granted in full and all of these claims are valid, then class members are due to receive approximately $135 per call.[2]

6. Because the Claim Form required class members to provide proof of the number of calls received (in the form of a statement sworn under penalty of perjury), it is unclear

---

[1] Class Counsel made all reasonable efforts to ensure that claimants whose Claim Forms were missing critical information were notified and given the opportunity to cure.

[2] At $500 per call, 366,580 calls would exceed the ceiling of $76 million (even without adding notice costs or an attorneys' fee award). The Settlement Fund would therefore be $76 million. As explained in the Appendix to Plaintiffs' Memorandum in Support of Attorneys' Fees, Expenses, and Incentive Awards (Dkt. 533 at 34), the requested attorneys' fee award when the ceiling is reached is $24,500,000. After incentive awards, notice and administration costs, and the fee award, $49,460,000 would be available for payments to the class. Divided *pro rata* among 366,580 calls, that results in a payment of $134.92 per call.

whether Defendants will ultimately decide to make systematic challenges. If they do, I believe that the majority of their challenges are not likely to succeed and that class members should recover for the overwhelming majority of the 366,580 calls claimed.

7. KCC's report further reflects that of those 366,580 calls, approximately 117,655 calls are directly supported by Defendants' records or by records submitted by class members and cannot be subject to any reasonable challenge. To be clear, it is extraordinarily unlikely—nearly impossible—that only 117,655 calls will be approved and no more. Not only would this number require Defendants to win every single challenge, but as of today, there are still over 900 claims with supporting documentation that have not yet been processed by the Settlement Administrator. More definite information regarding these unprocessed claims will be available at the Final Fairness Hearing.

8. Nevertheless, the 117,655 "safe" calls claimed demonstrate that reaching the $76 million ceiling is a foregone conclusion. Even if Defendants are successful in every single challenge and even if none of the unprocessed claims with supporting documentation are valid, the 117,655 calls that remained would *still* require a payment of $58,827,500 to class members at $500 per call. All objections that have been raised with regard to attorneys' fees recommend that the Court follow *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 809 (N.D. Ill. 2015).[3] Even if the Court reduced Plaintiffs' request for attorneys' fees to the fee award that was granted in *Capital One* (where the value of the settlement paid to class members was only $54,668,834), and even if the Court declined to grant the $600,000 risk premium that the *Captial One* court did, the fee award for 117,655 calls would still exceed $15,000,000. Including the

---

[3] As will be explained in detail in Plaintiffs' reply in support of fees, Defendants' and Freedom Home Care's analyses both contain mathematical errors that make their fee calculations incorrect, even if their theoretical models are accepted.

3

approximately $2,000,000 cost of notice and administration, the fund is therefore sure to reach the $76 million ceiling.[4]

        9.      Based on my experience and reasoned judgment, I believe that the Settlement Agreement is fair, reasonable, adequate, and deserving of final approval.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of February 2017 at Chicago, Illinois.

                                                      s/ Jay Edelson

---

[4] If Plaintiffs' attorneys' fee request were granted in full in this scenario, the Settlement Fund would still be $76 million and each claiming class member would receive about $420 per call.