# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GERARDO ARANDA, GRANT BIRCHEMEIER, STEPHEN PARKES, and REGINA STONE, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC. and VACATION OWNERSHIP MARKETING TOURS, INC.,<br><br>  Defendants | NO. 1:12-CV-04069<br><br>Honorable Matthew F. Kennelly |

## OBJECTOR FREEDOM HOME CARE, INC.'S RESPONSE TO DEFENDANTS' MOTION TO RECONSIDER AND/OR ALTER FEBRUARY 27, 2017 ORDER

## INTRODUCTION

Freedom Home Care agrees with Defendants that an *ex post* history of settlement negotiations is not relevant when "the court must set a fee by approximating the terms of what would have been agreed to *ex ante*, had negotiating occurred." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 719 (7th Cir. 2001). As Freedom Home Care explained in its objection, multiple opinions from this District and the Seventh Circuit (as well as empirical data referenced therein), make clear that a sliding-scale would have been selected.[1]

To the extent this Court considers the settlement negotiations in awarding fees, Freedom Home Care respectfully requests, as a matter of due process, that this Court maintain its ruling that "[a] copy of the [join status] report [regarding the history of settlement negotiations] . . . be provided by overnight delivery to lead counsel for Freedom Home Care, Inc." (ECF. 593). Freedom Home Care, therefore, opposes Defendants' motion to the extent it contemplates withholding the joint status report regarding the history of settlement negotiations from Freedom Home Care.

---

[1] *In re Capital One Tel. Consumer Prot. Act Lit.*, 80 F. Supp. 3d 781, 804-05 (N.D. Ill. 2015) ("*ex ante* arrangements and judicially overseen "auctions"—reveal that sophisticated parties engaged in an pre-filing fee negotiations rarely agree to a single, across-the-board percentage fee structure, and rarely pay a percentage of the recovery equal to the benchmark established by past award"); *see also Silverman v. Motorola Solutions, In*c., 739 F.3d 956, 959 (7th Cir. 2013) (citing Brian T. Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards*, 7 J. Empirical Legal Studies 811 (2010); Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993–2008,* 7 J. Empirical Legal Studies 248 (2010); Theodore Eisenberg & Geoffrey P. Miller, *Attorney Fees in Class Action Settlements: An Empirical Study,* 1 J. Empirical Legal Studies 27 (2004)) (noting that "[a]ll three articles find that the percentage of the fund awarded to counsel declines as the size of the fund increases" and concluding that "[t]he [empirical data] reinforce the observation in the *Synthroid* opinions that negotiated fee agreements regularly provide for a recovery that increases at a decreasing rate").

## I. Defendants' Motion for Reconsideration Relating to Disclosure to Freedom Home Care is Procedurally Defective.

Defendants acknowledge, as they must, that a motion for reconsideration is not an invitation to re-litigate arguments already rejected. *Wilkins v. Just Energy Grp., Inc.*, No. 13 C 5806, 2016 WL 1106855, at *1 (N.D. Ill. Mar. 22, 2016). During the February 27, 2017 hearing, this Court heard and discounted argument on Defendants' position that Freedom Home Care should not have access to the material. Their reiteration of this position, supplemented with *ad hominem* attacks on Freedom Home Care's counsel, does nothing to except their motion from this rule.

## II. As this Court's Order Already Contemplates, Objector Freedom Home Care Should be Granted Access to the Records.

The Court's order recognizes the need for Freedom Home Care to access documents considered by this Court in ruling on class counsels' fee request. Without it, Freedom Home Care's ability to evaluate fees and maintain its objection is compromised.

On the subject of class members' access to records, the Sixth Circuit recently observed, "[c]lass members cannot participate meaningfully in the process contemplated by Federal Rule of Civil Procedure 23(e) unless they can review the bases of the proposed settlement and the other documents in the court record." *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 309 (6th Cir. 2016). Consequently, courts should "give putative class members sufficient notice and information" so they can make informed decisions. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 584 (N.D. Ill. 2004) (granting motion to unseal records for the benefit of class members).

Defendants cite no authority indicating that the Court, in providing Freedom Home Care with the opportunity to review these records, abused its discretion. Nor do they provide authority

to suggest the confidentiality associated with mediation of the *class members*' claims overrides Freedom Home Care's rights as an objecting class member to access documents pertinent to the fee request and its objection. And of course, this Court effectively assuaged confidentiality concerns by ordering that "lead counsel for Freedom Home Care, Inc. may not disclose this report or its contents to any other person without first obtaining permission from the Court." ECF Doc. 593.

### III. Defendants' *Ad Hominem* Attacks on Counsel are Not a Legitimate Basis for Denying Access.

Defendants attempt to undermine this class member's access to records through a character assassination on Mr. Bandas, a tactic borrowed from class counsel.[2] Defendants' *ad hominem* attack are not legal argument, but instead a substitute for legal analysis.

Defendants offer no evidence that confidential information produced here will be handled in any other way than how the Court ordered. They reference *dicta* from select cases regarding Mr. Bandas's prior representation of objecting class members.[3] In casting a broad net, they fail to mention the numerous cases in which Mr. Bandas has succeeded in assisting clients overturn

---

[2] While Defendants malign Freedom Home Care's counsel, it should be noted that Defendants presented this Court with a dramatically inaccurate sliding-scale calculation that omits attorneys' fees in the gross figure. Defendants' Response to Plaintiffs' Motion for Attorney's Fees, ECF Doc. 565, at 17-18. This method was not employed by any of the four sliding-scale TCPA opinions in this District, and would provide class counsel several million less than allowed. Freedom Home Care was the only one to advocate and apply the correct scale that included the gross figure. Objection, ECF Doc. 548, at 8-10. And while Freedom Home Care made a mathematical error on the fourth tier in its calculation, the difference was a $150,000 underestimation, hardly consequential relative to class counsels' request that exceeds the permitted amount by $6.1 - $9.7 million.

[3] As Mr. Bandas previously disclosed to this Court, his *pro hac vice* admission in the District of Washington was rescinded after he initially posted an appeal bond in an amount less than what the court ordered, where he subsequently posted the entire bond amount, but after the period ordered by the court. Motion for Leave to Appear Pro Hac Vice, ECF Doc. 549, at 3; Reply to Plaintiffs' Response to Christopher Bandas's Motion for Leave to Appear Pro Hac Vice, ECF Doc. 561, at 4 (citing *Dennings v.Clearwire Corp.*, No. 10-cv-01859.

unfair settlements and excessive fee awards. *See, e.g., Cross v. Wells Fargo Bank*, 15-01270, Doc. Nos. 71, 103 (N.D. Ga. Feb. 2, 2017) (in a case where Mr. Bandas's client objected to a 30% fee request from a $33.4 million fee, awarding 28% of the fund, with the remainder benefitting the class); *Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ("The judgment [approving the settlement] is reversed and the case remanded for further proceedings"); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3d Cir. 2013) ("We vacate the District Court's orders approving settlement and the fund allocation plan[;] "[w]e vacate the Court's order awarding attorneys' fees and costs because this award was based on the now-vacated settlement"); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) ("we reverse the district court's order approving the settlement and dismissing the case, vacate the judgment and award of attorneys' fees, and remand for further proceedings"); *Litwin v. iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), *as modified* (May 29, 2014) (in a case in which Mr. Bandas represented the objector in the lower court, the "the order granting final approval of the settlement must be reversed").

Regardless, Mr. Bandas' prior representation of objecting class members "has no greater bearing on the merits of the objection raised than a plaintiff's counsel's experience in filing class actions speaks to the merits of claims he brings." *True v. American Honda Motor Co.*, 749 F. Supp. 2d. 1052, 1079 (C.D. Cal. 2010). "Merely characterizing some of the attorneys as 'professional objectors' without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011). There is no logical or legal reason for this Court to conclude that Freedom Home Care should be denied access to this information based on

4

outcomes in Mr. Bandas's prior representation of other class members, particularly when those outcomes are mixed.

## CONCLUSION

This Court need not consider, *ex post*, the history of settlement negotiations in analyzing the appropriate fee award. To the extent it does, however, Freedom Home Care respectfully requests that this Court keep in place its order requiring Defendants to provide a copy of the material. To this extent, Freedom Home Care respectfully requests that Defendants' Motion to Reconsider and/or Alter February 27, 2017 Order be denied.

Dated: March 10, 2017                                       Respectfully submitted,

/s/ *Christopher A. Bandas*
Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
(361) 698–5200 (tel)
(361) 698-5222 (fax)
Admitted *Pro Hac Vice*

Robert W. Clore
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
(361) 698–5200 (tel)
(361) 698-5222 (fax)

Jonathan P. Novoselsky
JONATHAN NOVOSELSKY, P.C.
303 W. Madison, 22nd Floor
Chicago, IL 60606
(312) 286-8429 (tel)
(872) 228-8085 (fax)

*Attorneys for Objector Freedom Home Care, Inc.*

## Certificate of Service

The undersigned certifies that today he filed the foregoing response on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: March 10, 2017                                     /s/ Christopher A. Bandas            
                                                             Christopher A. Bandas