```
 1                IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                          EASTERN DIVISION

 3

 4   GRANT BIRCHMEIER, et al.,        )  Docket No. 12 C 4069
                                      )
 5                   Plaintiffs,      )
                                      )
 6           vs.                      )
                                      )
 7   CARIBBEAN CRUISE LINE, INC., et  )  Chicago, Illinois
     al.,                             )  February 7, 2017
 8                                    )  10:20 o'clock a.m.
                     Defendants.      )
 9

10              TRANSCRIPT OF PROCEEDINGS - MOTION
             BEFORE THE HONORABLE MATTHEW F. KENNELLY
11

12   APPEARANCES:

13

14   For the Plaintiffs:   LOEVY AND LOEVY
                           BY:  MR. SCOTT R. RAUSCHER
15                         311 North Aberdeen Street, 3rd Floor
                           Chicago, IL  60607
16                         (312) 243-5900

17
                           EDELSON PC
18                         BY:  MR. JAY EDELSON
                           350 North LaSalle Street, Suite 1300
19                         Chicago, IL  60654
                           (312) 589-6370
20

21

22   Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                           Official Court Reporter
23                         219 S. Dearborn Street, Suite 2102
                           Chicago, Illinois  60604
24                         (312) 435-5639

25
```

```
 1   APPEARANCES CONTINUED:
 2
 3
     For Freedom Home      BANDAS LAW FIRM, P.C.
 4   Care, Inc.:           BY:  MR. CHRISTOPHER A. BANDAS
                                ROBERT W. CLORE
 5                         500 North Shoreline Boulevard
                           Corpus Christi, TX  78401
 6                         (361) 558-3527
 7
 8                         JONATHAN NOVOSELSKY, P.C.
                           BY:  MR. JONATHAN P. NOVOSELSKY
 9                         303 West Madison, 22nd Floor
                           Chicago, IL  60606
10                         (312) 286-8429
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        (The following proceedings were had in open court:)
2            THE CLERK:  Case No. 12 C 4069, Birchmeier v.
3   Caribbean Cruise Line.
4            MR. EDELSON:  Good morning, your Honor.  Jay Edelson
5   for the class.
6            MR. RAUSCHER:  Scott Rauscher also for the class.
7            MR. BANDAS:  Good morning, your Honor.  Chris Bandas,
8   I am the movant.
9            MR. NOVOSELSKY:  Good morning, your Honor.  Jon
10  Novoselsky, local counsel for movant.
11           THE COURT:  So you've -- Mr. Edelson or Mr. Rauscher,
12  you have seen the reply that was filed.  What else do you want
13  to tell me?
14           MR. EDELSON:  We can go through it.  Your Honor, you
15  have discretion --
16           THE COURT:  I am just asking what else you want to
17  tell me.
18           MR. EDELSON:  We don't have anything to add unless
19  you have questions.  We disagree with their characterizations,
20  but we think the record is clear.
21           THE COURT:  What is it that you disagree with?
22           MR. EDELSON:  We can --
23           THE COURT:  Which characterization?
24           MR. EDELSON:  Well, first of all, they -- we
25  explained how they didn't tell Judge Zagel that they -- that

1  there was a contempt finding, and then their explanation --
2       THE COURT: That's not something that's false about
3  the current pro hac vice application, is it?
4       MR. EDELSON: It's not.
5       THE COURT: Okay.
6       MR. EDELSON: No, but I think it bears on it.
7       THE COURT: Yeah, the proposition that somebody may
8  have withheld something from somebody else at some other point
9  in time I would not consider to be a basis for denying the pro
10 hac vice application.
11      MR. EDELSON: Okay. I think that they were not
12 honest with the Court about what's happening in the baseball
13 case.
14      THE COURT: This is the one out in New York?
15      MR. EDELSON: Yes.
16      THE COURT: So it boils down to whether what happened
17 -- so what was the order -- was there an order that the judge
18 -- this is called the Garber (phonetic) case. Was there an
19 order that the judge entered that led to the hearing that was
20 held on -- you have given me this transcript here -- it was
21 held on July the 14th of last year.
22      MR. EDELSON: Yes, your Honor.
23      THE COURT: What was the order?
24      MR. EDELSON: It was a sua sponte order rule to show
25 cause for why Mr. Bandas should not be held in contempt.

1  THE COURT:  You agree or disagree with that,
2 Mr. Bandas?
3  MR. BANDAS:  That is correct.  That is the order that
4 Judge Caproni entered, your Honor.
5  THE COURT:  Give me just a second here.  Let me
6 unshuffle some of these papers.
7  And it's still pending as far as you know, the judge
8 hasn't ruled on it?
9  MR. BANDAS:  She has not entered one way or another,
10 your Honor.
11  THE COURT:  Tell me why it is that you think -- I'm
12 looking at your pro hac vice application, and question -- the
13 question -- the relevant question says, Has the applicant ever
14 been or is the applicant currently subject of an investigation
15 of the applicant's professional conduct.  So tell me why it is
16 that you think an order to show cause from a judge doesn't
17 count?
18  MR. BANDAS:  It certainly does count, your Honor.
19  THE COURT:  Count as a yes answer to that question?
20  MR. BANDAS:  No, your Honor.  The issue in filling
21 out that application that I focused on was whether or not it
22 was currently pending.  That hearing took place some six
23 months ago and the Court did not issue any findings against
24 me.
25  THE COURT:  Hand this to Mr. Bandas.

1  I am handing you your pro hac vice application, page
2  2. Look at the first line on the page and read it to me, the
3  very first line up at the top of the page. It starts with the
4  word "has."
5   MR. BANDAS: Has the applicant ever been.
6   THE COURT: And then go down to question 2 where it
7  says "or."
8   MR. BANDAS: Or is the applicant currently the
9  subject of an investigation of the applicant's --
10   THE COURT: So your answer is that you didn't think
11  it was current because you thought it was in the past, the
12  thing in New York, right?
13   MR. BANDAS: With respect to that one, yes, your
14  Honor.
15   THE COURT: So why wouldn't it fall under the lead-in
16  language Has the applicant ever been?
17   MR. BANDAS: I see the Court's point. I did not read
18  it that way when I was filling out the application, your
19  Honor.
20   THE COURT: Okay. If it's still pending, though, why
21  wouldn't it even fall under the current version of it which is
22  the way you say you read it?
23   MR. BANDAS: Because it's been six months and there
24  have been other orders in the case bringing the case --
25   THE COURT: The judge just -- she decided without

1  deciding just to let it die?
2          MR. BANDAS: That seems to be the case, your Honor.
3          THE COURT: So if you have a motion to dismiss that's
4  on file in a case and the judge hasn't ruled on it for six
5  months and you haven't heard anything, you assume that the
6  motion to dismiss is no longer live? There is only one way
7  you are going to be able to answer that question.
8          MR. BANDAS: I would not make that assumption with
9  respect to the motion to dismiss.
10         THE COURT: Why would you make it with regard to an
11 order to show cause that's directed at you personally?
12         MR. BANDAS: That was the conclusion I made, your
13 Honor.
14         THE COURT: Well, you kind of screwed up on that one.
15         What about the rest of it, Mr. Edelson?
16         MR. EDELSON: Your Honor, the only thing I would add
17 is Mr. Bandas also claims that he is general counsel for this
18 company.
19         THE COURT: It's a manner of speaking. I mean,
20 seriously, so maybe you can add that to your complaint with
21 the ARDC if that's what you choose to do if you think he's
22 engaged in the unauthorized practice of law in Illinois. The
23 way I understood that is that he's representing -- the way I
24 understood it and the way I understand it is that he is
25 representing the objector for purposes of this case.

1  Mr. Novoselsky is maybe the point person, Mr. Bandas is
2  whatever you would call the person who is not the point
3  person. That didn't strike me as in any way problematic. I
4  mean, I might have phrased it differently if I was advising
5  Mr. Bandas how to phrase it, but I don't see that as a
6  problem.
7  MR. EDELSON: We have nothing more to add, other than
8  the transcript makes it very clear that the Court was taking
9  it seriously that in the New York case, the Court explained
10 its comments does not have the ring of truth.
11 THE COURT: I understand. I guess just -- you know,
12 as somebody who has occasion and sometimes has to chew lawyers
13 out, I guess I would be really concerned about a construction
14 of, you know, the pro hac vice application that basically
15 says -- that it basically requires somebody to list on there
16 every time they've gotten chewed out by a judge, because for
17 most lawyers, that would end up being a pretty long list, and
18 I don't think that's really the thrust of it.
19 I don't think that's what's going on in the New York
20 case. That's an order to show cause. It's something that
21 fits under either one or both of the halves of question number
22 two on the form, and so the question is what should I do about
23 it and should I use that as a basis to deny Mr. Bandas' pro
24 hac vice status?
25 Let me ask another question or two about this. I

Case: 1:12-cv-04069 Document #: 613 Filed: 03/20/17 Page 9 of 10 PageID #:13910

9

1  just want to look at one thing here.

2  So I guess the way I look at this is I don't really
3  think that Mr. Bandas was trying to hide that.  He I think
4  made what I would call a relatively crabbed reading,
5  c-r-a-b-b-e-d, reading of the question, but I don't think he
6  was trying to hide it, so I am not going to use that as a
7  basis to deny a pro hac vice status.  The motion to appear pro
8  hac vice is granted.

9  Here is the deal, Mr. Bandas.  And this is all going
10 to be on the record too.  You are going to be filing other
11 applications like this.  That's either a was or an is on that
12 thing in New York.  You are going to have to disclose that to
13 people.  Here's what's going to happen when you don't, because
14 you are standing in front of me nodding when I say that.  What
15 happens when you don't is Mr. Edleson or somebody else like
16 Mr. Edleson is going to get this transcript and they are going
17 to put that in front of a judge, and you are going to have
18 somebody saying that a federal judge in Chicago told this guy
19 he had to disclose this thing and here he didn't, so maybe
20 this time he is hiding it.  So now you have been warned.

21 Have a nice day.

22 MR. EDELSON:  Thank you, your Honor.

23 MR. NOVOSELSKY:  Thank you, Judge.

24 Your Honor, may I indulge on a different matter?

25 THE COURT:  No.

1        MR. NOVOSELSKY: I apologize.

2    (Which were all the proceedings had in the above-entitled

3 cause on the day and date aforesaid.)

4    I certify that the foregoing is a correct transcript from
the record of proceedings in the above-entitled matter.

5

6 Carolyn R. Cox                              Date
Official Court Reporter
7 Northern District of Illinois

8 /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR