```
              IN THE UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


GRANT BIRCHMEIER, et al.,           )  Docket No. 12 C 4069
                                    )
              Plaintiffs,           )
                                    )
       vs.                          )
                                    )
CARIBBEAN CRUISE LINE, INC., et     )  Chicago, Illinois
al.,                                )  March 15, 2017
                                    )  10:00 o'clock a.m.
              Defendants.           )


            TRANSCRIPT OF PROCEEDINGS - MOTION
         BEFORE THE HONORABLE MATTHEW F. KENNELLY

APPEARANCES:


For the Plaintiffs:   LOEVY AND LOEVY
                      BY: MR. SCOTT R. RAUSCHER
                      311 North Aberdeen Street, 3rd Floor
                      Chicago, IL  60607
                      (312) 243-5900


                      EDELSON PC
                      BY: MR. JAY EDELSON
                          MR. ALEXANDER GLENN TIEVSKY
                      350 North LaSalle Street, Suite 1300
                      Chicago, IL  60654
                      (312) 589-6370




Court Reporter:       MS. CAROLYN R. COX, CSR, RPR, CRR, FCRR
                      Official Court Reporter
                      219 S. Dearborn Street, Suite 2102
                      Chicago, Illinois  60604
                      (312) 435-5639
```

```
 1   APPEARANCES CONTINUED:

 2
     For Caribbean          GREENSPOON MARDER, P.A.
 3   Cruise Line, Inc.:     BY:  MR. JEFFREY BACKMAN
                            200 East Broward Boulevard, Suite 1800
 4                          Fort Lauderdale, FL  33301
                            (954) 491-1120
 5

 6

 7   For The Berkley        FORDE LAW OFFICES LLP
     Group, Inc.:           BY:  MR. BRIAN PATRICK O'MEARA
 8                          111 West Washington Street, Suite 1100
                            Chicago, IL  60602
 9                          (312) 641-1441

10

11   For Freedom Home       JONATHAN NOVOSELSKY, P.C.
     Care, Inc.:            BY:  MR. JONATHAN P. NOVOSELSKY
12                          303 West Madison, 22nd Floor
                            Chicago, IL  60606
13                          (312) 286-8429

14

15

16

17

18

19

20

21

22

23

24

25
```

1   (The following proceedings were had in open court:)
2         THE CLERK:  Case No. 12 C 4069, Birchmeier v.
3   Caribbean Cruise Line.
4         MR. NOVOSELSKY:  Good morning, your Honor.  Jon
5   Novoselsky, local counsel for objectors.
6         MR. O'MEARA:  Good morning, your Honor.  Brian
7   O'Meara for the defendant the Berkley Group.
8         MR. BACKMAN:  Good morning, your Honor.  Jeffrey
9   Backman for Caribbean Cruise Line and Vacation Ownership
10  Marketing Tours.
11        THE COURT:  You can just give everybody's name,
12  Mr. Edelson.
13        MR. EDELSON:  Good morning, your Honor.  Jay Edelson,
14  Alex Tievsky, and Scott Rauscher for the class.
15        THE COURT:  So I've looked at the motion to
16  reconsider, the response by Freedom Home Care, the response by
17  the plaintiffs, and then the reply by the defendants.  So
18  here's my question.  So assuming I do what the defendants are
19  proposing that I do, which is that I take some sort of a
20  submission, and we will talk in a second informally in camera
21  in a way that only the class counsel and the defendants'
22  counsel are able to see, hear, or review it, for the purpose
23  of doing -- as I said I was going to do at whatever hearing it
24  was, I am blanking on the date -- deciding whether the
25  detailed settlement history is something that I should

1  consider -- so, in other words, deciding whether I'm going to
2  use it -- if the outcome of that is, yes, I decide that it's
3  relevant, then under the defendants' scenario, what would
4  happen and who would get to see it?
5              MR. BACKMAN:  We would brief it first, your Honor.
6              THE COURT:  Brief what?
7              MR. BACKMAN:  Whether or not you could compel
8  disclosure in contradiction to the agreement that was entered
9  into between the parties.
10             THE COURT:  Isn't that what you did in here?  You
11 want to file more briefs about that?
12             MR. BACKMAN:  No, we haven't briefed the issue, your
13 Honor, quite frankly.  Their response -- plaintiffs' response
14 yesterday interposed issues on paper of waiver, of public
15 policy, of all of these other bases that they contend warrant
16 breaching that agreement.  We have not responded to that.  We
17 don't think that's the issue for today.  We are happy to brief
18 it preliminarily, Judge, before you do any --
19             THE COURT:  The issue for today is the thing that I
20 ordered to be done by tomorrow.  Okay?  That's the issue for
21 today.  It's the thing that I ordered to be done for tomorrow.
22 It's due tomorrow, right?
23             MR. BACKMAN:  Understood, your Honor.
24             THE COURT:  Yeah.  And so -- and the hearing on which
25 I did this -- and I know that we're operating under some

1  relatively short deadlines here, but, you know, frankly, it
2  was on the 27th of February, which was two weeks ago Monday,
3  and I didn't get this motion to -- the motion to reconsider
4  was teed up for either the day before or two days before the
5  filing was due, which is not reasonable. It's basically what
6  the Court of Appeals once told me in a case, you're trying to
7  elbow your way into an extension.
8        MR. BACKMAN: That's not the case, your Honor. There
9  was a reason why --
10        THE COURT: There's six pages -- six pages of your
11  opening submission talk about the whole confidentiality
12  agreement that you had with JAMS, J-A-M-S all capitals, and so
13  that's been briefed, and so what hasn't been briefed?
14        MR. BACKMAN: Your Honor, the only issue that we were
15  focused on reconsideration was to allow you to do exactly what
16  it is that you said you wanted to do just with the exclusion
17  of the one party to that proceeding that was not a party to
18  the mediation.
19        THE COURT: Okay. So back to my question then. If I
20  decide after I get this thing from you, whatever it is, that I
21  think that it's relevant, that I should consider it, then what
22  you're saying is then you want to file basically a full-blown
23  reply to the plaintiffs' response?
24        MR. BACKMAN: Correct, your Honor. And that's what
25  we talked about at the hearing.

1 THE COURT: Okay. And then what?

2 MR. BACKMAN: And then your Honor will decide several
3 things: whether in fact you believe it's relevant material,
4 because we --

5 THE COURT: At that point, I would have already
6 decided that. At that point, I would have already decided
7 that.

8 MR. BACKMAN: I don't want to tell you what you
9 decided. From our perspective --

10 THE COURT: The whole point of you giving me this
11 what I'll call the quick peek -- the whole point of giving me
12 the quick peek is for me to figure out whether this is
13 something that I actually think is relevant for my
14 determination of the fee petition. If I decide that it is,
15 then you want to brief the question of whether Mr. Bandas'
16 client, Mr. Novoselsky's client get to see it, but the whole
17 predicate for even doing that -- I am not going to do this in
18 15 stages. Okay? This is a four-and-a-half-year-old case. I
19 am not going to do it in 15 stages, and I am exaggerating for
20 effect, but you get my point.

21 MR. BACKMAN: I do.

22 THE COURT: At that point, I would have already
23 decided that this is something that's relevant, and then we
24 are talking about who gets to see it. I am not understanding
25 what more would be briefed at that point.

1   MR. BACKMAN:  I think the problem that we are having
2  is the way this procedurally came up.  They filed a motion for
3  attorneys' fees and costs, they made an argument, they cited
4  to some matters to their expert.  We came to the final
5  approval hearing, and you asked some questions about whether
6  or not you can ask for this.  We then had a continuation
7  hearing where you then entered the order that's at issue
8  today.
9   THE COURT:  Right.
10   MR. BACKMAN:  We have yet to brief whether or not --
11  they haven't filed a motion to compel the disclosure of this
12  information, they haven't filed a motion to negate --
13   THE COURT:  Because I told you to do it.  It didn't
14  require a motion.  You think a judge can't do something
15  without a motion?
16   MR. BACKMAN:  I believe --
17   THE COURT:  Yes or no?  That is a yes-or-no question.
18   MR. BACKMAN:  I believe you can, your Honor.
19   THE COURT:  And I did.  I did.  That is what I did on
20  February the 27th.  I ordered you to disclose it because in
21  reading the very extensive briefs and rereading them and
22  rereading them again, I concluded that this was something that
23  was at least potentially relevant to my consideration of the
24  fee petition.
25   So we're not going to go back and do a bunch of

Case: 1:12-cv-04069 Document #: 614 Filed: 03/20/17 Page 8 of 14 PageID #:13919

8

1  do-overs.  You had that opportunity.  You did.  You know,
2  sometimes judges -- you have been in oral arguments on appeal.
3  Sometimes judges ask questions that you don't anticipate.  It
4  doesn't mean you get to file an extra brief or an extra two
5  briefs or an extra three briefs or maybe it's four or five
6  that you're actually asking once we total them all up after
7  the fact.  You answer the question, the judge has made the
8  ruling, and then you move on.
9        So basically, you're telling me that stage one should
10 be I get the quick peek; stage two should be I tell you
11 whether I want to consider it, we'll call that 1-A; then stage
12 two will be you brief the confidentiality thing; and then
13 stage three would be brief the relevance thing; and then stage
14 four would then be brief what?
15       MR. BACKMAN:  We are happy to do it before you take a
16 quick peek.
17       THE COURT:  No, I ordered this by tomorrow.
18       MR. BACKMAN:  But, your Honor --
19       THE COURT:  You waited -- you sat on your behind for
20 nine days before filing this motion to reconsider.  The motion
21 to reconsider could have been filed the next day.  The hearing
22 was held and the order was given on the 27th of February.  You
23 filed this on the 7th of March.  That was eight days.
24       MR. BACKMAN:  Your Honor, we were prepared to file it
25 earlier.  There were --

1   THE COURT: Why didn't you?
2   MR. BACKMAN: There were discussions with plaintiffs'
3   counsel.
4   THE COURT: You had an order from me. I don't care
5   about your discussions with plaintiffs' counsel.
6   MR. BACKMAN: We were trying to work out --
7   THE COURT: You don't have the privilege -- you do
8   not have the privilege -- Mr. Backman, stop interrupting me.
9   You do not have the privilege of unilaterally modifying orders
10  that you're given by a court. You can move to reconsider.
11  You don't need to talk to anybody about that.
12  MR. BACKMAN: That's not what we talked to them
13  about.
14  THE COURT: Why did you wait eight days to file the
15  motion?
16  MR. BACKMAN: Your Honor, we were talking to them
17  about trying to resolve the underlying fee petition issue, and
18  we felt --
19  THE COURT: I don't care.
20  MR. BACKMAN: Okay. I am just telling you.
21  THE COURT: I don't care. You were under an order.
22  MR. BACKMAN: We were prepared to file it.
23  THE COURT: You were under an order.
24  MR. BACKMAN: And we filed it prior. Your Honor, we
25  are simply asking that Mr. Bandas be excluded from the quick

1 peek. If you'd rather take submissions on all of the issues
2 that have yet to be briefed, which, quite candidly, at both
3 hearings on February 23rd and February 27th, we asked you
4 this, and you did say we would have the opportunity to brief
5 it before --

6 THE COURT: And now you're telling me you want the
7 opportunity to brief more than that. You want the opportunity
8 to brief whether Mr. Bandas gets to see it, you want the
9 opportunity to brief whether it's relevant, which I've already
10 -- we are already moving past that; and you want the
11 opportunity to brief God knows what else; and then you want
12 the opportunity to file a mandamus petition in the Court of
13 Appeals, which is going to hold up the whole settlement. It's
14 going to hold up argument.

15 MR. BACKMAN: We are happy to brief all the issues
16 before the Court.

17 THE COURT: No. The answer is no, unless you can do
18 it by noon today. Can you do it by noon today?

19 MR. BACKMAN: No, your Honor.

20 THE COURT: Of course not. Right.

21 So if I were to say that I want you to submit to me
22 in camera a joint -- we will just call it a joint report by
23 the plaintiffs and the defendants that you don't have to agree
24 on, there can be a plaintiffs' section and a defendants'
25 section, that explains to me what I referred to before as the

1  blow by blow of the settlement, which you're not going to file
2  on CM/ECF, you are going to send me something in chambers, and
3  I am going to decide when and under what circumstances it gets
4  filed, how quickly can that be done, seeing as how I already
5  ordered you to file it by tomorrow?
6      MR. BACKMAN: Sure. I understand, your Honor. I
7  have to ask a preliminary question. Is Mr. Bandas going to be
8  entitled to see that?
9      THE COURT: You weren't paying attention.
10     MR. BACKMAN: Well, we are not going to do it.
11     THE COURT: You weren't paying attention. I just
12 said that the plaintiffs and the defendants are going to
13 jointly file something -- submit something to me in camera.
14     MR. BACKMAN: Okay. I am just clarifying that it's
15 just you, your Honor. Yes, we can do that by tomorrow.
16     THE COURT: Fine.
17     MR. BACKMAN: But there's just -- with what you just
18 said, we thought we were going to have an opportunity to brief
19 any disclosure beyond that. If we are not, then I believe we
20 will probably take a different position and not submit it.
21     THE COURT: By the way, don't bother asking to
22 participate by phone anymore. You have local counsel. And I
23 know it was on the if/come, but the previous time it wasn't on
24 the if/come. The previous time was a matter of courtesy.
25 Those days are done.

1  MR. BACKMAN: I understand. I'm happy --
2  THE COURT: Anything you want to say to me you are
3 going to say to me in person. Don't bother my courtroom
4 deputy with any requests to participate by phone. If you
5 think that there's going to be weather, then get in the car
6 and drive or get your local counsel, who is an extremely well
7 qualified person, Mr. Hudson, up to speed so that he can deal
8 with it. Do you understand?
9  MR. BACKMAN: I do, your Honor.
10  THE COURT: I want by tomorrow -- it's to be
11 submitted with something with the case caption on it, but it's
12 to be submitted in camera and not filed to me, okay, a joint
13 report regarding the settlement negotiations from beginning to
14 end. This is the thing I referred to as the blow by blow.
15 And by tomorrow, I don't mean -- I mean by 4:15 tomorrow.
16 That's when I need it by. You don't have to agree on it.
17 Like I say, if you can't agree on what happened, that's great.
18 Then I don't have to sort out who is right and who is wrong.
19 If you can't, here is the plaintiffs' position on what
20 happened, here is the defendants' position on what happened,
21 and then I will decide after I then reread for probably what
22 is the fourth or fifth time the fee petition because now that
23 there's been this delay, I am going to have to go back and
24 refresh my memory about that, whether this is something that I
25 should take into consideration. If I decide that it is, I am

Case: 1:12-cv-04069 Document #: 614 Filed: 03/20/17 Page 13 of 14 PageID #:13924

13

1  probably going to give you two days after that to file
2  something explaining why Mr. Bandas or his client or both
3  shouldn't get to see it. Clear enough?
4          MR. BACKMAN: Thank you.
5          THE COURT: But there's not going to be then another
6  round of briefing on its relevance.
7          You know what? A lawyer once told me paper doesn't
8  refuse ink. Okay? You can include anything you want. You
9  can give me your brackets for the NCAA for all I care. Do
10 that as an appendix. But there's not going more rounds of
11 briefing after that. I might have you come in and argue the
12 significance of this stuff at some point, but I got plenty of
13 briefs on this. In other words -- in other words, if we get
14 all the way to that point and I conclude that it's something
15 that I ought to take into account, I may, you know, say, okay,
16 on such-and-such a date, I want you to come in and argue to me
17 exactly how this fits into everything, but that's going to be
18 the extent of it.
19         Does anybody have any questions about anything? This
20 is a speak now or forever hold your peace moment.
21         MR. BACKMAN: Thank you, your Honor.
22         MR. EDELSON: Thank you, your Honor.
23   (Which were all the proceedings had in the above-entitled
24 cause on the day and date aforesaid.)
25

1   I certify that the foregoing is a correct transcript from
2   the record of proceedings in the above-entitled matter.

3   Carolyn R. Cox                                    Date
    Official Court Reporter
4   Northern District of Illinois

5   /s/Carolyn R. Cox, CSR, RPR, CRR, FCRR