# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GERARDO ARANDA, GRANT BIRCHMEIER, STEPHEN PARKES, and REGINA STONE, on behalf of themselves and a class of others similarly situated,<br><br>*Plaintiffs*,<br><br>      *v.*<br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC.,<br><br>*Defendants*. | Case No. 1:12-cv-04069<br><br>Honorable Matthew F. Kennelly |

## PLAINTIFFS' MOTION FOR APPEAL BOND

Pursuant to Federal Rule of Appellate Procedure 7, Plaintiffs Gerardo Aranda, Grant Birchmeier, Stephen Parkes, and Regina Stone ("Plaintiffs") respectfully request that the Court order Objector Kevin McCabe to post a $5,000 bond to ensure payment of costs on appeal. In support of their motion, Plaintiffs state as follows:

1. On January 20, 2017, Kevin McCabe filed an objection to the class action settlement in the above-captioned action. McCabe argued that that the Court should deny approval of the settlement because of the scope of the release granted to Defendants and because of purported deficiencies in the *cy pres* provisions.

2. At the Final Fairness Hearing on February 23, 2017, McCabe appeared through his attorney Todd C. Bank in support of his objection. During that hearing, Bank indicated that he had not read Plaintiffs' response to McCabe's objection. (Dkt. 594 at 4:20-25, 5:1-9.)

3. On March 2, 2017, the Court entered an order finding that "because McCabe is not a member of the class or has no live claims against defendants that could be released by the settlement agreement, he lacks standing to object." *Aranda v. Caribbean Cruise Line, Inc.*, No. 12 C 4069, 2017 WL 818854, at *5 (N.D. Ill. Mar. 2, 2017).

4. Despite McCabe's lack of standing, the Court considered his objections, finding that his reading of the release language was "mistaken" and that his "contention that a *cy pres* award is likely to involve a significant sum borders on the frivolous." *Id.* Nevertheless, the Court "guard[ed] against this extremely remote possibility by modifying the agreement to make the size of the *cy pres* award and the identity of the recipient subject to this Court's approval." *Id.*

5. Although a judgment has not yet been entered, McCabe filed a Notice of Appeal on March 23, 2017.

6. Federal Rule of Appellate Procedure 7 authorizes district courts to "require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."

7. McCabe's counsel's lack of familiarity with the terms of the settlement in this case, combined with his unpreparedness at the Final Fairness Hearing, the Court's determination that McCabe lacks standing, and the weakness of the merits of McCabe's objections all strongly indicate that McCabe will lose on appeal and be required to pay Plaintiffs' costs.

8. McCabe is or should be well aware that his appeal is unlikely to succeed, especially given that his attorney was recently reminded of the doctrine of *res judicata* by the Ninth Circuit, *see Amalfitano v. Google Inc.*, No. 15-15288, 2017 WL 943933, at *1 (9th Cir.

Mar. 10, 2017),[1] an issue in this case given McCabe's previous TCPA litigation against Defendants, *see Aranda*, 2017 WL 818854, at *5, ("any claim McCabe might assert in this case would be barred by the doctrine of claim preclusion because he already sued defendants in the Eastern District of New York for the same alleged TCPA violation in a case that reached final judgment").

9. A bond of $5,000 is the appropriate amount to ensure that McCabe will pay Plaintiffs' costs in the likely event that he loses on appeal. *See Allen v. J.P. Morgan Chase Bank, NA*, No. 15-3425, 2015 WL 12714382, at *1 (7th Cir. Dec. 4, 2015) (modifying appeal bond to $5,000); *In re Navistar Diesel Engine Prod. Liab. Litig.*, No. 11 C 2496, 2013 WL 4052673, at *3 (N.D. Ill. Aug. 12, 2013) (Kennelly, J.) ("The Court will require plaintiffs to post a bond in the amount of $5,000, which is a much more reasonable estimate of the likely costs on appeal.").

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an order 1) directing Objector Kevin McCabe to post a bond in the amount of $5,000 to cover Plaintiffs' taxable costs on appeal; and 2) granting any such further relief as it deems reasonable and just.

Respectfully submitted by:

Dated: March 31, 2017                               /s/ Alexander G. Tievsky

                                                         Jay Edelson
                                                         Alexander G. Tievsky
                                                         EDELSON PC
                                                         350 North LaSalle Street, 13th Floor
                                                         Chicago, Illinois 60654
                                                         Telephone: (312) 589-6370
                                                         Email: jedelson@edelson.com
                                                         atievsky@edelson.com

---

[1] While the matter of whether McCabe's appeal is frivolous is one for the Seventh Circuit, it is worth noting that his counsel has a checkered history in appellate courts. *See, e.g.*, Dkt. 590 Ex. B § 3.12 (listing a portion of Bank's litigation history); *Doyle v. John G. Roberts, Jr., et al.*, 463 F. App'x 50 (2d Cir. 2012) (affirming dismissal of Bank's client's petition for a writ of mandamus directing the United States Supreme Court to hear an appeal).

Rafey S. Balabanian
Eve-Lynn J. Rapp
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Telephone: (415) 212-9300
Email: rbalabanian@edelson.com
erapp@edelson.com

Scott R. Rauscher
Michael I. Kanovitz
Jonathan I. Loevy
LOEVY & LOEVY
311 North Aberdeen Street, Third Floor
Chicago, Illinois 60607
Telephone: (312) 243-5900
Email: scott@loevy.com
jon@loevy.com
mike@loevy.com

*Class Counsel*

## **CERTIFICATE OF SERVICE**

I, Alexander G. Tievsky, an attorney, hereby certify that on March 31, 2017, I served the above and foregoing ***Plaintiffs' Motion for Appeal Bond*** by causing a true and accurate copy of such paper to be filed with the Court and transmitted to all counsel of record via the Court's CM/ECF electronic filing system.

                                                                        /s/ Alexander G. Tievsky