IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| GERARDO ARANDA, GRANT BIRCHMEIER, STEPHEN PARKES, and REGINA STONE, on behalf of themselves and a class of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC., and VACATION OWNERSHIP MARKETING TOURS, INC.,<br><br>*Defendant*. | Case. No. 13-cv-04806<br><br>Hon. Matthew F. Kennelly |

## JUDGMENT GRANTING FINAL APPROVAL OF SETTLEMENT

It is hereby ADJUDGED and DECREED THAT:

1. Unless defined otherwise herein, all defined terms set out in the Class Action Settlement Agreement (the "Settlement Agreement," Dkt. 502) and used in this Order shall have the same meaning and definition as provided by the Settlement Agreement.

2. This Court has subject matter jurisdiction over this case to approve the Settlement Agreement, including its exhibits, between Plaintiffs Gerardo Aranda, Grant Birchmeier, Stephen Parkes, Regina Stone (collectively "Plaintiffs") and Defendants Caribbean Cruise Line, Inc., Vacation Ownership Marketing Tours, Inc. and The Berkley Group, Inc. and (collectively "Defendants," and together, the "Parties"). The Court also has personal jurisdiction over all Parties to the Action, including all members of the Settlement Class, which means the two classes the Court certified—a landline class and a cellular telephone class—defined as:

{00295852} 1

> All persons in the United States to whom (1) one or more telephone calls were made by, on behalf, or for the benefit of the Defendants, (2) purportedly offering a free cruise in exchange for taking an automated public opinion and/or political survey, (3) which delivered a message using a prerecorded or artificial voice; (4) between August 2011 and August 2012, (5) whose (i) telephone number appears in Defendants' records of those calls and/or the records of their third party telephone carriers or the third party telephone carriers of their call centers or (ii) own records prove that they received the calls—such as their telephone records, bills, and/or recordings of the calls—and who submit an affidavit or claim form if necessary to describe the content of the call.
>
> Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families; (2) Defendants, Defendants' subsidiaries, parent companies, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former officers, directors, agents, attorneys and employees; (3) persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors or assigns of any such excluded persons; and (5) counsel for all Parties and members of their families.

3. The Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement Agreement.

4. The notice to the Settlement Class: (1) fully complied with the Federal Rules of Civil Procedure, due process, and the rules of the Court: (2) constituted the best notice practicable under the circumstances, and (3) provided due and sufficient notice to all persons entitled to notice of the Settlement Agreement and apprised them of their right to object to or exclude themselves from the Settlement Agreement and to appear at the Final Approval Hearing.

5. In the event that funds remain in the Settlement Fund as a result of un-cashed checks or otherwise pursuant to Section 2.2(f) of the Settlement Agreement, no funds shall be distributed to a *cy pres* recipient without prior approval of the Court.

6. The Court finds that the Settlement Agreement is fair, reasonable, and adequate, and is in the best interests of, the Settlement Class Members. It is therefore approved.

7. The parties are directed to implement and consummate the Settlement Agreement according to its terms and conditions.

{00295852} 2

8. Terry A. Leonard, Gordon R. Obenauf, and Janet M. Obenauf have filed valid requests to be excluded from the Settlement Class and the Settlement Agreement.

9. Pursuant to Federal Rule of Civil Procedure 23(c)(3), all persons within the Settlement Class, other than the individuals identified above, are "Settlement Class Members" and are bound by this Judgment.

10. The Court finds that Kevin McCabe lacks standing to object to the Settlement Agreement. The Court overrules the objections to the Settlement Agreement of Thomas J. Taylor.

11. Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of this judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against each and every one of the Released Parties.

    A. "Releasing Parties" means Plaintiffs and the Settlement Class and their respective present or past heirs, executors, estates, trustees, administrators, predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations, and any other representatives of any of these Persons and entities.

    B. "Released Parties" means Defendants, as well as any and all of their respective present or past heirs, executors, estates, trustees, administrators,

{00295852} 3

        predecessors, successors, assigns, parent companies, subsidiaries, agents, associates, affiliates, divisions, holding companies, employers, employees, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, investment bankers, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, companies, firms, trusts, and corporations, and any other representatives of any of these Persons and entities.

C.    "Released Claims" means any and all actual, potential, filed, known or unknown, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, actual, statutory, punitive, exemplary or multiplied damages, expenses, costs, attorneys' fees and/or obligations (including "Unknown Claims" as defined below), whether in law or in equity, accrued or unaccrued, direct, individual or representative, of every nature and description whatsoever, whether based on the TCPA or other federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside the United States, against the Released Parties, or any of them, arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act regarding the alleged calls made with a prerecorded or artificial voice offering a free cruise in exchange for taking an automated public opinion and/or political survey including all

{00295852}        4

    claims that were brought or could have been brought in the Action relating to such calls, belonging to any and all Releasing Parties.

D. "Unknown Claims" means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement. Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims,

notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

12. Without further approval from the Court, the parties are authorized to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents that (1) shall be consistent in all material respects with this judgment, and (2) do not limit the rights of Settlement Class Members.

13. The Court hereby dismisses the Action on the merits and with prejudice without fees or costs to any party except as awarded by the Court.

14. Without affecting the finality of this judgment for purposes of appeal, the Court retains jurisdiction with respect to this Settlement Agreement including, issues relating to administration, consummation, enforcement, interpretation and implementation.

15. Pursuant to the Settlement Agreement and Federal Rule of Civil Procedure 53, the Honorable Wayne R. Andersen (ret.) of JAMS (the "Special Master") is directed to proceed with all reasonable diligence with the duties outlined in the Settlement Agreement. Any member of the Settlement Class or any Defendant who wishes to contest a decision made by the Special Master in accordance with the duties outlined in the Settlement Agreement may do so by seeking Court review of the decision by no later than twenty-one (21) days after a copy of the order is served, unless the Court sets a different time. The parties have full rights to object to, or seek the modification of, any order, report or recommendation of the Special Master, as set forth in Fed. R. Civ. P. 53(f). Without affecting the finality of this judgment for purposes of appeal, the Court retains jurisdiction to review any order, report or recommendation of the Special Master pursuant to Fed. R. Civ. P. 53. The parties further expressly preserve and do not waive their rights to appeal

any order, report or recommendation of the Special Master or subsequent order, determination or finding of this Court.

16. The Court hereby directs entry of this judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this judgment.

17. This judgment granting final approval of the Settlement Agreement is not a "Final Judgment" as that term is defined in the Settlement Agreement.

**IT IS SO ORDERED.**

ENTERED: April 5, 2017

*[signature]*
HONORABLE MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

JUDGMENT ENTERED: April 5, 2017

By: *[signature]* Pamela Geringer, Deputy Clerk
CLERK OF THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

{00295852}  7

## Addendum A

The Persons or entities listed below are found to have validly excluded themselves from the Settlement in accordance with the provisions of the Preliminary Approval Order.

1. Terry A. Leonard
2. Gordon Obenauf
3. Janet M. Obenauf