UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERARDO ARANDA, GRANT BIRCHEMEIER, STEPHEN PARKES, and REGINA STONE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CARIBBEAN CRUISE LINE, INC., ECONOMIC STRATEGY GROUP, ECONOMIC STRATEGY GROUP, INC., ECONOMIC STRATEGY, LLC, THE BERKLEY GROUP, INC. and VACATION OWNERSHIP MARKETING TOURS, INC.,<br><br>    Defendants | NO. 1:12-CV-04069<br><br>Honorable Matthew F. Kennelly |

**OBJECTOR FREEDOM HOME CARE, INC.'S CORRECTED AND SUPPLEMENTAL MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**

**Table of Contents**

BACKGROUND ............................................................................................................................. 1

INTRODUCTION ......................................................................................................................... 3

ARGUMENT ................................................................................................................................. 4

    I.    Freedom Home Care is Entitled to Fees for the Class Benefit Attributable
        to its Objection. .................................................................................................................... 4

    II.   Freedom Home Care's Request for Fees is Reasonable and is Far Below
       What Precedent Permits. ..................................................................................................... 5

    III.  Freedom Home Care's Fee Award Should be Funded from Class Counsels' Fees............. 8

    IV.  Freedom Home Care is Entitled to an Incentive Award. .................................................. 10

CONCLUSION............................................................................................................................ 11

## Table of Authorities

**Cases**

*Aranda v. Caribbean Cruise Line, Inc.,* 12 C 4069, 2017 WL 1369741 (N.D. Ill. Apr. 10, 2017) .................................................................................................. 3, 11

*Craftwood Lumber Co. v. Interline Brands, Inc.,* 11-CV-4462, 2015 WL 2147679 (N.D. Ill. May 6, 2015) ........................................................................................................ 3

*Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373 (D.N.J. 2012), *aff'd sub nom. Dewey v. Volkswagen Aktiengesellschaft*, 558 Fed. Appx. 191 (3d Cir. 2014) ............................................. 8

*Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175 (D. Mass. 1998) ...................... 9

*Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ...................................................................... 4

*Gastineau v. Wright,* 592 F.3d 747 (7th Cir.2010) .......................................................................... 6

*Gehrich v. Chase Bank USA, N.A.*, 12 C 5510, 2016 WL 3027831 (N.D. Ill. May 27, 2016)... 3, 5

*Gottlieb v. Barry*, 43 F.3d 474 (10th Cir. 1994) ............................................................................. 5

*Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouse Coopers, L.L.P*. 212 F.R.D. 400 (E.D. Wis. 2002) .................................................................................................. 4, 9

*In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011). ............................................................................................................ 9

*In re Capital One Tel. Consumer Prot. Act Lit., 80 F. Supp.3d 781 (N.D. Ill. 2015* ...................... 3

*In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722 (3d Cir. 2001) ............................................ 4, 5

*In re Citigroup Secs. Litig.*, No. 07-cv-9901(SHS), Dkt. No. 286, Order at 1-2 (S.D.N.Y. Sept. 10, 2013) .................................................................................................................. 9

*In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 12, 2012).............................................................................................................. 8

*In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208 (D.N.M. 1998) ................ 9

*In re Ikon Office Solutions*, 194 F.R.D. 166 (E.D. Pa. 2000) ......................................................... 9

*In re Puerto Rican Cabotage Antitrust Litig*., 815 F. Supp. 2d 448 (D.P.R. 2011) ........................ 8

*In re Southwest Airlines Voucher Litig.*, 11 C 8176, 2013 WL 5497275 (N.D. Ill. Oct. 3, 2013), amended, 11 C 8176, 2014 WL 2809016 (N.D. Ill. June 20, 2014), *aff'd,* 799 F.3d 701 (7th Cir. 2015), and *aff'd,* 799 F.3d 701 (7th Cir. 2015) ................................................................. 6

*In re Synthroid Mktg. Litig.*, 264 F.3d 712 (7th Cir. 2001) ............................................................. 2

*In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741 (7th Cir. 2011) (Posner, J.) ............. 3, 8, 10

*Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N. D. 2015) ............................................................. 4, 9

*Lan v. Ludrof,* 2008 WL 763763 (W.D. Pa. Mar, 21, 2008) .......................................................... 8

*Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010),
 *on reconsideration in part* (July 21, 2010) ........................................................................ 6, 9, 10

*Neslin v. Wells,* 104 U.S. 428 (1882) ............................................................................................. 9

*Parker v. Time Warner Entm't Co., L.P*. 631 F. Supp. 2d 242 (E.D.N.Y. 2009) .......................... 9

*Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277 (7th Cir. 2002) ............................................... 3, 4

*Rodriguez v. West Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ("*Rodriguez I*") ...................... 5, 8

*United Steelworkers of Am. v. Sadlowski*, 435 U.S. 977 (1978) .................................................... 8

*Wilkins v. HSBC Bank Nevada, N.A.,* 14 C190, 2015 WL 890566 (N.D. Ill. Feb. 27, 2015) ........ 2

**Other**

Claire Bushey, Squabble Beetween Law Firms Morphs into Defamation Suit, Crain's Chicago
 Business (Apr. 3, 2017), accessible at
 http://www.chicagobusiness.com/article/20170403/NEWS04/170409983/law-firm-sues-for-
 defamation (last visited Apr. 18, 2017) ................................................................................... 10

Rob Capriccioso, McCain Opposes Harper Nomination to UN Council, Citing Indian Concerns,
 Indian Country Today Media Network (Sept. 24, 2013), accessible at
 https://indiancountrymedianetwork.com/news/politics/mccain-opposes-harper-nomination-to-
 un-council-citing-indian-concerns (last visited Apr. 18, 2017) ................................................ 10

## BACKGROUND

Class counsel sought 33% of the class members' $56-$76 million TCPA settlement (less administration and notice costs). Their request ignored the economies of scale, and would have allocated an excessive amount to class counsel (between $17.9 and $24.5 million) at the expense of the class.

Class member Freedom Home Care, Inc. is a corporation that provides home health care services, and is based in Highland Park, Illinois.[1] It is an undisputed member of the class.[2] Robert Burack manages Freedom Home Care's day-to-day operations, and submitted a declaration on its behalf.[3] Freedom Home Care owns a variety of cell phone lines, including at least one that received automated phone calls of the type that are the subject of this class action settlement.[4] Freedom Home Care also received a notice advising that it was included in the proposed settlement class.[5]

Freedom Home Care filed its objection on January 23, 2017 (the objection deadline), submitted additional supporting papers, and advocated against this fee in hearings before the Court. In a comprehensive analysis, Freedom Home Care's objection urged application of a diminishing sliding scale applied to the whole fund (including attorneys' fees, but not

---

[1] Objection of Freedom Home Care, ECF Doc. 548, at 2-3; Declaration of Robert Burack on Behalf of Freedom Home Care, Inc., ECF Doc. 548, at ECF pp. 24-25.

[2] *Id.*

[3] Declaration of Robert Burack on Behalf of Freedom Home Care, Inc., ECF Doc. 548, at ECF p. 24.

[4] *Id.*

[5] Declaration of Robert Burack on Behalf of Freedom Home Care, Inc., ECF Doc. 548, at ECF p. 24; Exhibit A to Declaration of Robert Burack on Behalf of Freedom Home Care, Inc., ECF Doc. 548, at ECF pp.24, 26.

1

administration and notice costs).[6] Freedom Home Care dispelled class counsels' expert Professor M. Todd Henderson's false premise that the case had "zero" inherent value, and that the settlement was purely attorney generated, which class counsel relied on to argue the sliding scale should not be applied.[7]

During argument, Freedom Home Care advocated against forcing this case into *dicta* from *Synthroid I* wherein the Court noted the sliding scale may create a disincentive for continued labor. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 721 (7th Cir. 2001). Freedom Home Care also identified class counsels' alternative two-tiered scale as result-oriented and unsupported by authority.

Significantly, Freedom Home Care *was the only litigant* to propose the correct fee methodology for this large TCPA settlement—a diminishing sliding scale applied to the whole fund (including attorneys fees, but excluding administration and notice costs).[8] It urged a fee between approximately $12-$15 million (without a risk premium), depending on the outcome of the claims process.[9]

Defendants filed an opposition echoing Freedom Home Care's arguments, but submitted a dramatically inaccurate and never before applied approach omitting attorneys' fees from the gross figure in calculating the percentages.[10] Defendants' method was not employed by any of

---

[6] Objection of Freedom Home Care, ECF Doc. 548, *passim*.

[7] *Id.* at 14.

[8] *Id*. at 8-10.

[9] *Id.* at 9.

[10] Defendants' Response to Plaintiffs' Motion for Attorney's Fees, ECF Doc. 565, at 17-18.

the four sliding-scale TCPA opinions in this District, nor was it applied by this Court.[11]

On April 6, 2017, this Court entered its order granting in part and denying in part class counsels' motion for fees (which this Court subsequently corrected on April 10, 2017).[12] The Court employed a diminishing sliding scale to the whole fund (including attorneys fees, but excluding administration and notice costs)—exactly what Freedom Home Care advocated.[13] The Court also applied a risk premium to each band of the scale, awarding between $14.76-$18.48 million.

The result is class counsel take approximately $3-$6 million less than they sought from the class members' fund. Freedom Home Care's played an important role in limiting class counsels' fees to a more reasonable sum for the benefit of the class, and should be rewarded accordingly.

## INTRODUCTION

The Seventh Circuit places value on the role objectors play in class action settlements, and instructs that "their requests for fees must not be slighted." *In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (Posner, J.) (citations omitted); *Reynolds v. Beneficial Nat. Bank*, 288 F.3d 277, 288 (7th Cir. 2002) (citations omitted) (noting "participation is encouraged by permitting lawyers who contribute materially to the proceeding to obtain a fee").

---

[11] *See Aranda v. Caribbean Cruise Line, Inc.*, 12 C 4069, 2017 WL 1369741, at *9 (N.D. Ill. Apr. 10, 2017) (applying the sliding-scale percentages to the fund, including attorneys' fees, but not administration and notice costs); *Gehrich v. Chase Bank USA, N.A.*, 316 F.R.D. 215, 222, 237-38 (N.D. Ill. 2016) (same); *Craftwood Lumber Co. v. Interline Brands, Inc.*, 11-CV-4462, 2015 WL 2147679, at *1-5 (N.D. Ill. May 6, 2015) (same); *Wilkins v. HSBC Bank Nevada,N.A.,* 14 C 190, 2015 WL 890566, at *9-12 (N.D. Ill. Feb. 27, 2015) (same); *In re Capital One Tel. Consumer Prot. Act Lit.*, 80 F. Supp. 3d 781, 804-07 (N.D. Ill. 2015) (same).

[12] *Aranda*, 2017 WL 1369741, at *8-10.

[13] *Id.* at *9.

Where objections result in a more favorable result for the class, "the objectors will receive a cash award that can be substantial." *Eubank v. Pella Corp.*, 753 F.3d 718, 720 (7th Cir. 2014); *see also In re Cendant Corp. PRIDES Litig.*, 243 F.3d 722, 744 (3d Cir. 2001) (reversing a district court's order denying objector fees where the objector's efforts resulted in reduced fees for class counsel).

Freedom Home Care's advocacy of the sliding scale contributed to providing millions of dollars in benefit to the class members. Its persistence in the face of vigorous opposition and *ad hominem* attacks contributed to a $3-6 million direct class benefit.[14]

Accordingly, Freedom Home Care contends it is entitled to $59,410 in attorneys' fees based on the lodestar method with no multiplier, as well as a $1,000 incentive award for Objector Freedom Home Care. This amount should be taken from class counsels' share of the settlement fund so that (1) the class is not penalized for class counsels' excessive request and (2) future class counsel will be discouraged from making similar improper fee requests.

**ARGUMENT**

**I.  Freedom Home Care is Entitled to Fees for the Class Benefit Attributable to its Objection.**

The pertinent question for an objector fee motion is whether the "objection has secured a benefit for the class that outweighs the fee" sought. *Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N. D. 2015); *see also Reynolds*, 288 F.3d at 288 (requiring that "objectors produce an improvement in the settlement worth more than the fee they are seeking"); *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PriceWaterhouse Coopers, L.L.P*. 212 F.R.D. 400, 413 (E.D. Wis. 2002) (court should consider whether the objector "improved the settlement, assisted the court, and/or

---

[14] As class counsel acknowledge, "the amount class members will receive necessarily depends on the amount of attorneys' fees." Plaintiffs' Reply in Support of Motion for Attorneys" Fees, Expenses, and Incentive Awards, ECF Doc. 584, at 7.

4

enhanced the recovery in any discernible fashion).

Fees may be denied when multiple class members voiced the same objection and consequently provided no real benefit to the class. *See e.g., Gehrich v. Chase Bank USA, N.A.*, 12 C 5510, 2016 WL 3027831, at *6 (N.D. Ill. May 27, 2016) (rejecting objector fee request where at least four other objectors reiterated the same argument). But here, Freedom Home Care is the *only* class member who stood up to class counsels' overreaching fee motion. And, it is the only litigant who argued for the sliding scale as applied to the whole fund (less administration and notice costs). It is therefore entitled to a fee for the direct benefit provided to the class.

Additionally, fees should not be denied based on the notion that a court would have arrived at the same conclusion without the objections. *See Reynolds*, 288 F.3d at 288; *Cendant*, 243 F.3d at 743 (3d Cir. 2001). As the Seventh Circuit explained, "objectors must decide whether to object without knowing what objections may be moot because they have already occurred to the judge." *Reynolds*, 288 F.3d at 288.

Class recovery in this was enhanced by application of the fee methodology (with the exception of the use of a risk premium) advocated by Freedom Home Care alone. Considering the benefit bestowed upon the class, between $3 and $6 million, it would be error to deny Freedom Home Care's request. *See e.g., Gottlieb v. Barry*, 43 F.3d 474, 491 (10th Cir. 1994); *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009) ("*Rodriguez I*") ("clearly erroneous" for district court to decide that objector counsel "did not add anything").[15]

**II.     Freedom Home Care's Request for Fees is Reasonable and is Far Below what Precedent Permits.**

Freedom Home Care seeks a conservative lodestar award of $59,410 for its role in the $3-

---

[15] The *Rodriguez* litigation continued and resulted in the Ninth Circuit's further determination that the lower court "clearly erred" and "abused its discretion by denying fees to the [] Objectors." *Rodriguez II*, 688 F.3d at 659-60.

$6 million class benefit. No multiplier is sought.

"Under the lodestar method, the Court begins by multiplying the number of hours that class counsel reasonably worked by a reasonable hourly rate." *In re Southwest Airlines Voucher Litig.*, 11 C 8176, 2013 WL 5497275, at *8 (N.D. Ill. Oct. 3, 2013), *amended*, 11 C 8176, 2014 WL 2809016 (N.D. Ill. June 20, 2014), *aff'd,* 799 F.3d 701 (7th Cir. 2015), and *aff'd,* 799 F.3d 701 (7th Cir. 2015) (citing *Gastineau v. Wright,* 592 F.3d 747, 748 (7th Cir.2010)); *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 814-15 (N.D. Ohio 2010), *on reconsideration in part* (July 21, 2010) (awarding objector fees under the lodestar method).

Freedom Home Care's counsel, Christopher Bandas and Robert Clore, logged 147.8 hours in uncompensated time in furtherance of Freedom Home Care's objection for a total lodestar of $54,410.[16] That time excludes all work associated with (1) Freedom Home Care's motion for attorneys' fees and (2) the contested *pro hac vice* motion of Christopher Bandas, and (3) Freedom Home Care's motion for leave to file a sur-reply and attached sur-reply, which motion was denied by this Court. *Id*. That lodestar also does not include the work of local counsel Jonathan Novoselsky.

As set forth in Mr. Bandas's declaration, counsel worked diligently and efficiently in preparing the various papers supporting Freedom Home Care's objection (including the objection itself, supporting exhibits, the response to Defendants' motion to reconsider and/or alter the February 27, 2017 order, and the motion to appear at the fairness hearing), as well as in preparing for and participating in several hearings in support thereof.[17] These hours were reasonable and necessary, and their lodestar of $54,410 is based on hourly rates of $450 for Mr. Bandas, and $325 for Mr. Clore, which are usual and customary in the communities where they

---

[16] Exhibit 1, Bandas Declaration, ¶ 8.

[17] *Id.* at ¶ 7.

practice.[18] These rates are considerably below the rates in the plaintiffs' declarations supporting their fee motion.

The following chart explains the lodestar breakdown for Mr. Bandas and Mr. Clore:

| Attorney | Years of Exp. | Hours | Hourly Rate | Total |
| --- | --- | --- | --- | --- |
| Christopher A. Bandas (Sole Shareholder) | 23 | 51 | 450 | $22,950 |
| Robert W. Clore. (Associate) | 17 | 96.8 | $325 | $31,460 |

Freedom Home Care also seeks an award for Jonathan Novoselsky's participation as local counsel, who was paid a flat fee of $5,000.[19] Mr. Novoselsky worked an estimated 20 hours on pleadings, participating in conferences, participating in hearings, and performing other work.[20] That would result in an hourly rate of $250, which is well within the usual and customary rate in Chicago.[21] These hours expended by Mr. Novoselsky were reasonable and necessary.[22]

Objector's $59,410 fee request (including $5,000 for Mr. Novoselsky's labor) is clearly reasonable.[23] The class will benefit from the $3-$6 million reduction from class counsels' fee request. Further, as the only attorneys to advocate the correct methodology, Freedom Home Care's counsel have demonstrated skill and efficiency.

To the extent this lodestar is questioned, Freedom Home Care requests that the Court compare this time to that spent by class counsel or defense counsel for the same issues; Freedom

---

[18] *Id*. at ¶ 10.

[19] *Id.* at ¶ 12.

[20] *Id*.

[21] *Id.*

[22] *Id.*

[23] *Id.* at ¶¶ 7-11.

7

Home Care believes that its counsel operated more efficiently than its adversaries. Three attorneys pale in comparison to the assortment of attorneys that have worked on plaintiffs' side of the case.

Further, Freedom Home Care's request is far below what might have been requested based on a percentage-of-the fund recovery, where "10% of the benefit conferred [is] well within the range of acceptable . . . recovery[.]" *Dewey v. Volkswagen of Am.*, 909 F. Supp. 2d 373, 396 (D.N.J. 2012), *aff'd sub nom. Dewey v. Volkswagen Aktiengesellschaft*, 558 Fed. Appx. 191 (3d Cir. 2014); *see also In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 748 (7th Cir. 2011) (finding an award of $2.7 million (3.8% of the benefit conferred) "was too small" and concluding that objector's counsel was entitled to $4.125 million (5.9% of the benefit conferred)); *In re Classmates.com Consol. Litig.*, No. C09-45RAJ, 2012 U.S. Dist. LEXIS 83480 (W.D. Wash. Jun. 12, 2012) (noting that award of $100,000 "if anything" "would have undercompensated" the objector where $100,000 was roughly 5% of the monetary benefit conferred); *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 468 (D.P.R. 2011) (finding that "10% [of $3 million benefit conferred] is reasonable and appropriate to reflect Objectors' time, effort, ingenuity and success in increasing the kitty for the benefit of the Class."); *Lan v. Ludrof,* 2008 WL 763763, at *28 (W.D. Pa. Mar, 21, 2008) (awarding objector 25% of the increase in the benefit to the class). A 5% award of the $3-$6 million benefit conferred would have resulted in a $150,000-$300,000 fee, while a 10% award would have resulted in $300,000-$600,000 fee.

### III. Freedom Home Care's Fee Award Should be Funded from Class Counsels' Fees.

"[T]he 'common benefit' theory is premised on a court's equity power" *United Steelworkers of Am. v. Sadlowski*, 435 U.S. 977, 979 (1978); *accord Rodriguez II*, 688 F.3d at 654. Where class counsel propose an excessive fee from the common fund, thereby necessitating

8

the participation of an objecting class member, the equities are clear. It would be unfair to require the class to foot the bill for both class counsel and again for objector's counsel, when class counsel alone created the necessity of the objection. *See Neslin v. Wells,* 104 U.S. 428, 437 (1882) ("equity requires that the loss, which in consequence thereof must fall on one of the two, shall be borne by him by whose fault it was occasioned.").

Although an objector's fee may come from the common fund,[24] some courts deem it appropriate to award objector fees from class counsels' award. *See Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 417 (E.D. Wis. 2002) (ordering that "attorneys' fees awarded to the objector are to be paid by class counsel and the defendants as they may agree but without diminution of the sum awarded to the class"); *Lonardo*, 706 F. Supp. 2d 766 at-817 (awarding objector's attorneys' fees out of class counsel's fee award); *Parker v. Time Warner Entm't Co., L.P.* 631 F. Supp. 2d 242, 277 (E.D.N.Y. 2009) (same); *Prudential*, 273 F. Supp. at 573 (D.N.J. 2003), *aff'd* 103 Fed. Appx. 695, 697 (3d Cir. 2004) (same); *In re Ikon Office Solutions*, 194 F.R.D. 166, 197 (E.D. Pa. 2000) (same); *Duhaime v. John Hancock Mut. Life Ins. Co.*, 2 F. Supp. 2d 175, 176 (D. Mass. 1998) (same); *In re Horizon/CMS Healthcare Corp. Secs. Litig.*, 3 F. Supp. 2d 1208, 1215 (D.N.M. 1998) (same); *In re Citigroup Secs. Litig.*, No. 07-cv-9901(SHS), Dkt. No. 286, Order at 1-2 (S.D.N.Y. Sept. 10, 2013) (same with objector's expenses).

Freedom Home Care urges that awarding all legal expenses from the initial fee pot is not merely equitable, it is also good public policy. It provides a practical incentive for class counsel to avoid overreaching fee requests that (as here) have a high probability of being rejected. If

---

[24] *Kolinek v. Walgreen Co.*, 311 F.R.D. 483 (N. D. 2015) ("When an objector recovers attorney's fees, the fee award is drawn from the settlement fund, and the total award to the class is diminished").

9

class counsel are not even responsible for paying the comparatively minimal fees of successful objectors, then there will be little, if any, reason for them not to continue making similar requests in the future.

### IV. Freedom Home Care is Entitled to an Incentive Award.

Freedom Home Care requests a $1,000 incentive award. That amount is appropriate in light of Freedom Home Care's role in conferring a benefit upon the class. *Dewey*, 909 F. Supp. 2d at 398-400; *Lonardo*, 706 F. Supp. 2d at 816-17; *In re Apple Inc. Sec. Litig.*, No. 5:06-cv-05208-JF, 2011 U.S. Dist. LEXIS 52685 (N.D. Cal. May 17, 2011).

By objecting here, Freedom Home Care exposed itself to the risk of harassment by class counsel. *See, e.g., Edelson PC v. The Bandas Law Firm, PC*, 1:16-cv-11057, ECF Doc. 50, at (Edelson PC lumping discussion of Freedom Home Care's objection into a frivolous RICO lawsuit, and making the unsubstantiated claim that Robert Burack, who manages day to day operations at Freedom Home Care, was solicited); Claire Bushey, *Squabble Between Law Firms Morphs into Defamation Suit*, CRAIN'S CHICAGO BUSINESS (Apr. 3, 2017)[25] (discussing allegations that "Edelson and its founder, Jay Edelson, . . . manipulate[e] the legal system" and "use the threat of negative publicity"); *see generally In re Trans Union Corp. Privacy Litig.*, 629 F.3d 741, 743 (7th Cir. 2011) (noting that "class lawyers may try to fend off interlopers who oppose a proposed settlement" and that such tactics should not be permitted considering objectors can "prevent cozy deals that favor class lawyers and defendants at the expense of class members"); Rob Capriccioso, *McCain Opposes Harper Nomination to UN Council, Citing Indian Concerns*, INDIAN COUNTRY TODAY MEDIA NETWORK, Sept. 24, 2013[26] (describing how different

---

[25] Accessible at http://www.chicagobusiness.com/article/20170403/NEWS04/170409983/law-firm-sues-for-defamation (last visited May 3, 2017).

[26] Accessible at https://indiancountrymedianetwork.com/news/politics/mccain-opposes-harper-

10

class counsel in the *Cobell* case revealed personal information of objecting class members in an attempt to intimidate them into dropping their appeal).

Freedom Home Care is requesting a small fraction of the collective $40,000 incentive payments awarded to the class representatives, payments that this Court has previously approved as reasonable. *Aranda v. Caribbean Cruise Line, Inc.*, 12 C 4069, 2017 WL 1369741, at *1, 9 (N.D. Ill. Apr. 10, 2017). Just as class representatives receive incentive payments, so should objectors whose objections meaningfully contribute to class recovery. As a result of Freedom Home Care's having come forward, class counsel will not take an unauthorized fixed percentage of the settlement, and more will be available to the class.

## CONCLUSION

Objector Freedom Home Care thus respectfully requests that this Court award it $1,000 as an incentive award and $59,410 in attorneys' fees for its role in conferring a direct benefit to the class.

---

nomination-to-un-council-citing-indian-concerns (last visited May 3, 2017).

Dated: May 3, 2017                    Respectfully submitted,

/s/ *Christopher A. Bandas*
Christopher A. Bandas
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
(361) 698–5200 (tel)
(361) 698-5222 (fax)
Admitted *Pro Hac Vice*

Robert W. Clore
BANDAS LAW FIRM, P.C.
500 North Shoreline, Suite 1020
Corpus Christi, TX 78401
(361) 698–5200 (tel)
(361) 698-5222 (fax)

Jonathan P. Novoselsky
JONATHAN NOVOSELSKY, P.C.
303 W. Madison, 22nd Floor
Chicago, IL 60606
(312) 286-8429 (tel)
(872) 228-8085 (fax)

*Attorneys for Objector Freedom Home Care, Inc.*

**Certificate of Service**

    The undersigned certifies that today he filed the foregoing motion on ECF which will send electronic notification to all attorneys registered for ECF-filing.

| | |
|---|---|
| DATED: May 3, 2017 | /s/ Christopher A. Bandas<br>Christopher A. Bandas |