IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERARDO ARANDA, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 12 C 4069 |
| CARIBBEAN CRUISE LINE, INC., et al., | ) ) ) |
| Defendants. | ) |

### ORDER ON PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT

Following the Court's approval of a classwide settlement in this case, the settlement administrator screened about 76,000 claims, approving about 58,000 and denying about 18,000. The settlement agreement ("SA") allows the parties to challenge the administrator's determination. Specifically, it says that defendants and the class representatives "will have the right to challenge the number of calls received by each Settlement Class Member that are eligible for payment." SA § 5.3. Challenges are determined by the special master, retired Judge Wayne Andersen (who brokered the settlement), subject to review by the Court.

The approximately 58,000 claims approved by the administrator involve about 184,000 calls. Defendants have challenged about 115,000 of them. Plaintiffs contend that defendants are asserting an *en masse* challenge prohibited by the settlement agreement and that their challenge disregards the three-call-per-class-member presumption established by the agreement. They have asked the Court to intervene to strike defendants' challenges to the extent they are not supported by specific evidence.

The Court overrules plaintiffs' motion. The settlement agreement establishes a

presumption that each class member received three calls. SA § 2.2(a). However, it does not render any claims—in particular claims for "three or fewer" calls—immune from challenge. To the contrary, the agreement permits defendants to challenge the number of calls received by each settlement class member, SA § 5.3, and it says that for class members who submit forms checking the line for three or fewer calls, "the presumption of three (3) calls can be rebutted by Defendants' challenges." SA § 5.4.

The agreement requires challenges to be made "to individual or designated groups of Claim Forms," and it prohibits "'blanket' or 'mass' challenges to all Claim Forms without differentiation." SA § 5.3. Aside from that, however, the agreement does not prescribe any particular form of evidence that a challenge must cite. The Court believes that it is up to the special master, in the first instance, to determine the appropriateness of defendants' challenges and to adjudicate them to the extent he concludes they are appropriate challenges. The Court does not believe it is appropriate to make an advance determination regarding what procedures or standards the special master should follow, including, in particular, what it takes to rebut the three-call presumption. If the special master wishes to apply for instructions from the Court, the Court invites him to do so. Otherwise, the Court will leave determination of defendants' challenges to the special master in the first instance, as the settlement agreement provides.

Date: June 18, 2018

_____
MATTHEW F. KENNELLY
United States District Judge

2