[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**FILED**
8/3/2020
TG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Grant Birchmeier,
or et al

**Plaintiff**

v.
Carni bbean Cruise
Lines, Inc. + et al

**Defendant**

**Case Number:** 1:12-CV-04069

**Judge:** Matthew Kennelly

**Magistrate Judge:** Judge Keys

Motion For Order of Counsel Representation and Order to vacate recent award of Attorneys fees    Page 1

"We do not believe that Class Counsel has an obligation to represent you individually, nor would we advocate for a class member to dilute the payments to the class generally by claiming more calls than the evidence supports. Based on the Court's well-reasoned opinion, we do not believe that you have reasonable grounds for an appeal. For each of these reasons, we will not be handling your appeal."

In reference to the above communication received from Class Counsel in response to my request for Class representation in my appeal, it is shockingly evident that from the time the Special Master's ruling was handed down and Mr. Rauscher called to tell me of the ruling and advised me not to appeal because Class would not file it on my behalf, that they have fought against my claim on a very real discriminatory basis.

First of all, had I not kept close watch on my claim, it never would have made it to a Telephonic Hearing, at all. I was an Option 2 (more than 3 calls - 700 calls) Claimant and in September 2018 received confirmation of my telephonic hearing request and acknowledgement of supporting documents, having been received. Despite that acknowledgement, Telephonic Hearings were held and excluded me from having one. Instead, the Settlement Administrator bumped my claim to an Option 1 status (3 or fewer calls) without ever sending me prior or after-the-fact notice of that action! That action nullified my initial request for a Telephonic Hearing.

But because I was able to make contact with a live person or two to get an update on the status of my requested Telephonic Hearing who were kind enough to inform me that all Telephonic Hearings had been completed and a Final Order was just hours away from possibly being handed down, I knew I had to get an appeal filed right away or else I would have been left with the 1 phone call my claim was bumped down to with no recourse. I was successful in getting contact information for Mr. Rauscher who in turn filed the appeal.

Otherwise, I and the approximately 100 other Claimants who'd also requested Telephonic Hearings but were instead also bumped down to Option 1 Claimants would have been disproportionately disadvantaged with little chance at any post disbursement recovery by not granting us our initial requests for Telephonic Hearings.

For background, I claimed 700 calls. Keeping in mind the entire background surrounding my case mentioned above, Counsel advised me that the Special Master's award of 250 calls was a good award and should not be appealed. I complied. When the Defendants offer for 125 calls was relayed to me, I was in possession of the Settlement Administrator's award letter stating I was awarded 700 calls. When those calls got rescinded, I sent Counsel an email asking to appeal but again Class Counsel would not. When the Defendants again wanted to negotiate with me in March 2020, I asked Counsel to ask the Defendants for an updated offer and Mr. Rauscher refused and stated that I had to make the counter offer, which I did and told Counsel I was open to negotiate the number I gave Mr. Rauscher stated he relayed my offer and didn't hear back from the Defendants and had no explanation why.

Additional page(s) follow

PAGE 1

S/ Daisy Exum

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]